UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD, | § | |
|     Plaintiff | § | |
| vs. | § | |
| | § | |
| ANDREA K. BOURESSA, *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON, MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER, *In his official capacity as Sheriff of Collin County, Texas*, | § § § § § § § | CIVIL ACTION NO. 24-681 |
|  Defendants. | § | |

### PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

ANDREA K. BOURESSA, *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON, MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER, *In his official capacity as Sheriff of Collin County, Texas*, Defendants, and for cause of action would respectfully show the Court as follows:

A    **PARTIES**

    a.    **PLAINTIFF**: Philip Floyd, an individual and citizen of the State of Texas.

    b.    **DEFENDANTS**:

        i.    Andrea K. Bouressa, an individual and citizen of the State of Texas, as well as in her official capacity as a State of Texas District Court Judge for Collin County, Texas, may be served with process of service at 471st District Court, Russell A. Steindam Courts Building 2100 Bloomdale Rd., McKinney, TX 75071.

        ii.    Ryan Hackney, an individual and citizen of the State of Texas, may be

    served with process of service at 1221 McKinney, Suite 2500, Houston, Texas 77010.

  iii. Patrick Yarborough, an individual and citizen of the State of Texas, may be served with process of service at 917 Franklin Street, Suite 220, Houston, Texas 77002.

  iv. Elias Dragon, an individual and citizen of the State of Texas, may be served with process of service at 727 Bent Tree Court, Coppell, Texas 75019.

  v. MMWKM ADVISORS, LLC, is a corporation that is incorporated under the laws of the State of Texas.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process of service by serving it Registered Agent, Kenneth A. Moraif at 2820 Dallas Parkway, Plano, Texas 75093.

  vi. Seth Kretzer, an individual and citizen of the State of Texas, may be served with process of service at 917 Franklin St., 6th Floor, Houston, TX 77002.

  vii. Jim Skinner, an individual and citizen of the State of Texas, as well as in his official capacity as the Sheriff of Collin County, Texas, may be served with process of service at Collin County Justice Center, 4300 Community Ave., McKinney, TX 75071.

B **<u>JURISDICTION</u>**

 a. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

C **VENUE**

    a. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because all defendants are residents of the State of Texas and because a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

D **CONDITIONS PRECEDENT** All conditions precedent have been performed or have occurred.

E **FACTS**

F **COUNT 1**– Violation of 42 U.S. § 1983: At all times relevant, Defendant Bouressa (1) acted under color of state law as a State of Texas District Court judge in Collin County, Texas; and (2) the acts of Defendant Bouressa deprived the Plaintiff of particular rights under the United States Constitution as explained later; and (3) Defendant Bouressa's conduct was the actual cause of Plaintiff's claimed injury. The specific acts of Defendant Bouressa denied Plaintiff his constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution to a fair trial as follows:

    a. On August 1, 2022, Defendant Bouressa, sitting as a State of Texas District Court judge in the 471st Judicial District Court in Collin County, Texas in Cause No. 471-02423-2021, entered a Judgment against Plaintiff for damages of $1,400,340.08, that violated Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.  The judgment was entered without any evidence being offered by the moving party and Defendant Bouressa denied Plaintiff the opportunity to offer evidence in his defense. The official reporter's record of the August 1, 2022, proceeding will

        show that the entire proceeding was rule by judicial fiat and based solely on intuition by Defendant Bouressa without any evidence being offered at the hearing by the moving party.  Defendant Bouressa specifically stated on the record that the August 1, 2022 hearing was not an evidentiary hearing.  The acts of Defendant Bouressa on August 1, 2022, were arbitrary and capricious.

b.     The moving party and Defendants in Count 2, MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon, had obtained an arbitration award and applied to have the award adjudicated in Cause No. 471-02423-2021; styled Philip Floyd, *Plaintiff – Arbitration Respondent,* v. MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon, *Defendants – Arbitration Claimants*.  At the August 1, 2022, hearing, MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon did not appear and failed and refused to offer any evidence of an award.  The failure to offer evidence is fundamental error which MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon failed and refused to cure.  Therefore, the judgment entered by Defendant Bouressa is unsupported by any evidence and is a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.

c.     Additionally, on August 1, 2022, Plaintiff was called as a witness to testify and Defendant Bouressa failed and refused to permit Plaintiff to testify and offer evidence against the entry of a judgment against Plaintiff.  The refusal by Defendant Bouressa to allow Plaintiff to offer any evidence in the hearing was a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.

    d.    Plaintiff was damaged as a direct result of the actions of Defendant Bouressa in that a judgment in the amount of $1,400,340.08 was accessed against him without any evidence being offered by the moving party.

G    **COUNT 2**– Violation of 42 U.S. § 1983, Civil Conspiracy: At all times relevant Defendant Bouressa was acting "under color of state law" as a State of Texas District court judge in Collin County, Texas when she conspired with Defendant Hackney and Defendant Yarborough to deny Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution, the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005). Defendants engaged in a criminal conspiracy under Texas Penal Code §15.02. Criminal Conspiracy, to cover up Defendant Bouressa's violation of the Texas Penal Code Sec. 37.09. Tampering with or Fabricating Physical Evidence.  As a result of the conspiracy, Defendants secured the August 1, 2022 judgment against Plaintiff in the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, by (1) corruption, fraud, or undue means; (2) where there was evident partiality or corruption by Defendant Bouressa; or (3) where Defendant Bouressa was guilty of judicial misconduct in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of Plaintiff have been prejudiced.

    a.    Defendant Bouressa, actions in the conspiracy was with intent to harm Plaintiff by the August 1, 2022, Judgment against Plaintiff in the amount of $1,400,340.08.

    b.    On August 2, 2022, Plaintiff requested that Defendant Bouressa file Findings of Fact and Conclusions of Law regarding what evidence was presented on August 1,

        2022, in support of the Judgment.

c. On August 29, 2022, Plaintiff filed a Notice of Late Filing of Findings of Fact and Conclusions of Law to remind Defendant Bouressa that she needed to file Findings of Fact and Conclusions of Law.

d. On November 16, 2022, when Defendant Bouressa had failed to file the requested Findings of Fact and Conclusions of Law as required by Texas statute, Plaintiff filed Appellant's Motion to Abate and Remand for Entry of Findings of Fact and Conclusions of Law, that is required when a judge continues to refuse to file Findings of Fact and Conclusions of Law in an appeal Mandate with the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, requesting the Court order Defendant Bouressa to file Findings of Facts and Conclusions of Law in Cause No. 05-22-01147-CV.  The 5th Court of Appeals in Dallas subsequently Ordered Defendant Bouressa to file Findings of Fact and Conclusions of Law.

e. On or about December 8, 2022, Defendant Hackney and Defendant Yarborough conspired to provide Defendant Bouressa with falsified findings of facts and conclusions of law in response to the order from the Court of Appeals.

f. On December 9, 2022, in furtherance of the conspiracy, Defendant Bouressa conspired with Defendant Hackney and Defendant Yarborough to file the falsified findings of facts and conclusions of law in the official proceeding with the Texas Fifth Court of Appeals in Dallas, Texas, Appellate Cause No. 05-22-01147-CV.

g. On December 9, 2022, Defendant Bouressa did in fact file a document entitled Findings of Facts and Conclusions of Law with knowledge of its falsity and with intent to affect the course or outcome of the Appellate case and to cover up her

        violations of Plaintiff's constitutional rights as well as her conspiracy with Defendants Hackney and Yarborough.

h.    Said falsified document did in fact affect the outcome of the Appellate case because the Appellate court relied totally on the Findings of Facts and Conclusions of Law filed by Defendant Bouressa.

i.    The act of filing a document with knowledge of the falsity contained in the document is a felony under the Texas Penal Code Sec. 37.09. The covering up of the violation of Texas Penal Code Sec. 37.09, is an act of conspiracy by Defendants under Texas Penal Code §15.02. Criminal Conspiracy.  A criminal conspiracy is also a tort for which all members of the conspiracy are equally liable.

j.    On March 6, 2023, in furtherance of the conspiracy Defendant Hackney and Defendant Yarborough filed Appellees Brief in Appellate Cause No. 05-22-01147-CV, which restated the false elements of the falsified Findings of Facts and Conclusions of Law previously filed by Defendant Bouressa that all Defendants knew to be false at the time.

k.    At all times relevant, Defendant Hackney and Defendant Yarborough were attorneys representing Defendant MMWKM ADVISORS, LLC and Defendant Dragon.  Defendant MMWKM ADVISORS, LLC and Defendant Dragon had intentionally and knowingly granted Defendant Hackney and Defendant Yarborough the authority to act on behalf of Defendant MMWKM ADVISORS, LLC and Defendant Dragon in all interactions with Defendant Bouressa and against Plaintiff.

l.  At all times relevant to the submission of the falsified Findings of Facts and Conclusions of Law, Defendant Hackney and Defendant Yarborough were acting within the scope and the authority granted by Defendant MMWKM ADVISORS, LLC and Defendant Dragon.

m.  On June 9, 2023, the conspiracy was joined by Defendant Kretzer when he was appointed Receiver in violation of Plaintiff's constitutionally protected procedural due process rights and under Texas law.  At all times relevant Defendant Kertzer knew there had been no evidence to support the appointment of a receiver. Nevertheless he undertook to use his position to further maliciously damage Plaintiff in subsequent proceedings.

n.  On August 7, 2023, Defendant Kretzer conspired with Defendant Hackney and Defendant Yarborough to entice Defendant Bouressa to sign an Amended Order Appointing Receiver without offering any evidence regarding the proposed Amended Order Appointing Receiver in violation of Plaintiff's constitutionally protected due process rights.  As a result of the August 7, 2023, hearing, on August 12, 2023, Defendant Bouressa signed an Amended Order Appointing Receiver that purported to deprive Plaintiff of his property.

o.  On October 23, 2023, Defendant Kretzer and Defendant Yarborough made false statements to Defendant Bouressa regarding Plaintiff's violation of the August 12, 2023, Amended Order Appointing Receiver.  As a result, Defendant Bouressa threatened to hold Plaintiff in contempt and confine him in jail.

p.  On or about November 2, 2023, in furtherance of the conspiracy Defendant Kretzer filed a motion for Plaintiff to show cause why he should not be held in

contempt for failing to turnover to Defendant Kretzer property of Plaintiff.

q. On or about November 17, 2023, Defendant Bouressa scheduled a show cause hearing for December 6, 2023, as to why Plaintiff should not be held in contempt and placed in the county jail.

r. On December 6, 2023, a show cause hearing was held. Although, Defendant Bouressa did not conduct the hearing, a visiting judge, Ray Wheless, conducted the hearing. Defendants Kretzer and Yarborough in furtherance of the conspiracy to damage Plaintiff, vigorously argued that Plaintiff should be held in contempt and jailed; Judge Wheless did not find Plaintiff in contempt.

s. On February 21, 2024, Defendant Bouressa, Defendant Hackney, Defendant Yarborough, Defendant MMWKM Advisors, Defendant Dragon, and Defendant Kretzer in furtherance of the conspiracy wrongfully seized $35,000 from Plaintiff. The seizing of $35,000 from Plaintiff violated Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution. The seizing of $35,000 was ordered by Defendant Bouressa without any evidence being offered or entered into the official reporter's records for the court as a direct result of the actions of Defendant Bouressa. The entry of a judgment taking Plaintiff's property without any evidence is a violation of the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005).

t. At all times relevant, Defendant Hackney, Defendant Yarborough and Defendant Kretzer were attorneys at law licensed in the State of Texas and as such owed a

PAGE 9

        duty of candor to Defendant Bouressa as a judge.  Defendants Hackney, Yarborough and Kretzer intentionally and knowingly violated their duty of candor to Defendant Bouressa by pointing out at the appropriate times that they were requesting her to violate Plaintiff's constitutionally protected due process rights by not presenting evidence to support the August 1, 2022 Judgment, the June 9, 2023 Order Appointing Receiver, the August 12, 2023 Amended Order Appointing Receiver and the February 21, 2024 Order Seizing $35,000 Check.  The actions of Defendants Hackney, Yarborough and Kretzer were violations of Texas Rules of Professional Responsibility, Rule 804(a)(3)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

u. On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa.

v. The fraud, corruption and/or undue means used by Defendant Bouressa as shown above were calculated and deliberate and fully participated in by overt acts by all other named Defendants.

## H  **DAMAGES**

a. Plaintiff has been damaged as follows:

    i. $1,400,340.08 wrongful judgment against him.

    ii. $35,000 seized on February 21, 2024.

          iii.      Attorneys fees and cost of $250,000.

   b.      Plaintiff seeks punitive or exemplary damages of $10,000,000.

I    **DEMAND FOR JURY TRIAL**

   a.      Plaintiff hereby requests a jury trial on all issues raised in this complaint.

J    **ATTORNEYS FEES AND COSTS**

   a.      Plaintiff is entitled to an award of attorneys fees and costs.

K    **PRAYER**

   a.      As to Count 1, Plaintiff asks this Court to declare the August 1, 2022, Judgment in the 471st Judicial District Court in Collin County, Texas in Cause No. 471-02423-2021, entered a Judgment against Plaintiff damages of $1,400,340.08, be vacated and declared void as a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.

   b.      As to Count 2, for the reasons stated above, Plaintiff asks for judgment against Defendants for the following:

          i.       Actual Damages incurred by Plaintiff;

          ii.      Prejudgment and Postjudgment interest;

          iii.     $250,000 for reasonable attorneys fees;

          iv.     Punitive or exemplary damages of $10,000,000;

          v.      Cost of suit; and

          vi.     All other relief the Court deems appropriate.

L    **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

**/s/ *Douglas T. Floyd***
DOUGLAS T. FLOYD
Attorney for Plaintiff
6521 Preston Rd., Suite 100
Plano, Texas 75024
214-704-7081
877-846-3149 Fax
SBN: 07181700
Lawyerfloyd@aol.com