IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD<br>　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:24-cv-00681 |
| ANDREA K. BOURESSA, In her official capacity as a State of Texas District Court Judge for Collin County, Texas; *et al.*,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | |

**JUDGE BOURESSA'S MOTION TO DISMISS**

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Judge Andrea Bouressa ("Judge Bouressa") and files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

**I.
INTRODUCTION**

Plaintiff Philip Floyd ("Plaintiff") filed a complaint naming Judge Bouressa as defendant, despite the style of this case, in *both individual and official capacities*. (Doc. 1, ¶ A.b.i: "Andrea K. Bouressa, *an individual* and citizen of the State of Texas, *as well as in her official capacity*…") (emphasis added). Judge Bouressa is the Presiding Judge of the 471st District Court of Collin County, Texas. (Doc. 1, ¶ A.b.i and ¶ F.a). Plaintiff's claims against Judge Bouressa are based solely on Judge Bouressa's judicial decisions in pending state court proceedings in the 471st District Court in Collin County. (Doc. 1). Plaintiff alleges violations of the Fifth and Fourteenth Amendments U.S. Constitution, pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 3-10). Plaintiff also seems to allege that Judge Bouressa committed fraud and violated the Texas Penal Code. (Doc.

*Judge Bouressa's Motion to Dismiss*　　　　　　　　　　　　　　　　　　　　　　　　　1

1, pp. 5, 7, and 10). Plaintiff seeks equitable relief in the form of vacating the state court judgment and also seeks monetary relief. (Doc. 1, p. 11).

This lawsuit is only the latest in a series of attacks on the state court judgment. Plaintiff's appeal of the state court judgment is ongoing as of the filing of this Motion[1]. Plaintiff has also unsuccessfully appealed both the judgment and a subsequent Amended Order Appointing Receiver. *See Floyd v. MMWKM Advisors, LLC*, No. 05-22-01147-CV, 2023 WL 8595693 (Tex. App.- Dallas Dec. 12, 2023), *rev. denied* (July 12, 2024) (pet. for rehg. filed July 17, 2024); *Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 WL 549036, at *1 (Tex. App.- Dallas Feb. 12, 2024). Plaintiff has additionally unsuccessfully attempted to mandamus Judge Bouressa twice. *In re Floyd*, No. 05-24-00192-CV, 2024 WL 807171 (Tex. App.- Dallas, Feb. 27, 2024); *In re Floyd*, No. 05-23-01184-CV, 2023 WL 8230621 (Tex. App.- Dallas, Nov. 28, 2023). Further, Plaintiff has unsuccessfully tried to mandamus Justice Bonnie Goldstein of the Fifth Court of Appeals related to the opinion she issued[2].

Judge Bouressa has recused from further involvement with Plaintiff's state court case[3].

---

[1] Courts may judicially notice facts that "[are] generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Judge Bouressa asks this Court to take judicial notice of this fact, as Plaintiff's state court case is before the Supreme Court of Texas, which is considering Plaintiff's Motion for Rehearing after his Petition for Review was denied. This can be confirmed by the online docket for that case, maintained by the Supreme Court and the Office of Court Administration at https://search.txcourts.gov/Case.aspx?cn=24-0163&coa=cossup, last checked on August 2, 2024.

[2] Although the denial of mandamus against Justice Goldstein is not available on Westlaw at this time, the docket on the Supreme Court's website reflects the denials of a petition for writ of mandamus and a rehearing of the denial. Judge Bouressa asks this Court to take judicial notice of this fact, and the docket is publicly available at https://search.txcourts.gov/Case.aspx?cn=24-0337&coa=cossup, last checked on August 2, 2024.

[3] Judge Bouressa asks this Court to take judicial notice of this fact, available on Collin County's website at https://apps2.collincountytx.gov/JudicialOnlineSearch2/case/306de256-bc19-4071-97ba-04e06a6717cb, last checked on August 2, 2024. Judge Bouressa recused on June 6, 2024,

Plaintiff's claims against Judge Bouressa must be dismissed because:

1. Plaintiff's official capacity claims are Barred by the Eleventh Amendment;

2. Plaintiff's claims against Judge Bouressa are Barred by Judicial Immunity;

3. Plaintiff's claims are barred by the *Younger* doctrine;

4. Plaintiff lacks standing for equitable relief or criminal claims, and

5. Plaintiff fails to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the Plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading

---

and Judge Benjamin N. Smith of the 380th District Court is currently presiding over the matter, pursuant to a transfer order of June 7, 2024.

as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### III.
### ARGUMENT AND AUTHORITIES

**A.     Official Capacity Claims are barred by the Eleventh Amendment**

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

**1.  Entitlement to Sovereign Immunity**

The 471st District Court of Collin County, Texas is a state entity created by statute. *See* GOV'T CODE § 24.60094. As Presiding Judge of the 471st District Court of Collin County, Judge Bouressa is a state official entitled to Texas' sovereign immunity under the Eleventh Amendment.

**2.  Claims are Barred By Sovereign Immunity**

Plaintiff's federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996). In some circumstances, injunctive relief is available, but this requires an ongoing constitutional violation and the seeking of prospective relief. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Here, Plaintiff has not alleged any ongoing constitutional violations. (Doc. 1).

To the extent that Plaintiff intended to assert state tort claims of fraud (or any other state tort claim), those are also barred by sovereign immunity. The Texas Tort Claims Act (TTCA) is

the only avenue for recovery against a governmental defendant. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 6597 (Tex. 2008). Plaintiff does not identify any waiver of immunity in the TTCA that would apply to any of his claims. The Texas Tort Claims Act contains a limited waiver of sovereign immunity, but that waiver only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (holding the Texas Tort Claims Act "waives sovereign immunity in state court only"). Moreover, the Texas Tort Claims Act does not waive Texas' sovereign immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2). Further, any waiver of tort immunity is inapplicable to judges:

```
JUDICIAL.  (a)  This chapter does not apply to a claim
based on an act or omission of a court of this state or
any  member  of  a  court  of  this  state  acting  in  his
official  capacity  or  to  a  judicial  function  of  a
governmental unit. "Official capacity" means all duties
of  office  and  includes  administrative  decisions  or
actions.
```

TEX. CIV. PRAC. & REM. CODE § 101.053.

Plaintiff's claims against Judge Bouressa in her official capacity are barred by sovereign immunity, and Judge Bouressa is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(1).

**B.      Judicial Immunity**

Judge Bouressa has judicial immunity from Plaintiff's claim for monetary damages. "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

"The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney*, 904 F.2d at 274.

Plaintiff admits that Judge Bouressa is the Presiding Judge of the 471st Judicial District Court of Collin County, Texas. (Doc. 1, p. 4). Plaintiff's only complaints about Judge Bouressa indisputably involve her exercise of judicial functions, specifically holding hearings, entering orders, and making rulings on the admissibility of evidence and testimony. (Doc. 1). Plaintiff specifically complains that Judge Bouressa:

- held a non-evidentiary hearing and entered a final judgment against Plaintiff, accepting an arbitration award without accepting live testimony. (Doc. 1, ¶¶ F.a-c).
- filed Findings of Fact and Conclusions of Law with which Plaintiff disagreed (Doc. 1, p. 6, ¶ G.g),
- held other hearings and signed an Amended Order Appointing Receiver (p. 8, ¶¶ G.m-n),
- scheduled a show cause hearing that a different judge presided over (p. 9, ¶¶ G.q-r), and
- ordered seizure of property related to the judgment and arbitration award. (p. 9, ¶ G.s)

These are indisputably judicial acts. Moreover, the state court proceeding was initiated by Plaintiff, who invoked the jurisdiction of Judge Bouressa and the 471st District Court. *See Floyd v. MMWKM Advisors, LLC*, No. 05-22-01147-CV, 2023 WL 8595693, at *1 (Tex. App.- Dallas Dec. 12, 2023), *review denied* (July 12, 2024) (pet. for rehg. pending) ("On May 7, 2021, **Floyd filed in Collin County district court a petition** for declaratory judgment seeking a declaration that the liquidated damages clause in the Agreement was an unenforceable penalty provision not based on any actual damages") (emphasis added). Plaintiff cannot invoke Judge Bouressa's jurisdiction and then pretend she had none. As all actions alleged to have been performed by Judge

Bouressa were performed in a case pending before her, they were not taken in the absence of all jurisdiction, as that term applies to judicial immunity. Plaintiff's claims are barred by Judicial Immunity and Judge Bouressa is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(6).

## C. The *Younger* Abstention Doctrine

Additionally, as Plaintiff complains about ongoing state court proceedings, his claims are barred by the *Younger* abstention doctrine. In *Younger v. Harris*, the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971).

The Fifth Circuit has held that *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

Plaintiff's claims against Judge Bouressa arise directly from an "ongoing state judicial proceeding" while the various appeals still continue[4], as discussed *supra*, and Plaintiff specifically asks this Court for the same relief he seeks on appeal: to vacate the judgment and orders of Judge

---

[4] If the appeals were not still pending, the orders of Judge Bouressa would be final judgments and Plaintiff's case would be barred by the *Rooker-Feldman* doctrine, which bars a federal court from entertaining collateral attacks on state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *Id*. (citing *Feldman*, 460 U.S. at 482); *see also Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam). Here, Plaintiff asks this Court to vacate state court judgment and it is difficult to think of anything more "inextricably intertwined" with a state court judgment. (Doc. 1, p. 11, ¶ K.a).

Bouressa in that ongoing state court judicial proceeding. (Doc. 1, p. 11, ¶ K.a). As this Court has repeatedly recognized, "while on appeal, the *Younger* abstention doctrine precludes Plaintiff's collateral attack of the pending state law" proceeding. *See Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted,* No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) (Mazzant, J.); *see also Bowling v. Roach*, No. 4:19-CV-144-ALM-CAN, 2019 WL 7559787, at *5 (E.D. Tex. Aug. 8, 2019), *report and recommendation adopted,* No. 4:19-CV-144, 2019 WL 5703913 (E.D. Tex. Nov. 5, 2019), *aff'd,* 816 F. App'x 901 (5th Cir. 2020) ("the *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate procedure has not been exhausted")(citation omitted).

For the second prong, it is unquestioned that Plaintiff's allegations involving allegedly unlawful acts committed by a judge or a court, implicate important state interests as a matter of law. *See, e.g., Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted,* No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ("Plaintiff's allegations implicate important state interests, such as unlawful acts allegedly committed by its law enforcement officers, city officials, and judges").

Finally, as a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) (emphasis added). Plaintiff also has a full opportunity to raise his constitutional challenges in the Texas state courts on direct appeal. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Because the elements of the *Younger* doctrine are met here, this Court should dismiss Plaintiff's lawsuit, pursuant to Fed. R. Civ. P. 12(b)(1).

### D. Plaintiff lacks Standing for Equitable Relief or Criminal Claims

Plaintiff lacks standing with respect to specific claims for equitable relief or any allegation of violation of the Texas Penal Code.

#### 1. Equitable Relief

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, Plaintiff's request for equitable relief from Judge Bouressa (Doc. 1, p. 11, ¶ K.a) will not redress any alleged injury because Judge Bouressa has recused herself from further involvement with the state court proceeding and does not have the ability to vacate or alter the state court judgment. As a result, Judge Bouressa cannot provide the relief Plaintiff seeks, depriving Plaintiff of standing. For this reason, Plaintiff's equitable claims should be dismissed. *See Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (en banc) ("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in federal court").

#### 2. Criminal Claims

Plaintiff seems to allege violations of the Texas Penal Code, specifically §§ 15.02 and 37.09. There is no private right of action under these statutes. See *Taylor v. One Presently Unknown*, No. 3:06-CV-2118-B ECF, 2007 WL 9717269, at *5 (N.D. Tex. July 11, 2007) (no

private right of action for alleged violations of the Texas Penal Code, specifically including §§ 15.02 and 37.09, among others). Indeed, as a matter of law, Texas does not recognize private causes of action for Penal Code violations. *See, e.g., Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp. 3d 515, 524 (S.D. Tex. 2018); *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F.Supp.2d 828, 836 (W.D. Tex. 2013) (quoting *Hamilton v. Pechacek,* 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he Texas Penal Code does not create a private cause of action."); *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) (no private cause action for penal statute unless Legislature has clearly granted standing to bring such actions).

Accordingly, Plaintiff lacks standing to bring any criminal claims against Judge Bouressa, and they should be dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

### E.     Plaintiff Fails to State a Claim for Which Relief May Be Granted

As a matter of law, Plaintiff has failed to state a claim against Judge Bouressa. Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to Judge Bouressa. *Twombly*, 550 U.S. at 555. These claims must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff alleges no specific facts from which this Court could infer liability on the part of Judge Bouressa under any legal theory. A judge presiding over contested litigation and ruling for one party instead of another is not a Constitutional violation. It is the definition of being a judge. Plaintiff's personal dissatisfaction with the decisions Judge Bouressa made is NOT a violation of the Fifth or Fourteenth Amendment. (Doc. 1).

Moreover, even if Plaintiff brought viable claims under 42 U.S.C. § 1983 (and he did not), the Cour no party to this action, including Judge Bouressa, could provide the injunctive relief Plaintiff seeks. (Doc. 1, p. 11, ¶ K.a). Plaintiff "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial

officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed. Appx. 290, 291 (5th Cir. 2014).  Moreover, Judge Bouressa has recused from further post-judgment proceedings, rendering such relief a complete impossibility against any party. Plaintiff brings federal claims under 42 U.S.C. § 1983. That statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated, or declaratory relief was unavailable</u>.

42 U.S.C. § 1983) (emphasis added). But Plaintiff has not alleged that a decree was violated or alleged facts to suggest that declaratory relief was unavailable. For all of these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.
## CONCLUSION

This Court should dismiss Plaintiff's claims against Judge Bouressa.  Jurisdictional barriers prohibit Plaintiff's suit, including Eleventh Amendment and judicial immunity to Plaintiff's suit, and Plaintiff's failure to state a claim on which relief may be granted.

WHEREFORE, Judge Andrea Bouressa prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

ATTORNEYS FOR DEFENDANT JUDGE ANDREA BOURESSA

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Bouressa's Motion to Dismiss* was served on the **8th day of August, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General