**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **PHILIP FLOYD,** | § | |
| v. | § | **4:24-CV-681** |
| | § | |
| **SETH KRETZER, RECEIVER** | § | |

---

### RECEIVER'S MOTION TO DISMISS
---

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Seth Kretzer, Receiver and files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

### INTRODUCTION

**A.    Philip Floyd Is A Certified Financial Planner- And A Financial Deadbeat**

A "Certified Financial Planner Practitioner" in Dallas, Mr. Floyd's website informs his current and prospective clients that:

> My mission in life is to serve my clients holistically. To me, this means addressing every area of financial planning, including tax, estate, education, retirement, insurance, and investments. As a Certified Financial Planner (CFP®) Practitioner, they are all equally important.

https://worthassetmgmt.com/about-us/#leadership/ (last visited August 31, 2023).

Mr. Floyd's website also declares to all visitors:

I always strive to avoid significant losses.

*Id.*

What Mr. Floyd's clients and prospects may not know is that his personal financial strategy for "avoid[ing] significant losses" is to thumb his nose at his creditors and circumvent court orders designed to hold him accountable. In extreme circumstances like these, Texas law provides for court-appointed receivers, and where there are non-exempt assets available for collection owned by a wealthy "certified financial planner", there is perhaps no more appropriate tool forcourts to enforce their judgments. TEX. CIV. PRAC. & REM. CODE ANN § 31.002.

Though Mr. Floyd boasts online that his "time is spent traveling anywhere and everywhere together simply for new experiences," *id.*, he nevertheless has obligations that are closer to home, in Texas courts.

### B.    The State Trial Court Appointed A Turnover Receiver When Debtor Floyd Made Clear He Would Neither Pay A Penny On the Judgment Or Try to Post A Bond

In early 2023, a Houston attorney, Seth Kretzer, was appointed by Judge Bouressa of the 471st District Court of Collin County to collect a judgment arising from a confirmed arbitration award under the Texas Turnover Statute. At all times, Judgment Debtor Philip Floyd [a licensed

financial professional] has been represented by his father, Douglas Floyd, although some other attorneys such as Gerrit Pronske of SPENCER FANE have made periodic appearances in court and on court filings.

The judgment and turnover order were affirmed by the Dallas Court of Appeals in early 2024:

> Appellees produced evidence that Floyd owned non-exempt property and that Appellees had an unpaid final judgment against Floyd. Therefore, the trial court did not abuse its discretion in appointing a receiver under § 31.002.

*Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 Tex. App. LEXIS 1089, *4 (Tex. App.—Dallas Feb. 12, 2024).

It should be noted that no supersedeas bond was ever posted, nor was any motion to set a reduced bond ever filed.  From the outset, the Floyds made clear in court that they were not going to pay a penny:

```
18        THE COURT:  Is there any intention on the
19   part of the plaintiff to supersede the judgment at this
20   point?
21        MR. FLOYD:  No, Your Honor.
```

## C.    The $35,000 Turnover Order

What appears to have precipitated this frivolous federal civil rights lawsuit was Judge Bouressa's February 21, 2024 written order to turnover a $35,000 commission check paid by American General Life Insurance

Company.   A copy is attached as Exhibit "A".   Atypically, Debtor Floyd actually complied; this $35,000 is held in Receiver Kretzer's trust account though a motion to remit it to the judgment creditor is on file.

**D.     Judge Bouressa Recuses When She Referred Attorney Floyd To The State Bar**

To continuously defraud the judgment creditor and to avoid the teeth of the turnover order, Debtor Floyd has kept changing his compensation structure with Worth Asset Management.  A hearing was held June 6, 2024. But no motion was not heard, because Judge Bouressa announced she was recusing herself and referring Attorney Floyd to the state bar:

> THE COURT: We will not be proceeding today on the matters that are currently set before the Court. We cannot proceed today on the matters set before the Court, and that is because I have become aware that counsel for Plaintiff, Mr. Douglas Floyd, has engaged in certain conduct outside of these proceedings that appears to me to be an attempt at personal retaliation against me for adverse rulings, and appears to be a groundless and unconscionable attempt to influence the rulings in this case.

Transcript attached as Exhibit "B".

While it was not clear to the undersigned at the June 6 hearing if Attorney Floyd had conveyed an actual extortion threat- the Complaint filed in this Court leaves little doubt on that score.  More specifically, Attorney Floyd approached the county sheriff to 'criminally investigate' the presiding

judge for her adverse rulings.  Receiver Kretzer did not learn these facts
until the 1983 suit was filed.

The obvious implication is that the Floyds filed this 1983 lawsuit to
front-run the pending State Bar investigation and (they hope) to keep the
United States Attorney's Office in this District away from investigating
them for their (wholly unsuccessful) attempts to influence a state judicial
officer and the county sheriff.

## I.     STANDARD OF REVIEW

A  complaint  must  be  dismissed  if  the  court  lacks  subject  matter
jurisdiction over the Plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the
plaintiff fails to state a claim upon which relief may be granted, Fed. R. Civ.
P. 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the
same  standard  as  under  rule  12(b)(6). *See Home Builders Assoc. of
Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). To
avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief
that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has
facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal,* 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## II.  JURISDICTION: PLAINTIFF FLOYD HAS NO "INJURY" INCIDENT TO A RECEIVER'S COLLECTION EFFORTS UNDER AN [AFFIRMED] TURNOVER ORDER

Under Rule 12(b)(1), "a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  In defending against a 12(b)(1) motion, the plaintiff, as the party asserting jurisdiction, bears the burden of proving that jurisdiction exists.  *Id*.  "The party asserting jurisdiction bears the burden of proof and must establish, by a preponderance of the evidence, that the court has jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020).

> A plaintiff must have Article III standing to maintain an action in federal court.  To establish Article III standing, the plaintiff must show (among other things) that he has suffered an 'injury in fact.' An injury-in-fact constitutes 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing an injury-in-fact. [T]he jurisdictional issue of standing is a legal question for which review is *de novo*.

*Wendt v. 24 Hour Fitness USA, Inc*., 821 F.3d 547, 550 (5th Cir. 2016).

Receiver contends that as much as Mr. Floyd may dislike the turnover order- and the appellate opinion affirming it- there is no generalized standing for citizens who are unhappy with the administration of the laws. In other words, having lost in the Texas state courts of appeals, he cannot claim a federal civil rights violation and get dragoon this Court into acting as some sort of super-Texas Supreme Court where he can make his objections afresh.

This standing principle holds under both Texas law and federal law. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 7 (Tex. 2011) ("[A] citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts.") and *Allen v. Wright*, 468 U.S. 737, 754, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984) ("This Court has repeatedly held that an asserted right to have the

Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction...).

However grievous Mr. Floyd feels about his perceived maladministration of the laws by Collin County elected officials, there is simply no jurisdictional basis for this suit against an appointed receiver.

## III. DERIVED JUDICIAL IMMUNITY

"Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis v. Tarrant Cty*., 565 F.3d 214, 228 (5th Cir. 2009)*; see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

Mr. Kretzer was at all times acting as a court appointee.  This is very significant because a receiver acts not as an agent of a creditor or any other party but instead is an 'officer of the court, the medium through which the court acts.' *Zarate v. Sun Operating Ltd., Inc*., 40 S.W.3d 617, 622 (Tex. App.—San Antonio 2001, pet. denied) ("We find that Lino Perez, as a receiver in this case, was not a party who claimed an interest in the subject matter of this litigation."); *Gutman v. De Giulio*, No. 05-20-00735-CV, 2022 Tex. App. LEXIS 1357, *10 (Tex. App.—Dallas Feb. 25, 2022, no pet. h.) ("[T]he Receiver was not seeking personal relief as a party; his authority to act was

derived from his appointment by the court."); *Anderson & Kerr Drilling Co. v. Bruhlmeyer*, 115 S.W.2d 1212, *14 (Tex. Civ. App. 1938) ("A 'receiver' is defined as an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation...". ).

It is a little hard to see how Floyd is complaining about anything other than Texas state court orders which were affirmed on appeal.  In other words, all acts complained about are categorically judicial in nature.

The hallmark Fifth Circuit case concerning receivers and derived judicial immunity is *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 376 (5th Cir. 1995):

> The pleadings establish that Raborn, as a court appointed receiver, is entitled to derivative judicial immunity from the Davises' federal and state law damage claims.

Receiver contends that the only legal difference between this holding and the necessary outcome in the case *sub judice* is that his name is "Kretzer" not "Raborn"- and the plaintiff's name is not "Davis" but "Floyd." As a factual matter, the important difference is that unlike Plaintiff Davis, only the Floyds apparently tried to influence two elected state officeholders.

CONCLUSION

This Court should dismiss Plaintiff's claims against Receiver Kretzer.

Respectfully submitted,

**Law Office of Seth Kretzer**

*/s/ Seth Kretzer*
Seth Kretzer
State Bar No. 24043764
917 Franklin; Sixth Floor
Houston, TX 77002
Phone: (713) 775-3050
Email: seth@kretzerfirm.com

*SETH H. KRETZER, RECEIVER*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true, correct, and complete copy of the foregoing was transmitted to al counsels of record via ECF on August 18, 2024.

/s/ Seth Kretzer
Seth Kretzer