**Exhibit "A": Order Signed February 2024**

Cause No. 471-02423-2021

| | | |
|---|---|---|
| PHILIP FLOYD, | § | IN THE DISTRICT COURT |
|    Plaintiff – Judgment Debtor, | § § § | |
| v. | § § | 471ST JUDICIAL DISTRICT |
| MMWKM ADVISORS, LLC, Series ERD, I, and ELIAS DRAGON, | § § § § | |
|    Defendants – Judgment Creditors. | § | COLLIN COUNTY, TEXAS |

## ORDER FOR TURNOVER OF $35,000 CHECK FROM AMERICAN GENERAL LIFE INSURANCE COMPANY

ON THIS DAY the Court considered the *Receiver's Motion for Turnover Order to Debtor Floyd,* and finds that Receiver, Seth Kretzer, is entitled to this *Order for Turnover*. The Court finds as follows:

Debtor Floyd possesses a check for $35,000 drawn on the account of American General Life Insurance Company.

This $35,000 check is a paid commission to Floyd which is not exempt and is subject to turnover. This finding is based upon the face of the document.

The Court declined Debtor Floyd's request for an evidentiary hearing to establish that the check should be otherwise characterized, based on the Court's determination that such evidence was not necessary and based on the history of delay tactics, misrepresentations, and lack of candor to the Court on behalf of Debtor Floyd.

Specifically, the Court received a "Notice of Stay" filed on behalf of Debtor Floyd which sought to invoke, unilaterally, an interlocutory stay based on Debtor Floyd's ongoing appeal of a post-judgment receivership order. Counsel offered no legal authority as to how a statutory stay of interlocutory orders was applicable to a post-judgment receivership order. The Court finds that counsel's objection to the hearing on that ground lacked any merit, and was made frivolously and groundlessly, for purposes of delay.

The Court further notes that Debtor Floyd made two alternative arguments for characterization of the check during today's hearing, neither of which being consistent with the representations of the same attorney in his written correspondence to opposing counsel about the check. Likewise, Debtor Floyd previously allowed a hearing to proceed concerning whether certain contractual payments were subject to the receivership order despite knowing that the contract at issue had already been re-negotiated by Debtor Floyd for the purpose of creating an employment relationship between the contracting parties for the benefit of Debtor Floyd, without mentioning such fact to the Court at the time of the hearing.

On such a history, the Court declined Debtor Floyd's request to offer testimony by Debtor Floyd to further change the characterization of money flowing to Debtor Floyd, and instead adopted the characterization of the check as represented on its face: a paid commission, which the Court finds is not exempt.

IT IS THEREFORE ORDERED that Receiver's Motion for Turnover Order to Debtor Floyd, LLC is GRANTED.

IT IS FURTHER ORDERED that Debtor Floyd shall deliver to Receiver the $35,000 check, fully endorsed, within three (3) business days of this Order, as required under the specific terms of the August 12, 2023 Amended Order Appointing Receiver.

SIGNED February 21, 2024.

*Andrea Bouressa*

HON. JUDGE ANDREA BOURESSA
471ST DISTRICT COURT
COLLIN COUNTY, TEXAS