IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD, | § | |
| v. | § | 4:24-CV-681 |
| | § | |
| SETH KRETZER, RECEIVER | § | |

_____

### RECEIVER'S REPLY TO FLOYD'S RESPONSE TO MOTION TO DISMISS
_____

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Seth Kretzer, Receiver and files this Reply to Floyd's Response To Motion To Dismiss [Doc. No. 26].

### I.   FLOYD'S RESPONSE EVISCERATES ANY CONTENTION THAT HE HAS STATED A "PLAUSIBLE" CLAIM

Receiver Kretzer recognizes that "unsubstituted assertions" is the standard at the summary judgment stage; at the motion to dismiss stage, the standard is mere plausibility.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Summary judgment cannot be defeated through conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576 (5th Cir. 2021).

But if there were any doubt on the score as to the plausibility of Floyd's complaint, it is hard not to notice that the (patently absurd) contentions that the presiding state judge, a visiting judge, the appointed receiver, and the parties fabricated court orders [see Doc. No. 26, p. 2 "Defendant Bouressa is fabricated"] the "exhibits" to his Response are pretty much dispositive on the issue.

On page 11, Attorney Floyd submits his own "affidavit" which reads:

> I have examined the original record filed in the trial court and the copies of each and every document in the Exhibits and the Reporter's Record and I swear under penalty of perjury that they are true and correct copies of the originals.

And if that were not enough to seal the deal, the copies of the orders he attaches in the following pages contain the computer-generated service lists where all the attorneys received copies at the time of the respective filings.  Also included are some of the transcripts leading up to these orders.

In sum, Floyd's theory of this case reduces to his obsessive fixation that official copies of court documents were "fabricated."  But in Floyd's delusion, "fabrication" really just means 'I lost, so I decided to lean on the state judge to reverse herself by filing a phony report with the county sheriff.'

## II.  Floyd Is Asking This Court To Pretend It Cannot Read The Court Transcripts- Or Even The Dallas Court Of Appeals' Opinion

On page 9, Floyd is adamant: "Counsel for Plaintiff has not been referred to the State Bar by Judge Bouressa."  In point of fact, this is exactly what the presiding judge said she was doing in the June transcript of the June 2024 hearing.  Since state bar grievances are confidential, there is no immediately obvious way to verify that this happened.

But there is also no way to know yet if either Floyd is under criminal investigation.  Only time will tell, but for present purposes of the motion to dismiss, this Court should reject the premise that Floyd has stated a plausible claim when he is basically asking a federal court to pretend that it cannot read state court documents written in English.

Ever more bizarre is this statement also found on page 9:

> The judgment and turnover order were affirmed by the Dallas Court of Appeals in early 2024", Defendant Kretzer states, "Appellees produced evidence that Floyd owned non-exempt property and that Appellees had an unpaid final judgment against Floyd." This is a completely false statement that Defendant Kretzer knows to be false as well as inappropriate in a motion to dismiss.

The problem is that this statement in his motion to dismiss was not Kretzer's polemical argument- this is a direct quote from the Texas Fifth Court of Appeals:

Receiver's Reply In Support Of Motion To Dismiss
Page 3 of 8

> The trial court appointed a receiver in this case to enforce a monetary judgment that the creditors had difficulty satisfying, not because of concerns regarding fraud or corporate misconduct while litigation was pending. Appellees produced evidence that Floyd owned non-exempt property and that Appellees had an unpaid final judgment against Floyd. Therefore, the trial court did not abuse its discretion in appointing a receiver under § 31.002. *See Sheikh*, 248 S.W.3d at 387.

*Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 Tex. App. LEXIS 1089, *4 (Tex. App.—Dallas Feb. 12, 2024, no pet. h.).

### III.  FLOYD HAS NO ARTICLE III STANDING TO COMPLAIN ABOUT STATE COURT ORDERS HE DISLIKES – BUT WHICH HAVE BEEN AFFIRMED ON APPEAL

The word "standing" never appears in the Response brief- the closest it seems to get is page 1, where Floyd reassures "Defendant is simply mistaken." While that might be the most self-serving statement in the history of federal motions practice, Kretzer still maintains that this case should be dismissed on jurisdictional grounds even before the 12(b)(6) analysis.

Simply stated, if Floyd can come into federal court on a 1983 claim on the basis that he lost in state court, there would be no standing/jurisdictional bar to millions of unsuccessful litigants in state courts across the country coming into federal court to sue the state officials they dislike.  The Supreme Court has repeatedly held that there is no generalized standing for citizens to come into federal court claiming some generalized umbrage- or even passionate belief- that government officials have acted wrongfully. *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("We have repeatedly held

that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing.)"; *Allen v. Wright*, 468 U.S. 737, 754, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ("an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction…").

On page 3, Floyd comes close to making an actual legal argument: "The order being void deprives Defendant Kretzer of any immunity." The problem is that Texas law is completely opposite: even if the turnover order were 'voidable', nothing could make the order 'void' so as to abrogate derived judicial immunity:

> [T]he fact that the turnover order is contrary to a statute or contains errors only makes the judgment 'voidable' and does not give a party the right to circumvent ordinary appellate or other direct procedures to correct it.

*Davis v. West*, 317 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In *Davis v. Bayless, Bayless & Stokes*, our Circuit made clear that the federal analysis as to the propriety of a Texas receiver's actions viz immunity are a function of Texas turnover doctrine:

> The pleadings clearly demonstrate Raborn's entitlement to immunity on the face of the pleadings and she is immune from suit for damages on the Davises' federal law claims. Raborn's entitlement to immunity from suit on Davises' state law claims is a matter of state, not federal, law and requires the same result as to the Davises' state law claims.

70 F.3d 367, 374 (5th Cir. 1995).

While the issue comes up far more often in state court than federal court, there are a lot of Texas cases finding that receivers are immune, and the undersigned cannot find a single case concluding that a receiver acting as a receiver abrogated his immunity. *See, e.g., Wilkinson v. USAA Fed. Sav. Bank Tr. Services*, No. 14-13-00111-CV, 2014 Tex. App. LEXIS 7091, 2014 WL 3002400, at *9 (Tex.App.--Houston [14th Dist.] July 1, 2014, pet. denied) (mem. op) (receiver was entitled to derived judicial immunity where plaintiff alleged claims for defamation, fraud, breach of fiduciary duty, and DTPA violations that he allegedly committed while performing his duties); *Logsdon v. Owens*, No. 02-15-00254-CV, 2016 Tex. App. LEXIS 6171, 2016 WL 3197953, at *4-5 (Tex.App.--Fort Worth June 9, 2016, no pet.) (mem. op.) (receiver who was given broad authority to take control of the parties' property in a divorce proceeding had derived judicial immunity where wife sued him for breach of fiduciary duty, fraud, negligence, and gross negligence in performing his duties), *citing Ramirez v. Burnside & Rishebarger, LLC*, No. 04-04-00160-CV, 2005 Tex. App. LEXIS 6065, 2005 WL 1812595, at *2 (Tex.App.--San Antonio Aug. 3, 2005, no pet.) (mem. op.) (receiver was entitled to derived judicial immunity from plaintiff's claim that he made false representations while performing his duties).

In the long-running saga of the receivers chasing Austin real estate investor Nate Paul, the Eighth Court of Appeals disposed of the argument as follows:

> Parsing out the Super Majority Entities' allegations in their pleadings, however, we find nothing in their claims that would support a finding that the trial court assigned any duties to Milligan outside his role as a receiver, or that Milligan exceeded his authority in performing his duties. First, the Third Court of Appeals has already recognized the duties that the trial court assigned to Milligan—to control the assets and affairs of the Limited Partnerships—were within the prescribed duties of a receiver in accordance with Chapter 11 of the Texas Business and Organizations Code. *WC 1st & Trinity, LP*, 2021 Tex. App. LEXIS 8016, 2021 WL 4465995, at *12, citing Tex.Bus.Orgs.Code § 11.404(a)(1)(A), (C). Moreover, the actions about which the Super Majority Entities complain were all actions Milligan took in performing those duties.

*1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 367-368 (Tex. App.—El Paso 2022, no pet.).

Similarly, 'the actions about which [Floyd] complain were all actions [Kretzer] took in performing those duties.' The only difference is that the case was affirmed by Texas's Fifth Court of Appeals, rather than Eighth Court of Appeals.

## CONCLUSION

Before or after this Court grants to the 12(b) motions to dismiss, a referral should be made of Floyd to the United States Attorney's Office For The Eastern District for attempted extortion of a state judge, and/or to the

Collin County District Attorney's Office for the filing of a phony police report.

Respectfully submitted,

**Law Office of Seth Kretzer**

/s/ Seth Kretzer
Seth Kretzer
State Bar No. 24043764
917 Franklin; Sixth Floor
Houston, TX 77002
Phone: (713) 775-3050
Email: seth@kretzerfirm.com
*SETH H. KRETZER, RECEIVER*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true, correct, and complete copy of the foregoing was transmitted to al counsels of record via ECF on September 1, 2024.

/s/ Seth Kretzer
Seth Kretzer
