IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP FLOYD<br> *Plaintiff*,<br><br>v.<br><br>ANDREA K. BOURESSA, In her official capacity as a State of Texas District Court Judge for Collin County, Texas; *et al.*,<br> *Defendants*. | § § § § § § § § § § § § Case No. 4:24-cv-00681 |

**DEFENDANT JUDGE BOURESSA'S UNOPPOSED MOTION TO STAY DISCOVERY AND VACATE ORDER FOR RULE 16 CONFERENCE**

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Defendant Judge Andrea Bouressa ("Judge Bouressa"), to file this Unopposed Motion to Stay Discovery and Vacate the Order Scheduling the Rule 16 Conference ("Order for a Scheduling Conference"), and respectfully show the Court as follows:

**I.
INTRODUCTION**

Philip Floyd ("Plaintiff"), through his Counsel, indicated on September 3, 2024 that he is unopposed to the granting of a stay of discovery and to vacate the Order for a Scheduling Conference, as proposed in this motion. Co-defendants also indicated they are unopposed.

Plaintiff filed this lawsuit naming (among other defendants) Judge Bouressa, the Presiding Judge of the 471st District Court of Collin County, Texas, as defendant. (Doc. 1, ¶ A.b.i). Claims against Judge Bouressa are based solely on her judicial decisions in state court proceedings pending in the 471st District Court in Collin County at the relevant time period. (Doc. 1).

Judge Bouressa filed her Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), identifying threshold matters of Eleventh Amendment and Judicial Immunity, lack of standing for Plaintiff's suit, and failure to state a claim for relief which this Court could provide. (Doc. 13).  Briefing is not yet complete on this Motion to Dismiss.

On August 29, 2024, this Court filed the Order for a Scheduling Conference, setting a Rule 16 Scheduling Conference for September 29, 2023.  (Doc. 24).

On August 30, 2024, Plaintiff filed his Response to Judge Bouressa's Motion to Dismiss. (Doc. 25).

Judge Bouressa now asks this Court to issue a stay of discovery until the threshold matters raised in her Motion to Dismiss are ruled upon by this court. Judge Bouressa further asks this Court to vacate the Order for a Scheduling Conference (Doc. 24) until the threshold matters raised in her Motion to Dismiss are ruled upon by this Court.

## II.
## MOTION TO STAY

Pursuant to Federal Rule of Civil Procedure 26(c), Judge Bouressa requests that this court stay all discovery in this lawsuit pending the resolution of the threshold issues of immunity and jurisdiction.

The law does not allow Judge Bouressa, to be forced into discovery process when Plaintiff cannot overcome Eleventh Amendment or judicial immunity from suit or establish his own standing to bring suit.

"The Eleventh Amendment is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued." *Alabama v. North Carolina*, 560, U.S. 330, 362 (2010) (citing *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 129, 147 n.5 (1993)).  Similarly, Judicial Immunity provides immunity from suit, not merely from

liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).

As such, the burden of enduring suit, or even the discovery process is very high as a matter of law. *See generally Mitchell v. Forsyth*, 472 U.S. 511 (1985). The Supreme Court has noted the importance of such protection of government time and witnesses in the context of immunity from suit. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of [an immunity from suit] doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

Stays of discovery pending review of immunity questions are proper. *See, e.g.*, *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368 (5th Cir. 1987); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Indeed, engaging in discovery on the merits is not necessary, nor is it proper, prior to ruling on immunity from suit. *See, e.g.*, *Zapata v. Melson*, 750 F.3d 481, 484—85 (5th Cir. 2014) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("'One of the most salient benefits of [an immunity from suit] is protection from pretrial discovery, which is costly, time-consuming, and intrusive.'").

This Court has recognized the propriety of such stays before. A copy of one of the Court's orders is attached as Exhibit A.

In *Petrus*, the plaintiff filed suit against defendants who responded with a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6). In affirming the trial court's decision to stay discovery until the motion to dismiss was ruled upon, the Fifth Circuit noted:

> Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

*Petrus*, 833 F.2d at 581.

Judge Bouressa has demonstrated to this Court that she is immune from Plaintiff's suit. (Doc. 13). As such, Judge Bouressa asserts her right to avoid the burden of discovery. Plaintiff has not met any burden of proof that divests Judge Bouressa of immunity from suit.

In the event that the Court does not stay the proceedings in this case on the basis of the reasoning, *supra*, analysis of several additional factors favors staying the case.

With respect to the merits of Plaintiff's claims, there is no prejudice to Plaintiff if the requested stay is granted. As with the *Petrus* case, allowing Plaintiff to conduct discovery will not provide Plaintiff any response to immunity of Judge Bouressa, cure Plaintiff's failure to establish standing or plead legally cognizable claims against Judge Bouressa.

Conversely, the burden on Judge Bouressa of proceeding in this lawsuit is very high as a matter of law. *See generally Mitchell*, 472 U.S. 511. Judge Bouressa maintains that she is immune from Plaintiff's lawsuit. Judge Bouressa must be free to perform the duties of her office.

Discovery in this case would unduly burden Judge Bouressa by forcing her to endure needless discovery prior to the resolution of threshold immunity issues that have been raised.

If the court grants Judge Bouressa's Motion to dismiss, the staying of discovery will operate to the convenience of the Court. If the Motion is ultimately granted, the needless procedures involved with conducting of contested discovery will provide an unnecessary inconvenience to the Court.

Considering the defects of the action Plaintiff seeks to bring, there is no harm to non-parties if the court addresses the threshold jurisdictional matters prior to requiring discovery. There is no advantage to the public interest in proceeding at this point. The general public is unaware of this action, and it is not a matter which is likely to generate public interest. It cannot be in the interest

of the public to have the Court, non-parties, and Judge Bouressa proceed with needless discovery in pursuit of litigation which is fatally flawed by threshold immunity issues.

When considering a case such as this, "the trial court must exercise its discrimination in a way that protects the substance of" the immunity from suit, and "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see also Mitchell*, 472 U.S. at 526; and *Iqbal*, 556 U.S. at 685.

Because the staying of discovery and related proceedings is appropriate in this circumstance, discovery from Judge Bouressa should be stayed as discussed, *supra*, until such a time as this Court rules on Judge Bouressa's Motion to Dismiss.

### III.
### CONCLUSION

The law allows the staying of discovery and related proceedings while threshold issues are addressed. The instant case is obviously an appropriate one for staying of discovery. Presently, Judge Bouressa has raised immunities from suit and Plaintiff's suit is barred by various jurisdictional doctrines. As there are no advantages to proceeding with discovery, and serious disadvantages in proceeding, Judge Bouressa respectfully asks this Court to vacate its Order (Doc. 24) and stay all discovery until Judge Bouressa's motion to dismiss (Doc. 13) has been ruled on by this Court, and for the Court to vacate its Order for a Scheduling Conference (Doc. 13).

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    RALPH MOLINA

        Deputy First Assistant Attorney General

        JAMES LLOYD
        Deputy Attorney General for Civil Litigation

        KIMBERLY GDULA
        Chief, General Litigation Division

        */s/ Scot M. Graydon*
        SCOT M. GRAYDON
        Assistant Attorney General
        Texas Bar No. 24002175
        OFFICE OF THE ATTORNEY GENERAL
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 / Fax (512) 320-0667
        Scot.Graydon@oag.texas.gov

        *ATTORNEYS FOR DEFENDANT JUDGE ANDREA BOURESSA*

## CERTIFICATE OF CONFERENCE

I certify that on the 3rd day of September, 2024, the undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the motion is **unopposed**.

        /s/ Scot M. Graydon
        **SCOT M. GRAYDON**
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Bouressa's Unopposed Motion to Stay Discovery and Vacate the Order Scheduling the Rule 16 Conference* was served on the **4th day of September, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

        /s/ Scot M. Graydon
        **SCOT M. GRAYDON**
        Assistant Attorney General