IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE D'VONNE SPOSITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-685-ALM-KPJ |
| | § | |
| CYNTHIA MCCRANN WHELESS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants Judge Cynthia McCrann Wheless, Judge Raymond G. Wheless, and Judge Emily Miskel's (collectively, "Defendants") Motion to Dismiss (the "Motion") (Dkt. 16), wherein Defendants seek dismissal, amongst other arguments, based on judicial immunity. *See id.* at 5–7.

Until a "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion . . . [and] [i]t may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."). The United States Supreme Court expressly acknowledges the importance of protecting government time and witnesses in the context of immunity from suit. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

1


EXHIBIT A

Accordingly, **IT IS ORDERED** that all discovery, Rule 26 conference requirements, and scheduling requirements are **STAYED** pending resolution of Defendants' Motion to Dismiss (Dkt. 16).

**So ORDERED and SIGNED this 4th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE