## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **PHILIP FLOYD** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Case No. 4:24-cv-00681** |
| | § | |
| **ANDREA K. BOURESSA, In her** | § | |
| **official capacity as a State of Texas** | § | |
| **District Court Judge for Collin** | § | |
| **County, Texas;** *et al.*, | § | |
| *Defendants.* | § | |

## REPLY BRIEF FOR JUDGE BOURESSA'S MOTION TO DISMISS

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Judge Andrea Bouressa ("Judge Bouressa") and files this Reply Brief for her Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

## I.
## INTRODUCTION

Plaintiff Philip Floyd ("Plaintiff") filed a complaint naming Judge Bouressa, the Presiding Judge of the 471st District Court of Collin County, Texas, as defendant in *both individual and official capacities*. (Doc. 1, ¶ A.b.i). Plaintiff's claims against Judge Bouressa are based solely on Judge Bouressa's judicial decisions in pending state court proceedings in the 471st District Court in Collin County. (Doc. 1). In his Complaint, Plaintiff seeks equitable relief in the form of vacating the state court judgment and also seeks monetary relief. (Doc. 1, p. 11).

Judge Bouressa filed her Motion to Dismiss, demonstrating how Plaintiff's claims against Judge Bouressa are barred by sovereign and judicial immunity and the *Younger* doctrine, how

Plaintiff lacks standing to bring equitable claims against Judge Bouressa, how and how Plaintiff fails to state a claim upon which relief may be granted against Judge Bouressa.  (Doc. 13).

Plaintiffs filed a Response (Doc. 25) which did not address any of the reasons for dismissal presented by Judge Bouressa.  (Doc. 13).  Plaintiff abandons any claim for damages against Judge Bouressa: "Defendant Bouressa is not named in the suit for any damages."  (Doc. 25, p. 9).

Even after the filing of the Response, Plaintiff has not cured the defects that require dismissal of his claims against Judge Bouressa.

## II.
## GROUNDS ON WHICH DISMISSAL IS UNOPPOSED

Under the Local Rules, Plaintiff is unopposed to the dismissal of claims against Judge Bouressa.  Judge Bouressa presented legal and factual reasons why Plaintiff's claims must be dismissed. (Doc. 13).  If Plaintiff opposes dismissal of his claims, he must file a response including "a citation of authorities upon which the party relies."  LOCAL RULE CV-7(d).  "A party's failure to oppose a motion in the manner prescribed [in Local Rule CV-7(d)] creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d).

Here, Plaintiff does not address most of the legal positions of Judge Bouressa in any way and does not present any countervailing legal authority on any of the subjects.  In his Response (Doc. 25), Plaintiff presents no argument or legal basis (or citation to authorities) for disputing many of the positions presented by Judge Bouressa.  (Doc. 13).  Under the Local Rules, this indicates they have "no opposition" to dismissal on the following bases:

1.  Plaintiff lacks standing to bring claims based on the Texas Penal Code against Judge Bouressa because there is no private right of action under these statutes.  See *Taylor v. One Presently Unknown*, No. 3:06-CV-2118-B ECF, 2007 WL 9717269, at *5 (N.D. Tex. July

11, 2007) (no private right of action for alleged violations of the Texas Penal Code, specifically including §§ 15.02 and 37.09, among others).  Plaintiff seems to specifically deny any claim based on a criminal statute.  (Doc. 25, p. 7).

2.  To the extent that Plaintiff intended to assert state tort claims of fraud (or any other state tort claim), those claims are barred by sovereign immunity.  The Texas Tort Claims Act "waives sovereign immunity in state court only." *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996).  Further, it is undisputed that no waiver applies to intentional torts or to judges performing judicial duties. TEX. CIV. PRAC. & REM. CODE § 101.057(2) and § 101.053.

3.  Plaintiff's claims for monetary relief against Judge Bouressa (if any are sought) are barred by judicial immunity because they allege no facts to suggest that Judge Bouressa performed any non-judicial act or any act "taken in the complete absence of all jurisdiction" within the context of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

4.  Plaintiff lacks standing to bring equitable claims against Judge Bouressa because of a lack of redressability.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As Plaintiff admits, "There is no pending State action in the 471st Judicial District Court of Collin County, Texas and Defendant Bouressa has recused herself from the post judgment collection matter."  (Doc. 25, p. 5).  Plaintiff's Response (Doc. 25) is otherwise silent on the issue of standing.  No declaration or injunction against Judge Bouressa would provide any redress for any alleged injury to Plaintiff. *See Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (en banc) ("Because these defendants have no powers to redress the injuries

alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in federal court").

Because it is Plaintiff's burden to establish the Court's subject matter jurisdiction and plead a claim on which relief can be granted, and because he has failed to do so or oppose a motion to dismiss which identifies those issues specifically, this Court should dismiss the claims against Judge Bouressa as unopposed.  FED. R. CIV. P. 12(b)(1) and (6); LOCAL RULE CV-7(d).

### III.
### ISSUES WHERE DISMISSAL IS OPPOSED

Plaintiff suggests that the Eleventh Amendment and Texas' sovereign immunity should not apply to Judge Bouressa in her official capacity.  He is wrong.

**A.     Eleventh Amendment Bars Plaintiff's Federal Claims**

As a threshold matter, Plaintiff's federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities).

Plaintiff suggests that equitable relief is not barred by the Eleventh Amendment (Doc. 25, p. 4), and to be fair, in some circumstances this is correct.  Just not with respect to THIS case. Under the *Ex parte Young* exception, Eleventh Amendment immunity may be overcome when the suit "seeks prospective, injunctive relief from a state actor, in [his] official capacity, based on an alleged ongoing violation of the federal constitution" or other federal law. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013).

Here, Plaintiff is not seeking prospective relief.  Instead, Plaintiff seeks declarations regarding alleged past violations of his rights prior to and including entry of a state court judgment on August 1, 2022, and a declaration that this 2-year-old judgment is void.  (Doc. 1, p. 11, ¶ K.a).

*Reply Brief for Judge Bouressa's Motion to Dismiss*                                               4

Similarly, this is not an "ongoing violation of the federal constitution," as it happened in 2022. *See LeBlanc*, 729 F.3d at 439.

As Judge Mazzant recognized in 2013, "[a] claim for equitable relief such as a declaratory judgment or an injunction must be brought against a state official having present ability to implement any such relief ordered by the Court so that future official conduct comports with federal law."   *Paselk v. State*, No. 4:12-CV-754, 2013 WL 4791417, at *7 (E.D. Tex. Sept. 5, 2013) (Clark, J. *adopting rep. and rec.* of Magistrate Judge Mazzant), citing *Okpalobi*, 244 F.3d at 421, 423.  To fit within the narrow *Ex parte Young* exception to Eleventh Amendment immunity, "a plaintiff must demonstrate that the official has some connection with the enforcement of a policy or act in question." *Ward v. Tex. Dept. of Criminal Justice*, No. H-21-2649, 2021 WL 4066993 at *2, citing *Okpalobi v. Foster*, 244 F.3d 405, 414-415 (5th Cir. 2001).

As Plaintiff admits, "There is no pending State action in the 471st Judicial District Court of Collin County, Texas and Defendant Bouressa has recused herself from the post judgment collection matter."  (Doc. 25, p. 5).

Judge Bouressa has no future connection with the order Plaintiff seeks to void, having recused herself.  Accordingly, Plaintiff's claims do not fit within the narrow *Ex parte Young* exception to Eleventh Amendment immunity, and those claims should be dismissed.

## B.    No Waiver of Texas' Sovereign Immunity

Plaintiff says "As stated above, the State of Texas has waived immunity from suits in equity."  (Doc. 25, pp. 8-9).  This is not true, and in fact, was not "stated above" in the Response.

## C.    The *Younger* Abstention Doctrine

Plaintiff suggests that the Younger doctrine should not apply because "There is no pending State action in the 471st Judicial District Court of Collin County, Texas and Defendant Bouressa

has recused herself from the post judgment collection matter." (Doc. 25, p. 5).   This misunderstands the *Younger* doctrine, which does not turn on the role of a specific judge, but requires that a federal court abstain from enjoining a pending state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).   Here, it is uncontested that Plaintiff is asking this Court to enjoin a state court proceeding by declaring the judgment void. (Doc. 1, p. 11, ¶ K.a).  It is uncontested that the appeal of that state court judgment was ongoing at the time Plaintiff filed this lawsuit. "[W]hile on appeal, the *Younger* abstention doctrine precludes Plaintiff's collateral attack of the pending state law" proceeding. *See Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted,* No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) (Mazzant, J.).

It is also uncontested that if the appeals were not still pending, the orders of Judge Bouressa would be final judgments and Plaintiff's claims would instead be barred by the *Rooker-Feldman* doctrine, which bars a federal court from entertaining collateral attacks on state court judgments or addressing issues that are 'inextricably intertwined' with a state judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus*., 544 U.S. 280, 281 (2005).  Here, Plaintiff asks this Court to vacate state court judgment and it is difficult to think of anything more "inextricably intertwined" with a state court judgment. (Doc. 1, p. 11, ¶ K.a).

**D.     Plaintiff Fails to State a Claim for Which Relief May Be Granted**

Plaintiff cites a 1985 case, *Crane v. Texas*, for the proposition that he can seek equitable relief from state court judges. 759 F.2d 412 (5th Cir. 1985) (Doc. 25, p. 4).  This case was limited, if not superseded by statute.  For almost 30 years, equitable relief against a judge has been "limited by a 1996 amendment to Section 1983 'that in any action brought against a judicial officer for an

act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 545 (5th Cir. 2022), quoting 42 U.S.C. § 1983.   Plaintiff has not alleged that a decree was violated or alleged facts to suggest that declaratory relief was unavailable. Plaintiff "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed. Appx. 290, 291 (5th Cir. 2014).

Moreover, Judge Bouressa has recused from further post-judgment proceedings, rendering such relief a complete impossibility against any party.

Because Plaintiff seeks no damages against Judge Bouressa (Doc. 25, p. 5) and because equitable relief is not available against a judge who no longer presides over the state court case, this Court should dismiss Plaintiff's claims against Judge Bouressa for failure to state a claim on which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).

# IV.
## CONCLUSION

This Court should dismiss Plaintiff's claims against Judge Bouressa.  Jurisdictional barriers prohibit Plaintiff's suit, including Eleventh Amendment and judicial immunity to Plaintiff's suit, and Plaintiff's failure to state a claim on which relief may be granted.

WHEREFORE, Judge Andrea Bouressa prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*Reply Brief for Judge Bouressa's Motion to Dismiss*                                                                 7

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Scot M. Graydon*
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE ANDREA
BOURESSA*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Reply Brief for Judge Bouressa's Motion to Dismiss* was served on the **4th day of September, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General