**Affirmed and Opinion Filed February 12, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-23-00638-CV

**PHILIP FLOYD, Appellant**

**V.**

**MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON, Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-02423-2021**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

Appellant Philip Floyd brings this interlocutory appeal of the trial court's order appointing a receiver over Floyd's non-exempt property pursuant to an order confirming an arbitration award and judgment entered on behalf of appellees MMWKM Advisors, LLC, Series ERD I and Elias Dragon (Appellees).  Concluding that the trial court did not abuse its discretion in appointing a receiver, we affirm the trial court's judgment.

## I.    BACKGROUND[1]

On August 1, 2022, the trial court entered an order confirming an arbitration award and final judgment of $1,400,340.08 against Floyd in favor of Appellees. Appellees pursued a variety of post-judgment orders and writs to enforce the judgment, but were ultimately unsuccessful in obtaining satisfaction of the judgment. Floyd appealed the judgment to this Court but took no efforts to supersede the judgment. On November 22, 2022, Appellees moved the trial court to appoint a receiver and presented evidence that Floyd owned several non-exempt bank accounts. The trial court held a hearing on Appellee's motion on February 21, 2023, and granted the motion on June 9, 2023.

On June 29, 2023, Floyd filed this interlocutory appeal. In one issue, Floyd complains that the pleadings and evidence are insufficient to justify the appointment of a receiver. In response, Appellees argue that Floyd's reliance on Civil Practice and Remedies Code § 64.001 is misplaced and that Chapter 32 of the Code is the correct statute for the appointment of a receiver, with which Appellees contend they complied.

## II.    STANDARD OF REVIEW

We review a trial court's postjudgment order on the appointment of a receiver under an abuse of discretion standard. *Sheikh v. Sheikh*, 248 S.W.3d 381, 386–87

---

[1] The facts of this case are well known to the parties; therefore, we only set forth those which are directly relevant to this appeal. *See* TEX. R. APP. P. 47.1.

–2–

(Tex. App.—Houston [1st Dist.] 2007, no pet.). We will reverse a trial court's order only if we conclude that the court acted in an unreasonable or arbitrary manner, that is, without reference to any guiding rules and principles. *Id.* at 387. We may not reverse merely because we disagree with the trial court's decision, as long as that decision was within the court's discretionary authority. *Id.*

### III.   APPLICABLE LAW

The Texas turnover statute provides judgment creditors with a procedural device to assist them in satisfying their judgment debts. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 31.002). Under the statute, a judgment creditor may seek court assistance in reaching a judgment debtor's property that is difficult to attach or levy on by ordinary legal process. *Id.* (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)). "The court may," among other things, "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1).

As the just-quoted "may" language makes clear, a turnover order under subsection (b)(1) lies within the sound discretion of the trial court. *See id.; Brink v. Ayre*, 855 S.W.2d 44, 46 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("The language, therefore, is discretionary, as opposed to mandatory. And the requested turnover relief is directed to the sound discretion of the trial court."). The trial court

–3–

may consider other relevant factors in deciding whether to grant, deny, or modify turnover relief. *Brink*, 855 S.W.2d at 46.

## IV. DISCUSSION

The trial court's June 9, 2023 order appointing a receiver notes that the receiver in the case was appointed "pursuant to the Texas Turnover Statute," and although the order does not include a citation to the statute, the Supreme Court of Texas has explained that the term "Texas Turnover Statute" refers to Texas Civil Practice and Remedies Code § 31.002. *See Alexander Dubose Jefferson & Townsend LLP*, 540 S.W.3d at 581. Floyd does not address the applicability of § 31.002 or its requirements in his brief or reply, and instead, challenges whether the evidence before the trial court was sufficient to support the appointment of a receiver under § 64.001.

The purpose of a Chapter 64 receivership is to preserve assets and resolve issues relating to a business entity's affairs where there are allegations of fraud or improper activities. *See Hydroscience Techs., Inc. v. Hydroscience, Inc.*, No. 05-11-01536-CV, 2012 WL 1882204, at *2 (Tex. App.—Dallas May 22, 2012, no pet.) (mem. op.). Chapter 64 does not apply here. The trial court appointed a receiver in this case to enforce a monetary judgment that the creditors had difficulty satisfying, not because of concerns regarding fraud or corporate misconduct while litigation was pending. Appellees produced evidence that Floyd owned non-exempt property and that Appellees had an unpaid final judgment against Floyd. Therefore, the trial

–4–

court did not abuse its discretion in appointing a receiver under § 31.002.  *See Sheikh*, 248 S.W.3d at 387.

## V.     CONCLUSION

We affirm the trial court's judgment.

230638f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| PHILIP FLOYD, Appellant | On Appeal from the 471st Judicial District Court, Collin County, Texas |
| No. 05-23-00638-CV    V. | Trial Court Cause No. 471-02423-2021. |
| MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON, Appellees | Opinion delivered by Justice Breedlove. Justices Carlyle and Goldstein participating. |

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON recover their costs of this appeal from appellant PHILIP FLOYD.


Judgment entered this 12th day of February, 2024.