UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP FLOYD, § | |
|    Plaintiff § | |
| vs. § | |
| § | CIVIL ACTION NO. 4:24-CV-00681 |
| ANDREA K. BOURESSA, RYAN HACKNEY § | |
| PATRICK YARBOROUGH, ELIAS DRAGON § | |
| MMWKM ADVISORS, LLC, SETH § | |
| KRETZER AND JIM SKINNER, Defendants. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

Plaintiff, Philip Floyd complains of ANDREA K. BOURESSA, *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON, MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER, *In his official capacity as Sheriff of Collin County, Texas*, Defendants, and for cause of action would respectfully show the Court as follows:

A   **PARTIES**

   a.   **PLAINTIFF**: Philip Floyd, an individual and citizen of the State of Texas.

   b.   **DEFENDANTS**:

      i.   Andrea K. Bouressa, an individual and citizen of the State of Texas, as well as in her official capacity as a State of Texas District Court Judge for Collin County, Texas, may be served with process of service at 471St District Court, Russell A. Steindam Courts Building 2100 Bloomdale Rd., McKinney, TX 75071.

      ii.   Ryan Hackney, an individual and citizen of the State of Texas, may be served with process of service at 1221 McKinney, Suite 2500, Houston,

      Texas 77010.

   iii.    Patrick Yarborough, an individual and citizen of the State of Texas, may be served with process of service at 917 Franklin Street, Suite 220, Houston, Texas 77002.

   iv.    Elias Dragon, an individual and citizen of the State of Texas, may be served with process of service at 727 Bent Tree Court, Coppell, Texas 75019.

   v.    MMWKM ADVISORS, LLC, is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process of service by serving it Registered Agent, Kenneth A. Moraif at 2820 Dallas Parkway, Plano, Texas 75093.

   vi.    Seth Kretzer, an individual and citizen of the State of Texas, may be served with process of service at 917 Franklin St., 6th Floor, Houston, TX 77002.

   vii.    Jim Skinner, an individual and citizen of the State of Texas, as well as in his official capacity as the Sheriff of Collin County, Texas, may be served with process of service at Collin County Justice Center, 4300 Community Ave., McKinney, TX 75071.

B    **JURISDICTION**

   a.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).

C    **VENUE**

    a.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because all defendants are residents of the State of Texas and because a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

D    **CONDITIONS PRECEDENT** All conditions precedent have been performed or have occurred.

E    **FACTS**

F    **COUNT 1**– Violation of 42 U.S. § 1983: At all times relevant, Defendant Bouressa (1) acted under color of state law as a State of Texas District Court judge in Collin County, Texas; and (2) the acts of Defendant Bouressa deprived the Plaintiff of particular rights under the United States Constitution as explained later; and (3) Defendant Bouressa's conduct was the actual cause of Plaintiff's claimed injury. The specific acts of Defendant Bouressa denying Plaintiff his constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution to a fair trial are as follows:

    a.    On August 1, 2022, Defendant Bouressa, sitting as a State of Texas District Court judge in the 471st Judicial District Court in Collin County, Texas in Cause No. 471-02423-2021, entered a Judgment against Plaintiff for damages of $1,400,340.08, that violated Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution. The judgment was entered without any evidence being offered by the moving party and Defendant Bouressa denied Plaintiff the opportunity to offer evidence in his defense. The official reporter's record of the August 1, 2022, proceeding will show that the entire proceeding was rule by judicial fiat and based solely on

      intuition by Defendant Bouressa without any evidence being offered at the hearing by the moving party. Defendant Bouressa specifically stated on the record that the August 1, 2022 hearing was not an evidentiary hearing. The acts of Defendant Bouressa on August 1, 2022, were arbitrary and capricious.

b.    The moving party and Defendants in Count 2, MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon, had obtained an arbitration award and applied to have the award adjudicated in Cause No. 471-02423-2021; styled Philip Floyd, *Plaintiff – Arbitration Respondent,* v. MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon, *Defendants – Arbitration Claimants*. At the August 1, 2022, hearing, MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon did not appear and failed and refused to offer any evidence of an award. The failure to offer evidence is fundamental error which MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon failed and refused to cure. Therefore, the judgment entered by Defendant Bouressa is unsupported by any evidence and is a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution as well as Texas law.

c.    Additionally, on August 1, 2022, Plaintiff was called as a witness to testify and Defendant Bouressa failed and refused to permit Plaintiff to testify and offer evidence against the entry of a judgment against Plaintiff. The refusal by Defendant Bouressa to allow Plaintiff to offer any evidence in the hearing was a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution as well as Texas law.

d.    Plaintiff was damaged as a direct result of the actions of Defendant Bouressa in

that a judgment in the amount of $1,400,340.08 was accessed against him without any evidence being offered by the moving party. Plaintiff's damages are prospective in nature as long as the unconstitutional August 1, 2022 Judgment remains in effect. Plaintiff seeks equitable or declaratory relief from said Judgment from this Court. Plaintiff's complaint presents an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party because the August 1, 2022 Judgment was not based on the merits, a fatal flaw, then there is Federal jurisdiction and state law determines whether the defendant prevails under principles of preclusion. Texas law requires a judgment to be based on the merits of the pleadings.

e. On December 9, 2022, Defendant Bouressa filed fabricated Findings of Fact and Conclusions of Law (FOFCOL) in the underlying proceedings. There was no evidence in the Reporter's Record to support the FOFCOL. The FOFCOL filed by Defendant Bouressa's on December 9, 2022 was fabricated evidence and has harmed Plaintiff and will continue to harm Plaintiff in the future. Plaintiff has no adequate remedy at law. Plaintiff seeks equitable or declaratory relief from this Court. Plaintiff's fabrication of evidence claim presents an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, that was not addressed in the August 1, 2022 Judgment. The fabrication of evidence claim is not res judicata as to the August 1, 2022 Judgment complained of in paragraphs a-d above .

G **COUNT 2**– Violation of 42 U.S.C. § 1983, including but not limited to; fabrication of evidence, civil conspiracy under Texas Law to falsify evidence and violations of 42

U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence. At all times relevant Defendant Bouressa was acting "under color of state law" as a State of Texas District court judge in Collin County, Texas when she conspired with Defendant Hackney and Defendant Yarborough to deny Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution, the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005). Defendants engaged in what amounts to a conspiracy that was a criminal act under Texas Penal Code §15.02. Criminal Conspiracy, to cover up Defendant Bouressa's violation of the Texas Penal Code Sec. 37.09. Tampering with or Fabricating Physical Evidence. As a result of the conspiracy, Defendants secured the August 1, 2022 judgment against Plaintiff in the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, by (1) corruption, fraud, or undue means; (2) where there was evident partiality or corruption by Defendant Bouressa; or (3) where Defendant Bouressa was guilty of judicial misconduct in filing fabricated evidence in her FOFCOL, or of any other misbehavior by which the rights of Plaintiff have been prejudiced.

a. Defendant Bouressa, actions in the conspiracy was with intent to harm Plaintiff by covering up the fact that the August 1, 2022, Judgment against Plaintiff in the amount of $1,400,340.08 was obtained without any evidence being offered.

b. On August 2, 2022, Plaintiff requested that Defendant Bouressa file Findings of Fact and Conclusions of Law regarding what evidence was presented on August 1, 2022, in support of the Judgment.

c. On August 29, 2022, Plaintiff filed a Notice of Late Filing of Findings of Fact and

    Conclusions of Law to remind Defendant Bouressa that she needed to file FOFCOL.

  d. On November 16, 2022, when Defendant Bouressa had failed to file the requested FOFCOL as required by Texas statute, Plaintiff filed Appellant's Motion to Abate and Remand for Entry of Findings of Fact and Conclusions of Law, that is required when a judge continues to refuse to file FOFCOL in an appeal Mandate with the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, requesting the Court order Defendant Bouressa to file FOFCOL in Cause No. 05-22-01147-CV.  The 5th Court of Appeals in Dallas subsequently Ordered Defendant Bouressa to file FOFCOL.

  e. On or about December 8, 2022, Defendant Hackney and Defendant Yarborough conspired to provide Defendant Bouressa with falsified FOFCOL in response to the order from the Court of Appeals.  By providing Defendant Bouressa with the falsified proposed FOFCOL, Defendant Hackney and Defendant Yarborough made a false representation of a material fact that was made knowingly or recklessly, with the intent that others rely on it and did subsequently cause harm or loss.  By providing Defendant Bouressa with the falsified proposed FOFCOL, Defendant Hackney and Defendant Yarborough committed fraud the purpose of which was to mislead the court of appeals.

  f. On December 9, 2022, in furtherance of the conspiracy, Defendant Bouressa conspired with Defendant Hackney and Defendant Yarborough to file the falsified FOFCOL in the official proceeding with the Texas Fifth Court of Appeals in Dallas, Texas, Appellate Cause No. 05-22-01147-CV.

g. On December 9, 2022, Defendant Bouressa did in fact file a document entitled Findings of Facts and Conclusions of Law with knowledge of its falsity and with intent to affect the course or outcome of the case in the court of appeals and to cover up her violations of Plaintiff's constitutional rights as well as her conspiracy with Defendants Hackney and Yarborough.

h. Said falsified document did in fact affect the outcome of the case in the court of appeals because the court of appeals relied totally on the FOFCOL filed by Defendant Bouressa.

i. The act of filing a document with knowledge of the falsity contained in the document is a felony under the Texas Penal Code Sec. 37.09. The covering up of the violation of Texas Penal Code Sec. 37.09, is an act of conspiracy by Defendants under Texas Penal Code §15.02. Criminal Conspiracy. A criminal conspiracy is also a tort for which all members of the conspiracy are equally liable.

j. The conduct stated in the above paragraphs were a conspiracy under 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence.

k. On March 6, 2023, in furtherance of the conspiracy Defendant Hackney and Defendant Yarborough filed Appellees Brief in Appellate Cause No. 05-22-01147-CV, which restated the false elements of the falsified FOFCOL previously filed by Defendant Bouressa that all Defendants knew to be false at the time.

l. At all times relevant, Defendant Hackney and Defendant Yarborough were attorneys representing Defendant MMWKM ADVISORS, LLC and Defendant Dragon. Defendant MMWKM ADVISORS, LLC and Defendant Dragon had

    intentionally and knowingly granted Defendant Hackney and Defendant Yarborough the authority to act on behalf of Defendant MMWKM ADVISORS, LLC and Defendant Dragon in all interactions with Defendant Bouressa and against Plaintiff including the filing of proposed falsified FOFCOL for Defendant Bouressa to sign.

m. At all times relevant to the submission of the falsified FOFCOL, Defendant Hackney and Defendant Yarborough were acting within the scope and the authority granted by Defendant MMWKM ADVISORS, LLC and Defendant Dragon to cover up the fact that the FOFCOL filed by Defendant Bouressa on December 9, 2022 were fabricated and false.

n. On or about February 21, 2023, the conspiracy was joined by Defendant Kretzer when he sought to be appointed Receiver at a hearing scheduled by Defendants Yarborough and Hackney. Defendant Kretzer attended the February 21, 2023 hearing. Said hearing took place over one hundred and eight days before Defendant Kretzer can claim any derived immunity from his alleged appointment as a receiver in the case.

o. Between February 21, 2024 and June 9, 2023, Defendants Hackney, Yarborough and Kretzer conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the underlying proceeding in Texas, with intent to deny Plaintiff of the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, his right to the equal protection of the laws. Said conspiracy was a violation of 42 U.S.C. § 1985(2).

p.      On or about June 9, 2023 in violation of Plaintiff's constitutionally protected procedural due process rights and Texas law, Defendant Kretzer was appointed receiver by an document entitled Order Appointing Receiver Nunc Pro Tunc. The June 9, 2023 hearing was scheduled by Defendants Yarborough and Hackney. Said Order Appointing Receiver Nunc Pro Tunc dated June 9, 2023, does not bear the signature of any recognized district court judge in Collin County, Texas and none that heard any evidence in the case and is therefore challenged by Plaintiff as an invalid or void order. At all times relevant Defendant Kertzer knew there had been no evidence to support the appointment of a receiver. Nevertheless he undertook to use his position to further the conspiracy to maliciously damage Plaintiff in subsequent proceedings.

q.      On August 7, 2023, Defendant Kretzer conspired with Defendant Hackney and Defendant Yarborough to entice Defendant Bouressa to sign an Amended Order Appointing Receiver without offering any evidence regarding the proposed Amended Order Appointing Receiver in violation of Plaintiff's constitutionally protected due process rights. As a result of the August 7, 2023, hearing, on August 12, 2023, Defendant Bouressa signed an Amended Order Appointing Receiver that purported to deprive Plaintiff of his property rights.

r.      On October 23, 2023, in a hearing scheduled by Defendant Kretzer, Defendant Kretzer and Defendant Yarborough made false statements to Defendant Bouressa regarding Plaintiff's violation of the August 12, 2023, Amended Order Appointing Receiver. Said false statements made by Defendant Kretzer included but are not limited to statements that Plaintiff had withheld discovery data from

Defendant Kretzer. As a result of the false statements, Defendant Bouressa threatened to hold Plaintiff in contempt and confine him in jail. The making of false statements is not an attorney function or the function of a Receiver. Plaintiff asserts that doctrine of derived immunity by a receiver applies only to "the kind of conduct in which a receiver engages when discharging his duties as a receiver, and not to conduct which is entirely foreign to the duties of a receiver. Under no circumstances would the doctrine of derived immunity apply to any conduct before appointment and would never apply if the appointment was obtained by fraud or misrepresentation.

s. On or about November 2, 2023, in furtherance of the conspiracy Defendant Kretzer filed a motion for Plaintiff to show cause why he should not be held in contempt for failing to turnover to Defendant Kretzer property of Plaintiff. Said motion was in furtherance of the U.S.C. § 1985(2), Conspiracy to interfere with civil rights by making false statements concerning Plaintiff to entice Defendant Bouressa to hold Plaintiff in contempt and jailed until Plaintiff turned over to Defendant Kretzer Plaintiff's paycheck in violation of Texas law.

t. On or about November 17, 2023, Defendant Bouressa scheduled a show cause hearing for December 6, 2023, as to why Plaintiff should not be held in contempt and placed in the county jail. This act was in furtherance of the U.S.C. § 1985(2), Conspiracy to interfere with civil rights of Plaintiff.

u. On December 6, 2023, a show cause hearing was held. Although, Defendant Bouressa did not conduct the hearing, a visiting judge, Ray Wheless, conducted the hearing. Defendants Kretzer and Yarborough in furtherance of the U.S.C. §

        1985(2), Conspiracy to interfere with civil rights and the Texas civil conspiracy to damage Plaintiff, vigorously argued that Plaintiff should be held in contempt and jailed; Judge Wheless did not find Plaintiff in contempt.

v.    On February 21, 2024, Defendant Bouressa, Defendant Hackney, Defendant Yarborough, Defendant MMWKM Advisors, Defendant Dragon, and Defendant Kretzer in furtherance of the U.S.C. § 1985(2), Conspiracy to interfere with civil rights and the Texas civil conspiracy to damage Plaintiff, wrongfully seized $35,000 from Plaintiff.  The seizing of $35,000 from Plaintiff violated Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.  The seizing of $35,000 was ordered by Defendant Bouressa without any evidence being offered or entered into the official reporter's records for the court as a direct result of the actions of Defendant Bouressa.  The entry of a judgment taking Plaintiff's property without any evidence is a violation of the 14th Amendment to the U.S. Constitution, the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005).

w.    At all times relevant, Defendant Hackney, Defendant Yarborough and Defendant Kretzer were attorneys at law licensed in the State of Texas and as such owed a duty of candor to Defendant Bouressa as a judge.  Defendants Hackney, Yarborough and Kretzer intentionally and knowingly violated their duty of candor to Defendant Bouressa by pointing out at the appropriate times that they were requesting her to violate Plaintiff's constitutionally protected due process rights by not presenting evidence to support the August 1, 2022 Judgment, the June 9, 2023

        Order Appointing Receiver, the August 12, 2023 Amended Order Appointing Receiver and the February 21, 2024 Order Seizing $35,000 Check.  The actions of Defendants Hackney, Yarborough and Kretzer were violations of Texas Rules of Professional Responsibility, Rule 804(a)(3)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

x.    At all times relevant, Defendants Hackney, Yarborough and Kretzer were acting ultra vires regarding their respective duties to MMWKM Advisors, LLC and Elias Dragon and any claims of immunity for their ultra vires acts are lacking.

y.    On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa.  Said actions by Defendant Skinner are a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).

z.    The fraud, corruption and/or undue means used by all Defendants in their conspiracy as shown above were calculated and deliberate and each fully participated in the conspiracy by overt acts to damage Plaintiff and did damage Plaintiff.

## H    **DAMAGES**

a.    Plaintiff has been damaged as follows:

    i.    Actual damages of $1,400,340.08;

    ii.    Actual damages of $35,000 seized on February 21, 2024;

    b.    Plaintiff seeks punitive or exemplary damages of $10,000,000.

I    **DEMAND FOR JURY TRIAL**

    a.    Plaintiff hereby requests a jury trial on all issues of fact raised in this complaint.

J    **ATTORNEYS FEES**

    a.    Plaintiff is entitled to an award of attorneys fees under Title 42 U.S.C. §1988(b) provides that "in any action to enforce . . . [42 U.S.C. §]1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee.

K    **PRAYER**

    a.    Plaintiff asks for judgment against all Defendants that have asserted immunity and not found to be immune from damages for the following damages:

        i.    Actual Damages incurred by Plaintiff;

        ii.    Prejudgment and Postjudgment interest;

        iii.    $250,000 for reasonable attorneys fees;

        iv.    Punitive or exemplary damages of $10,000,000;

        v.    Cost of suit; and

        vi.    All other relief the Court deems appropriate.

L    **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

**/s/** *Douglas T. Floyd*
DOUGLAS T. FLOYD
Attorney for Plaintiff
6521 Preston Rd., Suite 100
Plano, Texas 75024
214-704-7081
877-846-3149 Fax
SBN: 07181700
Lawyerfloyd@aol.com

### CERTIFICATE OF SERVICE

I certify that a copy of the above Plaintiff's First Amended Complaint was served on the ___th day of September, 2024, upon all parties who have entered an appearance, using the CM/ECF system.

**/s/** *Douglas T. Floyd*
DOUGLAS T. FLOYD