## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIP FLOYD | § | |
| | § | |
| v. | § | Case No. 4:24-CV-00681 |
| | § | |
| ANDREA BOURESSA, , et. al. | § | |

### DEFENDANT SHERIFF JIM SKINNER'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas**, pursuant to Federal Rule of Civil Procedure 12(b)(6), and files his MOTION TO DISMISS as follows:

## I.
## INTRODUCTION AND OVERVIEW

Plaintiff has sued Collin County Sheriff Jim Skinner in his official capacity, along with a State District court Judge [Andrea Bouressa], two counsel in the underlying State court litigation [Ryan Hackney and Patrick Yarbrough], two parties in the underlying State Court litigation [Elias Dragon MMWKM Advisors, LLC], and the court-appointed Receiver in the State Court litigation [Seth Kretzer].[1]  It is readily apparent that the Plaintiff - and more particularly his father/counsel Douglas Floyd - is disgruntled about the rulings in and results of the State court lawsuit in the 471st District Court of Collin County. Plaintiff's putative "facts" are nothing more than a litany of woes Plaintiff and his father/counsel sweepingly attribute to the involved parties, attorneys, the presiding State Court Judge, and the court-appointed Receiver. Plaintiff alleges putative Section 1983 and "conspiracy" claims based upon the activities in the State Court litigation.

---

[1]See, generally, Plaintiff's FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (hereinafter "FIRST AMENDED COMPLAINT")[Dkt. 34]

The Plaintiff's claim against Sheriff Skinner is much more obtuse and far more tenuous. Essentially, Plaintiff sues Sheriff Skinner because Plaintiff's father/counsel Douglas Floyd submitted a Public Information Act request to the Collin County Sheriff's Office about the spurious criminal complaint that he [Attorney Floyd] made against Judge Bouressa.  The Undersigned, as retained counsel for Collin County, then sent a REQUEST FOR ATTORNEY GENERAL DECISION to the Texas Attorney General's Office,  resulting in an Attorney General opinion with instructions about what information was to be withheld and what information was to be released.  Responsive records were then withheld and released in accordance with the Attorney General's directives.  Nothing more. Adherence to the Texas Public Information Act does nothing to present any plausible claims of any kind against Sheriff Skinner, and quite frankly, Plaintiff's suing Sheriff Skinner is frivolous. Dismissal of Sheriff Skinner should follow.

## II.
## GROUNDS FOR RELIEF

Pursuant to Eastern District Local Rule CV-7(a)(1), Sheriff Skinner requests that the Court decide the following issues as presented in his MOTION TO DISMISS:

1.   Whether Plaintiff has plead any plausible Section 1983 or *Monell* claims against Collin County because any "official capacity" claim against Sheriff Skinner is actually a claim against Collin County;

2.   Whether Plaintiff has plead any plausible claims against Sheriff Skinner where there are no allegations of any direct or personal involvement by him; and

3.   Whether the Plaintiff has plead any plausible claims for "conspiracy" against Sheriff Skinner in his official capacity since Plaintiff's allegations are not factually specific nor do they even establish a viable conspiracy.

To the extent applicable to Sheriff Skinner, he incorporates by reference and adopts as if fully set forth all issues, arguments and authority made by any of the Co-Defendants in any pleading or motion which may be relevant to and/or dispositive of the claims being brought by the Plaintiff.

## III.
## DOCUMENTS REFERENCED IN PLAINTIFF'S LAWSUIT AND PUBLIC RECORDS

Defendant Sheriff Skinner is providing the following exhibits for consideration as part of his MOTION TO DISMISS:

1.      REQUEST FOR ATTORNEY GENERAL DECISION dated May 29, 2024, attached as Exhibit No. 1;

2.      Letter from Douglas T. Floyd to the Office of the Attorney General, Open Records Division dated June 3, 2024, attached as Exhibit No. 2;

3.      TEXAS ATTORNEY GENERAL OPEN RECORDS DECISION, OR2024-023391, dated July 8, 2024, attached as Exhibit No. 3; and

4.      Letter from the Undersigned to Douglas Floyd, dated July 16, 2024, attached as Exhibit No. 4.

There are two avenues for proper consideration of the foregoing exhibits. First, some of these records are public records generally available online from the Texas Attorney General's website.[2] FED. R. EVID. 201(b) and *Turner v. Lieutenant Driver*, 848 F.3d 687, 692 n.63 (5th Cir. 2017)(quoting *Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962)).   Second, some of these documents are referenced in Plaintiff's FIRST AMENDED COMPLAINT[3] and are central to his claims, and thus, are proper for consideration in a Motion to Dismiss. See, i.e., *Polnac v. City of Sulphur Springs*, No. 4:20-CV-666, 2022 WL 1297184, 2022 U.S. Dist. LEXIS 78443, at *8-9 (E.D. Tex. Apr. 29, 2022).   Under either approach, the foregoing evidence regarding Plaintiff's counsel's Public Information Act request to Collin County Sheriff's Office is central to Plaintiff's claims - and goes to the only tenuous connection, if even at all, of Sheriff Skinner and/or Collin County to the other allegations and parties.

---

[2]See, generally, https://www.texasattorneygeneral.gov/open-government/open-records-decisions.  However, because this was a memorandum opinion it is not uploaded to the Attorney General's website so a copy is provided

[3]See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(y) pg. 13

## IV.
## PERTINENT FACTUAL BACKGROUND

For purposes of dismissal under FED. R. CIV. P. 12(b)(6), the following are pertinent facts[4] and allegations regarding Sheriff Skinner gleaned from Plaintiff's lawsuit and public records.

Plaintiff correctly avers that Jim Skinner is the duly elected Sheriff of Collin County, Texas.[5] Plaintiff only sues Sheriff Skinner "in his official capacity as Sheriff of Collin County, Texas."[6]

On May 17, 2024, Attorney Douglas Floyd [the same attorney for the Plaintiff herein] submitted a Public Information Act to the Collin County Sheriff's Office through its electronic records program GovQA, wherein he sought certain Collin County Sheriff's Office records.[7] Specifically, Counsel Floyd wrote:

> "On March 7, 2024, I filed criminal complaint against Judge Andrea Bouressa. I am requesting all records and correspondence regarding the matter in the possession of the Sheriff's Department. I am not asking for any records or correspondence I provided."[8]

On May 29, 2024, the Undersigned, as retained counsel for Collin County and on behalf of the Sheriff's Office, pursuant to and required by the Texas Public Information Act, TEX. GOV. CODE §552.301, sent a REQUEST FOR ATTORNEY GENERAL DECISION to the Texas Attorney General's Office seeking an Attorney General Decision regarding the Sheriff's Office's authority and obligation to withhold certain requested information from public disclosure pursuant certain cited

---

[4]Because this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in Plaintiff's FIRST AMENDED COMPLAINT are taken as true. However, nothing contained herein is intended to serve as a waiver of Defendant's right to challenge the veracity of same at trial or in the presentation of a further dispositive motion if necessary.

[5]See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph A(b)(vii) p. 2

[6]See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], Caption, p. 1; paragraph A(b)(vii) pg. 2; paragraph G(y), p. 13

[7]See, Ex. 1, p. 1

[8]See, Ex. 1, p. 1

provisions of the Public Information Act.[9]   The factual basis supporting the request for withholding of the information was summarized as follows:

> The Requestor is an attorney who was counsel for a party [believed to be his son] a civil case pending in the 471st District Court of Collin County presided over the Hon. Judge Andrea Bouressa. The Requestor contacted the Collin County Sheriff's Office on March 6, 2024, and advised that he wished to file criminal charges against Judge Bouressa regarding her conduct in such civil case.  More specifically, Requestor apparently did not agree with the Judge's rulings and/or her "FINDINGS OF FACT AND CONCLUSIONS OF LAW" entered in the case. The Requestor submitted to the Sheriff's Office what he entitled his  "CRIMINAL COMPLAINT REGARDING CAUSE NO. 471-02423-2023; PHILIP FLOYD, Plaintiff v. MMWKM ADVISORS, LLC, Series ERD I and ELIAS DRAGON, Defendants," his "SUPPLEMENT TO CRIMINAL COMPLAINT REGARDING ANDREA BOURESSA", and also provided various documents.

> As part of its law enforcement efforts, Collin County Sheriff's Office personnel then carefully investigated the alleged matter and the Requestor's contention that Judge Bouressa had somehow committed a criminal act, which Requestor alleged was Tampering with a Governmental Record and other possible criminal violations. The Sheriff's Office's law enforcement activities and results of their investigation are memorialized in the resulting Collin County Sheriff's Office INCIDENT REPORT NO. 24046809.  On March 26, 2024, Sgt. Jay Reim with the Sheriff's Office contacted the Requestor by email and advised that the Collin County District Attorney's Office had declined to accept the case or refer it to the Texas Rangers. The Sheriff's Office then closed their investigation, expressly noting the "Case will be cleared administrative."[10]

Counsel Floyd submitted his curious comments to the "Opinion Committee" of the Texas Attorney General's Office on June 3, 2024, urging in part that "I would expect the AG not to get involved in this matter, but instead recommend that the complaint be investigated by the Department of Public Safety."[11]

Thereafter, on July 8, 2024, the Texas Attorney General's Office issued Open Records Opinion No. OR2024-023391, which relayed, in pertinent part, that:

---

[9]See, Ex. 1, p. 1

[10]See, Ex. 1, p. 2-3

[11]See, Ex. 2.

You claim the submitted information may be withheld from the requestor pursuant to section 552.108(a)(2) of the Government Code. Upon review of your arguments and the submitted information, we conclude you may withhold the submitted information under section 552.108(a)(2). However, you must release the basic information pursuant to section 552.1 08(c) of the Government Code.[12]

The Undersigned, on July 16, 2024, sent a letter to Counsel Floyd providing a copy of Open Records Opinion No. OR2024-023391 and advising that:

In accordance with the findings and directives of the Attorney General's Office, the Collin County Sheriff's Office will be withholding the requested records except for the "basic information" contained in the Sheriff's Office MEDIA REPORT No. 24046809, a copy of which is attached.[13]

This federal lawsuit followed.  In the entirety of Plaintiff's FIRST AMENDED COMPLAINT, there is only one single allegation against Sheriff Skinner:

On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa. Said actions by Defendant Skinner are a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).[14]

Against this background, dismissal of Sheriff Skinner should follow.

## V.
## STANDARD OF REVIEW

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

[12]See, Ex. 3

[13]See, Ex. 4

[14]See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(y) pg. 13

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* at 679. The Supreme Court's decision in *Twombly* "retire[d]" the standard espoused in *Conley v. Gibson* which spoke of the "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of its current standard requiring plausibility. *Id.* at 1968-70 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Under FED. R. CIV. P. 8, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under a relevant legal theory. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (*quoting* 3 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1216 at 156-159).When reviewing a complaint to determine whether it contains all of the essential elements of a plaintiff's theory of recovery, "[t]he court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint." *Id.* (*quoting Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). If the complaint "lacks an allegation regarding a required element necessary to obtain relief," dismissal is proper. *Id.* (*quoting* 2A MOORE'S FEDERAL PRACTICE ¶12.07 [2.-5] at 12-91).

The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 679. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* When considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), courts must accept all well pleaded facts in the complaint as true; however, legal conclusions "are not entitled to the [same] assumption of truth" nor are courts bound to "accept

as true a legal conclusion couched as a factual allegation." *Id.* If, after removing legal conclusions, a complaint merely "tenders naked assertions devoid of further factual enhancement," dismissal under Rule 12(b)(6) is proper. *Id.* at 678.

**VI.**
**PLAINTIFF'S COMPLAINT FAILS TO  STATE ANY PLAUSIBLE**
**CLAIMS AGAINST SHERIFF SKINNER IN HIS OFFICIAL CAPACITY**

Even viewing Plaintiff's conclusory allegations in the light most favorable to him,[15] he has failed to allege any plausible claims against Collin County Sheriff Jim Skinner.  This assertion is four-fold.  First, Plaintiff's "official capacity" claim against Sheriff Skinner is actually a claim against Collin County - and Plaintiff has wholly failed to plead any plausible Section 1983 or *Monell* claims against Collin County.  Second, Plaintiff fails to make any viable allegation that Sheriff Skinner had personal involvement in any aspect of Plaintiff's claims, nebulously conflating the Sheriff's Office's request for an Attorney General Opinion with acts of Sheriff Skinner himself. Third, and finally,  Plaintiff has failed to plead any plausible claims for "conspiracy" against Sheriff Skinner since Plaintiff's allegations are not factually specific nor do they even establish a viable conspiracy claim. These grounds for dismissal are discussed more fully below.

**1.    Plaintiff's "official capacity" claim against Sheriff Skinner is actually claim against Collin County**

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky. v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55,

---

[15]By filing this MOTION TO DISMISS, Sheriff Skinner is not stipulating that the allegations of the Plaintiff are true nor in any way acquiescing in the allegations contained in the Plaintiffs' FIRST AMENDED COMPLAINT. Rather, under the standards set forth above, Sheriff Skinner contends that even if the Plaintiff's sparse and specious allegations were factual, which he vehemently denies, he would still be entitled to dismissal as a matter of law.

98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Courts in the Eastern District have consistently concluded that claims against Sheriff Skinner in his official capacity are claims against Collin County:

* *Eckiss v. Skinner*, 4:22-cv-258, 2023 WL 10409037, 2023 U.S. Dist. LEXIS 236424, at 10 (E.D. Tex. Oct. 18, 2023)("To the extent Plaintiff sues Sheriff Skinner in his official capacity, the claims are treated as claims for municipal liability against Collin County. . ."):

* *Bone v. Skinner*, No. 4:21-CV-201, 2022 WL 912100, 2022 U.S. Dist. LEXIS 55464 at *15-16 (E.D. Tex. Feb. 24, 2022), ("Plaintiff's § 1983 action against Sheriff [Skinner] in [his] official capacity is, in effect, a claim against [Collin] County.") (citations omitted) (alterations in original), report and recommendation adopted, No. 4:21-CV-201, 2022 U.S. Dist. LEXIS 55456, 2022 WL 906191 (E.D. Tex. Mar. 27, 2022);

* *Cadenhead v. Collin Cnty. Det. Facility*, 4:22-cv-596, 2023 WL 4981609, 2023 U.S. Dist. LEXIS 135828, at 12-13 (E.D. Tex. June 1, 2023)("Thus, any Section 1983 action against Sheriff Skinner in his official capacity is, in effect, a claim against Collin County.");

* *Gibson v. Skinner*, 4:22-cv-2023, 2023 WL 5810496, 2023 U.S. Dist. LEXIS 159268, at *26 (E.D. Tex. Aug. 3, 2023)("Thus, any Section 1983 claims against Defendants in their official capacities are, in effect, claims against Collin County."), report and recommendation adopted, 2023 U.S. Dist. LEXIS 158663, 2023 WL 5807836 (E.D. Tex. Sept. 7, 2023);

* *Simpson v. Skinner*, 4:23-cv-463, 2024 WL 3825263, 2024 U.S. Dist. LEXIS 145741, at *18 (E.D. Tex. June 13, 2024)("Thus, any §1983 claims against Defendants in their official capacities are, in effect, claims against Collin County."), Adopted by, Dismissed by, Judgment entered by *Simpson v. Skinner*, 2024 U.S. Dist. LEXIS 144698 (E.D. Tex., Aug. 14, 2024);

* *Shawn Ray v. Collin Co. Sheriff's Off*., 4:20-cv-856, 2024 WL 1340586, 2024 U.S. Dist. LEXIS 57993, at *14 ("To the extent Plaintiff sues the Sheriff Office Defendants in their official capacities, the claims are treated as claims for municipal liability against Collin County, . . ."), Adopted by, Motion denied by, Objection overruled by, Dismissed by, in part, Dismissed by, Without prejudice, in part, Judgment entered by *Shawn Ray v. Collin Co. Sheriff's Off*., 2024 U.S. Dist. LEXIS 55751 (E.D. Tex., Mar. 27, 2024);

* *Delmast v. Collin Cnty*., No. 4:21-cv-398, 2022 WL 4362457, 2022 U.S. Dist. LEXIS 170253, at *11-12 (E.D. Tex. Aug. 23, 2022)("Plaintiff's official capacity claims against Sheriff Skinner are treated as claims for municipal liability against Collin County, . . .");

* *Spence v. Taylor*, 4:21-cv-00616, 2022 WL 20804040, 2022 U.S. Dist. LEXIS, at *6, (E.D. Tex. Aug. 1, 2022)("Plaintiff's official capacity claims against Taylor and Sheriff Skinner for damages should thus be dismissed."), Adopted by, Dismissed by, Judgment entered by *Spence v. Taylor*, 2023 U.S. Dist. LEXIS, 173083, Affirmed by *Spence v. Taylor*, 2024 U.S. App. LEXIS 22462, 2024 WL 4039744 (5th Cir. Tex., Sept. 4, 2024); and

* *Venzor v. Collin County, Tex*., No. 4:20-CV-318, 2022 WL 666989, 2022 U.S. Dist. LEXIS 38980, , at *21-22 (E.D. Tex. Feb. 16, 2022)("Here, Plaintiff's Section 1983 claim against Sheriff Skinner in his official capacity is duplicative of Plaintiff's claim against Collin County and should, thus, be dismissed."), report and recommendation adopted sub nom. *Venzor v. Collin Cnty., Tex.*, No. 4:20-CV-318-ALMKPJ, 2022 U.S. Dist. LEXIS 38892, 2022 WL 656828 (E.D. Tex. Mar. 4, 2022).

Thus, any Section 1983 claim against Sheriff Skinner in his official capacity is, in legal effect, a claim against Collin County.

### 2.      Plaintiff has not properly plead nor could he establish any Section 1983 and/or *Monell* liability against Collin County

Under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), "municipalities may be sued under §1983 but cannot be held liable for acts of their employees under a theory of respondeat superior." *Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021). Rather, to state a claim against a municipality under *Monell* and its progeny, a plaintiff must plead that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id*. (quoting *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017); see also *Doe v. Harris Cty.*, No. 21-20251, 2022 U.S. App. LEXIS 1961, 2022 WL 220114, at *5 (5th Cir. Jan. 24, 2022) (per curiam) (applying the rule to claims asserted against a county entity). A policy constitutes the "moving force" behind an alleged violation if there is "'a direct causal link' between the policy and the violation." *Covington v. City of Madisonville, Tex*., 812 F. App'x 219, 225 (5th Cir. 2020) (per curiam) (quoting *James v. Harris Cnty*., 577 F.3d 612, 617 (5th Cir. 2009)). Additionally, "[t]he official policy itself must be unconstitutional or, if not, must have

been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James*, 577 F.3d at 617 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)).

Plaintiff's FIRST AMENDED COMPLAINT is wholly devoid of even the most basic allegations concerning a *Monell* claim, let alone any allegations of a constitutional violation for which Collin County could be liable.[16]

### 3.     Plaintiff cannot prevail against Sheriff Skinner because Plaintiff fails to allege any personal involvement by Sheriff Skinner in any claims asserted herein

The Plaintiff misdirects his ire at anyone who was [in his opinion, or more particularly his father's/counsel's opinion] involved in the underlying civil litigation in the 471st District Court. Plaintiff improperly seeks to ensnare Sheriff Skinner in this lawsuit, but fails to sufficiently allege any personal involvement of the Sheriff - because there was none.

### A.     Clearly established law requiring personal involvement

Personal involvement is an essential element of a Section 1983 civil rights cause of action. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983);  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  An individual defendant "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017)(citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)).  Stated differently, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

---

[16]See, generally, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34]

This Court and its Magistrate Judges have consistently found that a §1983 claim requires allegations of personal involvement - by each identified Defendant(s) - in acts causing the alleged deprivation of a Plaintiff's constitutional rights, dismissing cases when such allegations are absent. See, i.e., *Pompura v. Willis*, 4:16-cv-766 (E.D. Tex 2017)(Priest-Johnson, J.)("a §1983 claim requires personal involvement in acts causing the deprivation of a Plaintiff's constitutional rights.")(citing *Lozano*); *Bowling v. Willis*, No. 4:18-CV-610, 2019 WL 2517090, 2019 U.S. Dist. LEXIS 106180, at *25-26("As Plaintiff does not allege any personal involvement by DA Willis her complaint should be dismissed under Rule 12(b)(6).")(E.D. Tex. Apr. 2, 2019)(Nowak, J.), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 U.S. Dist. LEXIS 132262, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).  Former Magistrate Judge Nowak summarized this fundamental requirement of specific allegations of personal involvement as follows:

> Moreover, "[a] complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Bowling v. Willis*, No. 4:18-CV-610-ALMCAN, 2019 U.S. Dist. LEXIS 106180, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019)(citation omitted), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 U.S. Dist. LEXIS 132262, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019). A Plaintiff's Complaint is deficient where it largely lumps together all defendants and fails to distinguish their conduct. See *Springs v. Sec'y Diaz*, No. 21CV862-MMA (AGS), 2021 U.S. Dist. LEXIS 101673, 2021 WL 2184851, at *6 (S.D. Cal. May 28, 2021)(dismissing the pro se plaintiff's § 1983 claims because the complaint "fails to contain individualized allegations against these Defendants regarding their involvement"); cf. *Dodson v. Cnty. Comm'rs of Mayes Cnty.*, No. 18-CV-221-TCK-FHM, 2019 U.S. Dist. LEXIS 77706, 2019 WL 2030122, at *5 (N.D. Okla. May 8, 2019)(dismissing the complaint "for failure to adequately allege a claim for supervisory liability" because the complaint lumped the defendants "together without identifying the specific actions each defendant took or failed to take during the incident giving rise to the action"). As the Tenth Circuit explained, "it is particularly important in a §1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011)(cleaned up). For this additional reason, Plaintiff has failed to properly allege a §1983 claim against Defendants.

*Dillenberg v. Watts*, 4:20-CV-458, 2021 U.S. Dist. LEXIS 128848, at * fn 23 (E.D. Tex. June 18, 2021), Adopted by, Dismissed by, in part, Dismissed by, Without prejudice, in part *Dillenberg v. Watts*, 2021 U.S. Dist. LEXIS 127872 (E.D. Tex., July 9, 2021).

### B.  Plaintiff's FIRST AMENDED COMPLAINT fails to make sufficient allegations of personal involvement by Sheriff Skinner

Plaintiff's FIRST AMENDED COMPLAINT exemplifies a lawsuit which fails to contain individualized allegations concerning Sheriff Skinner's alleged involvement in purported violations of Plaintiff's constitutional rights. The paucity of factual allegations against Sheriff Skinner is underscored by the only mention of him once [besides in the caption and the identity of parties] in the entire fifteen (15) page pleading, contained in COUNT 2, as follows:

> On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa. Said actions by Defendant Skinner are a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).[17]

The majority of the allegations indiscriminately intermix <u>all</u> of the other Defendants by global and generic reference[18], or more importantly, completely omit Sheriff Skinner. As previously noted, there are no factual allegations of any involvement <u>at all</u> by Sheriff Skinner - not even allegations regarding the Public Information Act request by Counsel Floyd as this was sent to the Sheriff's Office and submitted to the Texas Attorney General's Office by the Sheriff's Office, none of which involved Sheriff Skinner personally.  Plaintiff's solitary allegation against Sheriff Skinner, as a matter of law, is insufficient to aver any plausible claims against Sheriff Skinner.

---

[17] See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(y) pg. 13

[18] See, i.e., Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(z) pg. 13

**4.      Plaintiff has failed to plead any cognizable claim for "Conspiracy"**

To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); see also *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1990). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. See *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (en banc). Specific facts must be pleaded when a conspiracy is alleged; mere conclusory allegations will not suffice. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). The Fifth Circuit has noted that "charges as to conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or interference, as here, trifles light as air," will suffice to sustain a claim of conspiracy. *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955, reh. den.).

In *Shawn Ray v. Collin Co. Sheriff's Off.*, 4:20-cv-856, 2024 WL 1340586, 2024 U.S. Dist. LEXIS 57993, Adopted by, Motion denied by, Objection overruled by, Dismissed by, in part, Dismissed by, Without prejudice, in part, Judgment entered by *Shawn Ray v. Collin Co. Sheriff's Off.*, 2024 U.S. Dist. LEXIS 55751 (E.D. Tex., Mar. 27, 2024), a Plaintiff's conspiracy claim against Sheriff Skinner was dismissed, citing the foregoing authorities and holding:

> "In the instant case, Plaintiff fails to show a deprivation of a constitutional right. Furthermore, he provides nothing to substantiate his claim of conspiracy other than his bare and conclusory assertion that one existed. Accordingly, he wholly fails to state a conspiracy claim."

*Id* at 2024 U.S. Dist. LEXIS 57993, at *10.  Like in *Ray*, Plaintiff's conspiracy claim wholly fails.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas,** prays that the Court grant his Motion to Dismiss; that it dismiss Plaintiff's claims and pleas for damages, and that he have such other relief, at law or in equity, to which he is entitled.

Respectfully submitted,

By:      /s/ *Robert J. Davis* _____
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
 **SHERIFF JIM SKINNER, in his official capacity**
**as Sheriff of Collin County, Texas**,

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Douglas Floyd, Seth Kretzer, Colin Phillips, and Scot Graydon,

/s/ *Robert J. Davis* _____
**ROBERT J. DAVIS**