CAUSE NO. 471-02423-2021

| | | |
|---|---|---|
| PHILIP FLOYD, | § § § | IN THE 471ˢᵗ JUDICIAL |
| *Plaintiff – Arbitration Respondent,* | § § | |
| v. | § § | DISTRICT COURT |
| MMWKM ADVISORS, LLC, SERIES ERD I, and ELIAS DRAGON, | § § § § | |
| *Defendants – Arbitration Claimants.* | § | COLLIN COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING ORDER CONFIRMING ARBITRATION AWARD

The above-entitled action came before the Court, at an oral hearing on August 1, 2022, at 11:30 a.m., with Douglas Floyd appearing as counsel for Plaintiff and Ryan Hackney appearing as counsel for Defendant, on (1) Plaintiff's Motion for Continuance dated July 11, 2022, and (2) Defendants MMWKM Advisors, LLC, Series ERD I, and Elias Dragon's Application to Confirm Arbitration Award dated May 17, 2022. Because Plaintiff never alleged any facts or identified any evidence that would provide a basis to vacate an arbitration award under the limited grounds provided by the Texas General Arbitration Action, the Court issued an order confirming the arbitration award on August 1, 2022 in accordance with Section 171.087 of the Texas Civil Practice and Remedies Code. The Court now makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On January 1, 2019, the Parties entered into the Investment Advisor Agreement ("IAR Agreement"), which contains an arbitration provision by which the Parties agreed to arbitrate "all claims, disputes or controversies that may arise concerning this Agreement."

2. Following the end of Plaintiff's employment by Defendants on February 5, 2021, a dispute arose among the Parties.

3.     On April 8, 2021, Defendants filed an arbitration demand against Plaintiff with the American Arbitration Association (AAA), commencing the Parties' arbitration case, AAA Case No. 01-21-0002-6330.

4.     On May 3, 2021, Plaintiff filed an answer and counterclaims in the arbitration case.

5.     On May 7, 2021, Plaintiff commenced this action by filing his Original Petition for Declaratory Judgment, stating that Defendants' arbitration case was "based on allegations by Defendants that Plaintiff has violated the provisions in Exhibit A, paragraphs 5. and 7. To the IAR Agreement" and asking this Court to interpret the same agreement.

6.     On May 24, 2021, Defendants filed their motion to compel arbitration, and on June 1, 2021, Plaintiff filed his response to the same. On June 4, 2021, Defendants set their motion to compel arbitration on the Court's June 14, 2021 submission docket.

7.     On June 15, 2021, having considered Defendants' motion to compel arbitration, Plaintiff's response, the IAR Agreement, and the applicable law, this Court determined that (a) the Parties are bound by the IAR Agreement's arbitration provision, (b) all claims pleaded by Plaintiff are within the arbitration provision, and (c) Defendants did not waive their right to arbitration. Accordingly, this Court ordered the Parties to arbitration, and the Parties fully litigated their claims and counterclaims before the AAA.

8.     On May 16, 2022, after a final hearing in which the Parties all participated, the arbitration case concluded with Arbitrator Anne Ashby issuing the Final Award, which awarded Defendants a total of $1,400,340.08 to be paid within 30 days of issuance, consisting of:

    a. Damages in the amount of $939,370.20;

    b. Pre-Hearing Interest in the amount of $24,808.04; and

    c. Attorneys' Fees and Costs for the arbitration proceeding in the amount of $436,161.84.

9. The Final Award, which incorporates Arbitrator Ashby's Interim Award issued on March 14, 2022, is a reasoned award that contains eleven (11) pages of detailed findings of fact and conclusions of law disposing of Defendants' claims and Plaintiff's counterclaims.

10. On May 17, 2022, Defendants filed their Verified Application to Confirm Arbitration Award in this action, requesting this Court's confirmation of the Final Award and entry of final judgment incorporating the same.

11. On May 18, 2022, Plaintiff filed his first Objection to Confirmation of Arbitration Award, reciting each ground for vacatur listed in Section 10(a) of the Federal Arbitration Act. While Plaintiff made conclusory allegations of partiality and corruption by the arbitrator, Plaintiff failed to allege any actions by the arbitrator that would show actual partiality or corruption. Plaintiff identified certain legal rulings by the arbitrator with which he disagreed, but did not identify any evidence that would suggest that those rulings were caused by bias or corruption by the arbitrator.

12. On May 24, 2022, Defendants set their application to confirm the Final Award on June 20, 2022.

13. On June 14, 2022, Defendants re-set their application to confirm the Final Award on June 27, 2022.

14. Between June 15 and 27, 2022, Plaintiff filed eight motions for continuance of the hearing on Defendants' confirmation motion set on June 27, 2022.

15. On June 22, 2022, Plaintiff filed his motion to vacate the arbitration award, which alleges that a series of legal rulings by Arbitrator Ashby with which he disagrees as support for each ground for vacatur listed in Section 10(a) of the Federal Arbitration Act and "manifest disregard of the law." Again, while Plaintiff made conclusory allegations of partiality and

corruption by the arbitrator, Plaintiff did not allege any actions by the arbitrator that would show partiality or corruption. Nor did Plaintiff identify any evidence that would suggest that the arbitrator's rulings were caused by bias or corruption, or would otherwise support the limited grounds available to vacate an arbitration award.

16. On June 27, 2022, a visiting judge held a brief hearing and instructed the Parties to re-set the application for confirmation of the award and any other pending motions on a later date.

17. On June 28, 2022, Plaintiff filed a notice of his payment of a jury fee.

18. On June 30, 2022, Defendants re-set their application to confirm the Final Award on August 1, 2022, at 10:30 a.m.

19. On July 1, 2022, Plaintiff filed a proposed scheduling order.

20. On July 11, 2022, Plaintiff filed a motion for continuance of the August 1, 2022 hearing on Defendants' application for confirmation of the Final Award, asserting that he is entitled to a continuance to have a jury trial on whether this Court should confirm the Final Award.

21. On July 29, 2022, Defendants filed an opposition to Plaintiff's motion for continuance, noting that the Texas General Arbitration Act requires a hearing, not a trial, on whether to enter an arbitration award.

22. On August 1, 2022, at 11:30 a.m., the Court held a hearing on (1) Plaintiff's motion for continuance, and (2) Defendants' application to confirm the Final Award. At the hearing, Plaintiff was given the opportunity to identify what evidence he contends would show partiality or corruption by the arbitrator, but he did not identify any such evidence. Furthermore, Plaintiff did not identify any actions by the arbitrator that would provide a basis to vacate an arbitration award under the Federal Arbitration Act, the Texas General Arbitration Act, or any other legal authority. After considering the parties' submissions, the evidence, and counsel's arguments, this

Court denied Plaintiff's motion for continuance and issued a written order confirming and entering final judgment on the Final Award.

### CONCLUSIONS OF LAW

23. The IAR Agreement is a valid arbitration agreement, and the Parties are bound by that arbitration agreement.

24. The Parties' claims fall within the scope of that arbitration agreement, which requires the Parties to arbitrate "all claims, disputes or controversies that may arise concerning this Agreement."

25. In accordance with this Court's Order Granting Verified Motion to Abate and Compel Arbitration issued on June 15, 2022, the Parties arbitrated before the AAA, and their claims against one another were adjudicated on the merits in AAA Case No. 01-21-0002-6330.

26. At the conclusion of the arbitration case, Arbitrator Ashby issued the Final Award, which is a reasoned award issued in accordance with the Parties' arbitration agreement.

27. At this Court's hearing held on August 1, 2022, Defendants' application to confirm and enter final judgment on the Final Award was appropriately heard and decided by this Court "in the manner and with the notice required by law or court rule for making and hearing a motion filed in a pending civil action in district court." TEX. CIV. PRAC. & REM. CODE § 171.093.

28. Contrary to Plaintiff's assertions in its motions for continuance, no statute requires or authorizes a trial on confirming an arbitration award, and accordingly, Plaintiff's motion for continuance should not have been granted on that ground. Appellate courts in this state consistently reject appeals of arbitration awards on the basis that they did not receive a trial. *See, e.g.*, *Saks v. Rogers*, No. 04-16-00286-CV, 2017 WL 3159712, at *9 (Tex. App.—San Antonio July 26, 2017, pet. denied) ("Landen's brief provides no authority supporting her contention that the probate

court's order confirming the arbitration award mandates a jury trial."); *Blumberg v. Bergh*, No. 2-04-138-CV, 2005 WL 1047592, at *5 (Tex. App.—Fort Worth May 5, 2005, no pet.) ("Nothing in these cases, however, supports Blumberg's contention that federal due process mandates a jury trial or a summary judgment proceeding on an application to confirm an arbitration award."); *Mauldin v. MBNA Am. Bank, N.A.*, No. 2-07-208-CV, 2008 WL 4779614, at *5 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) ("A proceeding to confirm an arbitration award under 9 U.S.C.A. section 9 is a summary proceeding . . . [W]e hold that the trial court did not abuse its discretion by confirming the arbitration award without a jury trial.").

29. Plaintiff also failed to make the requisite showing for a continuance of the confirmation hearing because, in his motions for vacatur and continuance, he failed to allege facts that would—if true—support vacatur. *See, e.g., In re Campbell*, No. 09-20-00153-CV, 2020 WL 7251467, at *5 (Tex. App.— Beaumont Dec. 10, 2020, no pet.) (directing trial court to vacate its orders continuing confirmation hearing and ordering a deposition in anticipation of an evidentiary hearing on a motion to vacate based on the appellate court's conclusion that the "complained-of connections" between an arbitrator's son and a party's attorney that were "trivial and immaterial").

30. Instead, Plaintiff's motions for continuance and motion for vacatur merely identify rulings with which Plaintiff disagrees. Merely issuing a ruling that a party disagrees with, however, is not evidence of partiality or corruption. In summary, Plaintiff's motions fell short of alleging any facts that could support vacating, modifying, or correcting an arbitration award under Texas or federal law.

31. Accordingly, Texas and federal law required this Court to confirm the Final Award on August 1, 2022, as it did by its Order Confirming Arbitration Award and Final Judgment issued that day. *See* TEX. CIV. PRAC. & REM. CODE § 171.087 ("Unless grounds are offered for vacating,

modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.") (emphasis added); 9 U.S.C. § 9 (". . . the court must grant such an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 or 11 of this title.").

32.     In conclusion, because Plaintiff did not allege facts or identify evidence that would support vacating an arbitration award under the limited grounds provided in the Texas General Arbitration Act, this Court confirmed the arbitration award in accordance with Section 171.087 of the Texas Civil Practice and Remedies Code on August 1, 2022.

Signed this _____ day of December, 2022.

_____
**Judge Andrea Bouressa**
471st District Court