UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **PHILIP FLOYD** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:24-CV-00681** |
| **ANDREA K. BOURESSA,** *In her official* | § | |
| *capacity as a State of Texas District Court* | § | |
| *Judge for Collin County, Texas*, **RYAN** | § | |
| **HACKNEY, PATRICK YARBOROUGH,** | § | |
| **ELIAS DRAGON, MMWKM ADVISORS,** | § | |
| **LLC, SETH KRETZER AND JIM** | § | |
| **SKINNER,** *In his official capacity as Sheriff* | § | |
| *of Collin County, Texas,* | § | |
| *Defendants.* | § | |

---

**DEFENDANTS RYAN HACKNEY'S, PATRICK YARBOROUGH'S, ELIAS DRAGON'S, AND MMWKM ADVISORS, LLC'S FIRST AMENDED MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

---

## <u>INTRODUCTION</u>

Floyd's Amended Complaint utterly fails to cure the multiple fatal problems with his claims. After seeing the Defendants' motions to dismiss, Floyd attempted to cure the fatal defects through additional conclusory allegations, but those new allegations still fail to state a viable claim or to address the fatal jurisdictional defects in his claims. Because Floyd has demonstrated that he is unable to state a valid claim, this charade should come to an end.

Floyd's Complaint[1] is a bad faith abuse of the federal judicial system. While the Complaint reads like the handiwork of a pro se prisoner, Floyd's counsel is an experienced attorney who knows that the claims lack any merit. Floyd conjures up a grand conspiracy between a Judge, a Sheriff, and the parties and lawyers who have sought to hold him to his legal obligations for a single base purpose – retaliation. Floyd seeks to retaliate against Judge Bouressa for performing her duties as a Judge; against Sheriff Skinner for failing to institute a groundless investigation of Judge Bouressa; against Eli Dragon and MMWKM for seeking to enforce their legal rights; and against Ryan Hackney and Patrick Yarborough for representing Dragon and MMWKM against him in court. But Floyd fails to state a viable claim under Section 1983 against any defendant.

---

[1] Doc. 34, "Plaintiff's First Amended Complaint for Violation of Civil Rights."

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

Floyd's purported violation of his civil rights boils down to evidentiary complaints about two rulings by Judge Andrea Bouressa in Collin County District Court: (1) confirming an arbitration award against Floyd in favor of Dragon and MMWKM; and (2) appointing a receiver to collect on the arbitration award after Floyd refused to pay. Floyd contends that these rulings were based on insufficient evidence under Texas law. The claims against the defendants are based on a purported "conspiracy" to bring those rulings about. To be clear, the claims are nonsense – both rulings have been affirmed by the Texas Courts of Appeals, which reviewed the same allegations that Floyd makes in this proceeding and found them groundless. Floyd now seeks to repackage his complaints about the sufficiency of evidence for state court rulings as a matter of "civil rights." There are serious disputes concerning civil rights that have been fought and continue to be fought in this country, but this is not one of them.

Defendants Ryan Hackney and Patrick Yarborough ("the Attorney Defendants") and Defendants Eli Dragon or MMWKM Advisors, LLC ("the Private Party Defendants") (together with the Attorney Defendants, "the MMKWM Defendants") bring this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

As a preliminary matter, Floyd's claims fail against all Defendants because this Court lacks subject matter jurisdiction. "Under the Rooker-Feldman doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks' on state-court judgments." *Batista v. Carter*, 796 Fed. Appx. 209, (Mem)–210 (5th Cir. 2020). Because all of Floyd's claims are inextricably intertwined with his claim that Judge Bouressa's rulings are based on insufficient evidence under Texas law, and because this Court lacks jurisdiction to review the rulings in that state court proceeding, all of Floyd's claims must be dismissed.

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

Floyd's claims against the Attorney and Private Party Defendants also fail under Rule 12(b)(6) because Floyd has failed to state a claim. Floyd has not pled a viable basis under which state action can be attributed to them, as is required to state a claim under Section 1983, so the claims must be dismissed. He has also failed to state a cognizable harm under Section 1983, because the Texas appellate courts authorized to rule on the question have affirmed the district court rulings upon which he bases his claims, entirely rejecting Floyd's arguments that they were in error. Because this Court may take judicial notice that the Texas appellate courts have ruled that Floyd's complaints are baseless as a matter of law, the Court may dismiss Floyd's claims for failing to state a cognizable injury.

Finally, Floyd's claims against the Attorney Defendants fail because the claims all concern actions taken by the Attorney Defendants in representation of their clients, thus invoking attorney immunity. Under the principle of attorney immunity, the Attorney Defendants cannot be liable to Floyd for those actions. Accordingly, all claims against Defendants Hackney and Yarborough must be dismissed.

## **FACTUAL BACKGROUND**

The background to this dispute is that in early 2021 Philip Floyd chose to breach his contract with his employer, and since that time he has plunged into flailing efforts to avoid any accountability for his actions. After having been found the loser in arbitration, the loser in District Court, and a multi-time loser in the Texas Courts of Appeals and Supreme Court of Texas, Floyd's response in each instance has been to accuse the judge of corruption. Floyd's sad efforts to evade accountability have been abetted by his lawyer/father, Douglas Floyd.

4

Phillip Floyd was employed as an Investment Advisor Representative by Defendants Eli Dragon and MMWKM Advisors, LLC. In the second half of 2020 he conspired with a follow representative, Joseph Dowdall, on a plan to leave MMWKM and take clients and confidential information with them. They left MMWKM on February 5, 2021, and immediately put their plan into motion. Floyd's contract with MMWKM, however, contained an agreement whereby Floyd promised to pay an agreed price for any client relationships he accepted within two years of leaving MMWKM. Floyd refused to pay the agreed price, and MMWKM initiated a AAA arbitration against him.

Ryan Hackney and Patrick Yarborough are the attorneys who represented Eli Dragon and MMWKM Advisors, LLC in the AAA Arbitration, and in the subsequent state court proceedings to confirm the arbitration award and appoint a receiver. In the arbitration proceeding, Floyd was represented by his father, Douglas Floyd, who likewise represented him in the subsequent state court proceedings and in this proceeding.

In the AAA proceeding Floyd lied repeatedly under oath. The Arbitrator, Judge Anne Ashby, found that Floyd had violated his fiduciary duties and had breached multiple provisions of his contract. Judge Ashby awarded $1.4 million to RPOA. As in the current matter, Floyd responded to an adverse ruling by calling the Judge corrupt.

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

RPOA moved for confirmation of the arbitration award in Collin County District Court Cause No. 471-02423-2021 ("the Underlying Lawsuit"). Floyd opposed confirmation based on groundless allegations that Judge Ashby had been corrupt and dishonest in reaching her findings in the arbitration. What Floyd failed to do, however, was to identify any "corrupt" actions by Judge Ashby other than legal rulings that went against him. When asked what evidence he would present of the alleged corruption, Floyd was unable to identify any evidence beyond the same legal rulings. Because Floyd could not identify any allegedly "corrupt" acts by Judge Ashby that could possibly justify vacating an arbitration award, Judge Bouressa confirmed the arbitration award, as she was required to do under Texas law. It was this ruling by Judge Bouressa that is the basis of Floyd's claims in this case.

Floyd's "due process" complaint is that he was not given an opportunity to present evidence of corrupt acts by Judge Ashby that *he could not identify then and has never identified since*. To be clear, Floyd has never identified any factual basis that could possibly justify vacating the arbitration award under Texas or federal law. In this matter, Floyd yet again fails to identify what evidence he was supposedly prevented from presenting.

Floyd refused to pay the final judgment confirming the arbitration award against him. MMWKM then petitioned the Court to appoint a receiver to oversee collections on the judgment. On June 9, 2023, Judge Bouressa appointed Seth Kretzer as receiver. Floyd likewise complains that Mr. Kretzer was appointed as receiver based on insufficient evidence under Texas law, though the Texas Courts of Appeals disagree.

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

Floyd has filed seriatim appeals arising from his consistent losing in court, making the same bad faith arguments he raises in this proceeding. The Court of Appeals has affirmed all of Judge Bouressa's rulings and has consistently found Floyd's arguments to lack merit. Floyd has likewise appealed to the Texas Supreme Court, which, not surprisingly, has denied his meritless petitions for review and mandamus. The appellate proceedings, of which this Court may take judicial notice, include the following:

| Case Number | Court | Order Appealed by Floyd | Outcome (date) |
|---|---|---|---|
| 05-22-01147-CV | 5th Court of Appeals | Order Confirming Arbitration Award (8/1/2022) | Affirmed (12/12/2023) **[Exhibit A]** |
| 05-23-00638-CV | 5th Court of Appeals | Order Appointing Receiver (6/9/2023) | Affirmed (2/24/2024) **[Exhibit B]** |
| 05-23-01184-CV | 5th Court of Appeals | Order [Setting Show-Cause Hearing] (11/17/2023) | Mandamus Denied (11/23/2023) |
| 05-24-00192-CV | 5th Court of Appeals | Order for Turnover (2/21/2024) | Mandamus Denied (2/27/2024) |
| 24-0163 | Supreme Court of Texas | Order Confirming Arbitration Award (8/1/2022) | Petition for Review Denied (9/4/2024) **[Exhibit C]** |
| 05-24-00270-CV | 5th Court of Appeals | Order for Turnover (2/21/2024) | Still Pending |
| 24-0283 | Supreme Court of Texas | Order for Turnover (2/21/2024) | Mandamus Denied (5/17/2024) |
| 24-0337 | Supreme Court of Texas | Order Denying Motion for Rehearing En Banc (2/12/2024) | Mandamus Denied (5/31/2024) |

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

After failing in his attempt to slander Judge Ashby, Floyd decided to attack another judge. Floyd accused Judge Bouressa of corruption – again, based entirely upon her legal rulings against him – and moved for her to recuse twice. When she declined for the second time, he took the actions to retaliate against her that are related to his equally baseless allegations against Sheriff Skinner. Faced with Floyd's extortionate conduct, on June 6, 2024, Judge Bouressa recused from the case but noted that she was referring Floyd to the State Bar Disciplinary Committee.

Shortly after, Floyd opted for further retaliation, resulting in the current groundless action. Whether Floyd's purpose is to derail the actions of the receiver to collect on the judgment in the underlying proceeding, to delay the disciplinary action against Douglas Floyd, or simple spite, perhaps we will never know. But what we can ascertain at this time is that Floyd's claims should be dismissed.

## LEGAL STANDARD

Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear the case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.*

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal if a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "Dismissal is proper . . . 'if the complaint lacks an allegation regarding a required element necessary to obtain relief.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (quoting *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009)). *See also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir.2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions.") (internal quotation marks and citation omitted).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir.2011) (citations and internal quotation marks omitted). A court may take judicial notice of matters of public record. *Morris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)); *see also DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co., NA.,* 958 F.Supp.2d 738, 744–45 (W.D. Tex. 2013) (taking judicial notice of deed of trust and assignment document that had been recorded).

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

## ARGUMENT AND AUTHORITIES

### A. The Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, because the claims are a collateral attack on a state court judgment.

Floyd's Section 1983 claims against Defendants Hackney, Yarborough, Dragon, and MMWKM must be dismissed under Rules 12(b)(1) and 12(b)(6) because the court lacks subject matter jurisdiction over them.  His fundamental claim is that Judge Andrea Bouressa harmed him by issuing two orders – affirming an arbitration award and appointing a receiver – based on insufficient evidence under Texas law. He alleges that the Attorney Defendants, acting as attorneys on behalf of the Private Party Defendants, conspired with Judge Bouressa to bring about these rulings. His claims therefore are inextricably intertwined with his allegation that Judge Bouressa's rulings were incorrect. Under the *Rooker-Feldman* doctrine this Court lacks subject matter jurisdiction to consider this attack on a state court judgment.

"Under the *Rooker-Feldman* doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks' on state-court judgments." *Batista v. Carter*, 796 Fed. Appx. 209, (Mem)–210 (5th Cir. 2020). Stated another way, "[u]nder the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Guajardo v. State Bar of Tex.*, 803 Fed. Appx. 750, 753 (5th Cir. 2020). Floyd is precisely the kind of "state-court loser" the doctrine addresses.

The 5th Circuit explained the doctrine in *Liedtke v. State Bar of Texas*:

> Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and

corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. **The casting of a complaint in the form of a civil rights action cannot circumvent this rule**."

*Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (emphasis added). Thus, Floyd's option if he disagreed with Judge Bouressa's confirmation and receivership rulings was to appeal the orders to the appropriate state appellate courts – which he did and lost. His sole option then was to appeal to the United States Supreme Court, and somehow persuade the Justices that confirming an arbitration award against him violated his constitutional rights. What the doctrine does not allow is for Floyd to bring his complaints about state court rulings to a federal district court. And "the casting of a complaint in the form of a civil rights action cannot circumvent this rule." *Id.*

The Fifth Circuit has repeatedly held that framing a complaint as a Section 1983 civil rights complaint does not evade the *Rooker-Feldman* doctrine.  The Court recently rejected such an argument in *Batista v. Carter*:

> And that Batista frames his complaint as a civil-rights action does not save his suit from dismissal under this doctrine. **When a § 1983 suit is "inextricably intertwined" with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit**. Id. at 317–18 (collecting cases). Here, whether Defendants deprived Batista of any rights depends solely on the legal issues already ruled on in state court. For the district court to find in his favor, it would have to contradict the state-court judgment. Batista's § 1983 claim is, therefore, "inextricably intertwined" with that judgment, and the district court lacked jurisdiction to hear the suit. DISMISSED.

*Batista*, 796 Fed. Appx. 209, (Mem)—210 (emphasis added). Thus, where the plaintiff's Section 1983 claims would require the federal court to "contradict the state-court judgment," the plaintiff's claims are "inextricably intertwined" with the state-court judgment and must be dismissed. *See also Guarjardo*, 803 Fed. Appx. at 753 ("The doctrine also deprives federal district courts of

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

subject matter jurisdiction when 'allegations are inextricably intertwined' with the decision of the state courts."). This Court recently noted that "the Fifth Circuit 'has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent Rooker-Feldman.'" *Locke v. Rivera*, No. 422CV00256ALMCAN, 2023 WL 2606585, at *4 (E.D. Tex. Mar. 6, 2023), *report and recommendation adopted*, No. 4:22-CV-256, 2023 WL 2601202 (E.D. Tex. Mar. 22, 2023), *appeal dismissed*, No. 23-40208, 2023 WL 6476544 (5th Cir. June 9, 2023).

In this matter, it is plain that Floyd's claims against the Attorney Defendants and the Private Party Defendants are "inextricably intertwined" with his complaints about Judge Bouressa's rulings in state court. Put simply, if those rulings are correct, then he has nothing to complain about, so this case can only proceed if this Court can determine that the rulings were incorrect. But this court lacks subject matter jurisdiction to determine whether those rulings are correct or incorrect, and consequently it has no jurisdiction over Floyd's claims. Floyd's claims must be dismissed under Rules 12(b)(1) and 12(b)(6).

## B. Floyd has not stated a viable Section 1983 claim because Defendants Hackney, Yarborough, Dragon, and MMWKM are not state actors.

Floyd's Section 1983 claims against Defendants Hackney, Yarborough, Dragon, and MMWKM must be dismissed because he has not alleged and cannot allege state action by these private parties, as required to state a viable Section 1983 claim. "In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right **while acting under color of law**." *Toliver v. Braddy*, No.

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

420CV00132ALMCAN, 2021 WL 1086176, at *3 (E.D. Tex. Feb. 11, 2021), *report and recommendation adopted*, No. 4:20-CV-132, 2021 WL 1061386 (E.D. Tex. Mar. 19, 2021) (emphasis added). Federal courts routinely dismiss Section 1983 claims for failure to state a claim where the plaintiff's allegations do not establish that the defendant was acting as a state actor.

In *Ratliff v. Nix*, this Court stated: "To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level." *Ratliff v. Nix*, No. 6:16CV1030, 2017 WL 663677, at *2 (E.D. Tex. Jan. 4, 2017), *report and recommendation adopted*, No. 6:16CV1030, 2017 WL 661943 (E.D. Tex. Feb. 16, 2017). Courts have routinely held that attorneys acting on behalf of private parties are not state actors. This Court in *Ratliff* dismissed the Plaintiff's Section 1983 claims under Rule 12(b)(6) because, "Plaintiff does not allege any facts showing that Ms. Cluck is a state employee … the facts alleged by Plaintiff indicate that she is an attorney in private practice." *Id.*

In *Vanderbol v. Tuller*, this Court noted that "Section 1983 does not reach purely private conduct." *Vanderbol v. Tuller*, No. 4:18-CV-882-ALM-CAN, 2019 WL 5691818, at *14 (E.D. Tex. Aug. 26, 2019), *report and recommendation adopted*, No. 4:18-CV-882, 2019 WL 4686362 (E.D. Tex. Sept. 26, 2019). In that case, the Plaintiff sought to bring Section 1983 claims against an attorney and parties that had been opposed to him in civil litigation. The Court dismissed the claims for failure to state a claim, stating "Private attorneys, even if appointed by the court, are not official state actors, and generally are not subject to suit under § 1983." *Id.* at *15–16. In that case, as in this one, the Plaintiff alleged that there was some grand conspiracy between the attorneys and the parties to use the state courts against him, but the Court dismissed the Plaintiff's allegations, stating: "Plaintiff's allegations are conclusory and devoid of any specific facts to support an allegation that an agreement existed between Defendants to commit an illegal act, and that a

13

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

deprivation of constitutional rights occurred." *Id.* at *16. The Court further stated, "no state action is involved when the state merely opens its tribunals to private litigants." *Id.* at *15.

Likewise, the Fifth Circuit has stated that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). In *Sefiane v. Grove*, this Court dismissed Section 1983 claims brought by a prisoner against his prior court-appointed attorneys, noting that "plaintiff's claims against the defendants must fail because such defendants are not state actors." *Sefiane v. Grove*, No. 1:18CV277, 2018 WL 7204228, at *2 (E.D. Tex. Aug. 7, 2018), *report and recommendation adopted*, No. 1:18CV277, 2019 WL 448888 (E.D. Tex. Feb. 5, 2019); *see also Toliver v. Braddy*, No. 420CV00132ALMCAN, 2021 WL 1086176, at *3–4 (E.D. Tex. Feb. 11, 2021), *report and recommendation adopted*, No. 4:20-CV-132, 2021 WL 1061386 (E.D. Tex. Mar. 19, 2021) (dismissing Section 1983 claims brought against a defense attorney and court-appointed investigator on the grounds that Plaintiff had failed to allege facts showing that they were state actors); *Amir-Sharif v. Dallas Cnty. Pub. Defs. Office*, 233 Fed. Appx. 364, 365 (5th Cir. 2007) (Affirming dismissal of Section 1983 claims against defense attorneys on the grounds that they are not state actors).

Based on these precedents, there is no plausible basis to conclude that the Attorney Defendants or the Private Party Defendants were "acting under color of law," as required to state a viable Section 1983 claim. Eli Dragon and MMWKM are private parties who sought to pursue their legal rights in court. Ryan Hackney and Patrick Yarborough are the attorneys in private practice who represented them in court. Floyd's Complaint acknowledges these facts, and does not

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

assert that they acted in any official capacity or wielded any government power. Accordingly, Floyd has not pleaded a cognizable Section 1983 claim, and the claims must be dismissed.

Floyd will presumably argue that the actions of the Attorney Defendants and the Private Party Defendants can somehow be attributed to the state because he has stated that there was a "conspiracy." But Floyd's allegations of a conspiracy are entirely conclusory. He alleges that the defendants conspired with Judge Bouressa to confirm the arbitration award based on insufficient evidence, but does not identify any specific action by the defendants other than moving for the court to confirm the arbitration award and moving to appoint a receiver – actions that lawyers in private practice request, and that courts grant, every day of the week. Floyd further alleges that the defendants conspired with Judge Bouressa to submit a false "Findings of Fact" to the Texas court of appeals, but again the allegation is purely conclusory. That allegation  regarding the "Findings of Fact" also concerns purported actions after Floyd had filed his appeal, so even if it were true, it could not be the basis for a conspiracy to confirm the arbitration award in the first place. The allegation is also implausible – if the statement of findings of fact were in fact false, Floyd would have been able to demonstrate that falsity to the Texas Court of Appeals – which he entirely failed to do. Nor has he identified what part of the "Findings of Fact" he purports to be false – ***despite having two opportunities to do so***. Floyd's repeated failure to identify the purportedly false statement is by itself fatal to his claims. Waiving his hands and shouting "conspiracy" is not sufficient to state a legal claim.

Floyd attempted to rectify these problems in the Amended Complaint by adding the allegation:

> "On or about December 8, 2022, Defendant Hackney and Defendant Yarborough conspired to provide Defendant Bouressa with falsified FOFCOL in response to the order from the Court of Appeals. By providing Defendant Bouressa with the

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

falsified proposed FOFCOL, Defendant Hackney and Defendant Yarborough made a false representation of a material fact that was made knowingly and recklessly, with the intent that others rely on it."

The problem with Floyd's amended allegation is that filings in Texas court proceedings are a matter of public record, and the public record shows that ***Judge Bouressa did not adopt the FOFCOL filed by Defendants Hackney and Yarborough***. Exhibit ▊ is the proposed FOFCOL filed by Defendants Hackney and Yarborough on December 8, 2024. Exhibit ▊ is the FOFCOL that Judge Bouressa filed on December 9, 2024. The Court may take judicial notice that these two filings are not the same; Judge Bouressa independently drafted the FOFCOL relied on by the Court of Appeals. Put simply, by making the amended allegation Floyd has "made a false representation of a material fact … knowingly and recklessly, with the intent that others [i.e., the Court] rely on it." Putting aside Floyd's attempted misrepresentation, even if Floyd's allegation were true, it would still not be evidence of a conspiracy for a court to adopt an order or FOFCOL proposed by a party – that is a standard practice in state and federal courts. Even if Floyd's lie were true, it would not salvage his claims.

Federal Courts regularly reject attempts by plaintiffs like Floyd to manufacture state action by private parties through unsupported allegations of a "conspiracy." In considering similar allegations of conspiracy in a Section 1983 case, the Fifth Circuit in *Priester v. Lowndes Cnty.* stated that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). The Court found that "[t]he district court correctly determined that Priester's complaint failed to allege a conspiracy" where "the complaint does not allege an agreement between Ward and the coaches to commit an illegal act, nor does it allege specific facts to show an agreement." *Id.* Similarly, in *Moody v. Farrell* the Fifth Circuit found there was no basis to conclude that a party who sought the arrest of his ex-wife

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

was a state actor for purposes of Section 1983 where the party filed a criminal complaint and encouraged law enforcement officers to investigate his claims, but where there was no indication that the police officers did not perform their investigation and duties independently of the parties' actions. *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017).

Similarly, in this case, Floyd fails to allege any specific facts regarding the purported conspiratorial agreement – when it was made, why it was made, the parts played by each participant, or the specific intent of the parties to commit an illegal act. The only specific acts mentioned are that the private parties moved to confirm an arbitration award and to appoint a receiver, and that Judge Bouressa granted those motions based on evidence that Floyd says was insufficient, but which the Texas Courts of Appeals found to be sufficient. As in *Moody*, there is no indication whatsoever in Floyd's Complaint that Judge Bouressa did not perform her functions as a judge independent of any motions or requests by the private parties. The only actions actually pleaded by Floyd are that the parties asked Judge Bouressa to rule in their favor – as private parties do in every lawsuit – and that Judge Bouressa decided those motions against Floyd. These allegations are insufficient under Fifth Circuit precedent to turn private parties into state actors. The Fifth Circuit has made clear that a "private citizen does not become a state actor merely by filing a private civil action." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999).

This Court in *Vanderbol*, which likewise addressed broad conspiracy allegations against all of the courts and lawyers involved, concluded that allegations of "[f]iling motions and other pleadings and engaging in the representation of his client" was not sufficient to render the attorneys involved into state actors. *Vanderbol*, 2019 WL 5691818, at *15. As in that case, Floyd's Section 1983 claims must be dismissed under Rule 12(b)(6) because he has failed to state a plausible basis

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

to conclude that the Attorney Defendants and the Private Party Defendants were acting under color of law.

**C. Floyd has failed to state a plausible claim that he has been deprived of a constitutional right.**

To state a viable Section 1983 claim, Floyd must allege not only that the defendant acted under color of law but that because of the defendant's action he was "deprived of a right secured by the Constitution or laws of the United States." *Toliver,* 2021 WL 1086176, at *3. This Floyd has failed to do.

Floyd alleges that his due process rights were violated because Judge Bouressa granted a motion to confirm an arbitration award and a motion to appoint a receiver based on evidence that Floyd claims was insufficient under Texas law. His claims are based on the premise that Judge Bouressa's rulings were incorrect under Texas law – because ***if the rulings were correct, then his rights cannot have been violated***. The problem for Floyd is that he has already brought his complaints to the courts authorized to determine whether Judge Bouressa's rulings were incorrect under Texas law – the Texas Fifth Court of Appeals. And that Court has ruled that Judge Bouressa's rulings were correct as a matter of law. That Court has ruled that ***Floyd's complaints about the sufficiency of the evidence are simply incorrect.***

Attached to this Motion to Dismiss are the relevant orders from the Texas appellate courts, which are attached not as evidence but as matters of law of which the Court may take judicial notice:

- Exhibit A: December 12, 2023 Order by Fifth Court of Appeals affirming the August 1, 2022 Order confirming the arbitration award.

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

- Exhibit B: December 24, 2024 Order by Fifth Court of Appeals affirming the June 9, 2023 Order appointing Seth Kretzer as Receiver.

- Exhibit C: September 4, 2024 Denial of Petition for Review by Supreme Court of Texas of the Order in Exhibit A regarding confirmation of the arbitration award.

This Court may take judicial notice of the rulings of the Texas Courts of Appeals – particularly where a Texas Court of Appeals has already found that the fundamental premise of Floyd's claims is wrong as a matter of law. *See Morris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007) (noting that a court may take judicial notice of matters of public record). Because this matter has been ruled on by the courts authorized to do so – and because, as discussed above, this court lacks jurisdiction to overrule a Texas court on these matters – then this Court must conclude that Floyd cannot prevail on his claims because the fundamental premise behind his claims has been rejected as a matter of law. Because Judge Bouressa's rulings have been ruled to be correct as a matter of law, there is no set of facts under which Floyd could prevail on his claims against the Attorney Defendants and the Private Party Defendants. They cannot have conspired with Judge Bouressa to bring about an improper ruling if the rulings were proper. Because the Texas Court of Appeals has determined they were proper, Floyd's claims must fail.

A further basis to deny Floyd's Section 1983 claims under Rule 12(b)(6) is that he has not stated a cognizable claim for harm. Again, the harm he purports to have suffered is that Judge Bouressa confirmed an arbitration award against him and appointed a receiver to collect on that award. But if those rulings by Judge Bouressa were proper – as the Texas Court of Appeals has already determined – then Floyd cannot claim to have been harmed by any wrongful act. Those rulings against him are not a cognizable harm, they are just the natural consequences of his actions as someone who breaches contracts and doesn't pay money he owes.

19

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

For yet another basis to deny Floyd's claim under Rule 12(b)(6), he has failed to state with specificity what evidence he was purportedly prevented from presenting by Judge Bouressa's ruling, and he has failed to explain how it would have led to the vacating of the arbitration award against him. As discussed above, Floyd's "due process" complaint is that he was not given an opportunity to present evidence of "corrupt" acts by the arbitrator, Judge Anne Ashby. But he has never identified, then or now, any corrupt act that would merit vacating an arbitration award, nor has he identified what evidence he could present of the alleged corruption. As in this matter, Floyd accuses judges of corruption when they rule against him. But because he has not identified what evidence he could have presented that would have led to a different result on confirmation of the arbitration award, he has not stated a cognizable harm with sufficient specificity to survive Rule 12(b)(6).

### D. Floyd's claims against Defendants Hackney and Yarborough are barred by Attorney Immunity.

Floyd's claims against the Attorney Defendants are barred by attorney immunity. "Attorney immunity in Texas is a 'comprehensive affirmative defense protecting attorneys from liability to non-clients.'" *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). "[T]he attorney immunity doctrine under Texas law generally insulates a lawyer from civil liability to a non-client for conduct performed as part of the discharge of the lawyer's duties to his client." *Ironshore Europe DAC v. Schiff Hardin*, L.L.P., 912 F.3d 759, 764 (5th Cir. 2019). This immunity applies even if the plaintiff alleges that the attorney's conduct was "wrongful" or "fraudulent." *Id.* "Attorney immunity applies to all 'actions taken in connection with representing a client in litigation,' even wrongful conduct that is 'part of the discharge of the lawyer's duties in representing his or her client,' as long as it is not

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

'entirely foreign to the duties of an attorney.'" *Id.* at 767. "Whether an attorney's conduct was in the scope of his representation of a client is a legal question." Thus, a court may conclude that attorney immunity applies as a matter of law based on the plaintiff's pleadings.

Federal courts routinely dismiss under Rule 12(b)(6) claims by third parties against attorneys relating to the legal services they have provided. In *Ironshore*, the Fifth Circuit reversed the district court's denial of a 12(b)(6) motion filed by attorneys, stating: "Immunity is established on the face of the complaint, which alleges only misrepresentations and omissions related to the Hinson litigation, in which Schiff Hardin undisputedly represented Ironshore's insured Dorel in the defense of a products liability case." *Ironshore*, 912 F.3d at 767; *see also Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 670917, at *7 (E.D. Tex. Feb. 14, 2022), *report and recommendation adopted*, No. 4:21-CV-384, 2022 WL 657967 (E.D. Tex. Mar. 4, 2022) ("In Texas, 'attorney immunity'—an attorney's defense to claims by non-clients in association with the attorney's actions in representing a client in litigation—is properly characterized as a true immunity from suit, not as a defense to liability."); *Rocha v. Truist Fin. Corporation*, No. 4:20-CV-00648-O, 2020 WL 6493769, at *2 (N.D. Tex. July 31, 2020) ("[I]nclusion of the lawyers cannot survive Rule 12(b)(6) because the attorney immunity rule bars claims against lawyers for conduct that was part of their discharge of duties related to the lawsuit."). *Reece v. U.S. Bank Nat. Ass'n*, No. 4:13-CV-982-O, 2014 WL 301022, at *5 (N.D. Tex. Jan. 28, 2014), *aff'd*, 762 F.3d 422 (5th Cir. 2014) (dismissing claims against attorneys under Rule 12(b)(6) on basis of attorney immunity).

Because it is plain on the face of Floyd's Complaint that Defendants Hackney and Yarborough were acting as attorneys on behalf of the Private Party Defendants, they are immune to his claims under well-established precedent. Accordingly, Floyd's claims against them must be dismissed under Rule 12(b)(6).

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

The fact that Floyd has alleged that the actions of the Attorney Defendants were "wrongful" or "criminal" is irrelevant. The only question considered by the Court is whether the alleged actions were in the scope of representation of the client, not whether the plaintiff calls the actions wrongful or fraudulent. *Ironshore*, 912 F.3d at 764. The Fifth Circuit has made clear that "immunity can apply even to criminal acts so long as the attorney was acting within the scope of representation." *Troice*, 921 F.3d at 507. To be clear, the Attorney Defendants strongly dispute that there was anything wrongful about their actions, and they find Floyd's allegations in this regard to be dishonest and repugnant. Floyd's casual allegations of criminality in his continuing effort to avoid paying a judgment speak more to his character than to that of any of the parties he has slandered in this proceeding. However, for purposes of determining attorney immunity in this matter, his allegations are simply irrelevant.

## **CONCLUSION**

For the reasons discussed above, Defendants request that the Court dismiss Floyd's claims against Defendants Ryan Hackney, Patrick Yarborough, Eli Dragon, and MMWKM Advisors, LLC pursuant to Rules 12(b)(1) and 12(b)(6).

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*

Dated:  October 4, 2024                                       Respectfully submitted,

                                                             AHMAD, ZAVITSANOS & MENSING P.L.L.C.

                                                             */s/ Colin B. Phillips*
                                                             Colin B. Phillips
                                                             Texas Bar No. 24105937
                                                             1221 McKinney St., Suite 2500
                                                             Houston, Texas 77010
                                                             Tel: (713) 655-1101
                                                             Fax: (713) 655-0062
                                                             cphillips@azalaw.com

                                                             *Attorney-in-Charge for Defendant*

OF COUNSEL:

Ryan Hackney
Texas Bar No. 24069850
AHMAD, ZAVITSANOS & MENSING, P.L.L.C.
1221 McKinney St., Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
rhackney@azalaw.com

Patrick Yarborough
Texas Bar No. 24084129
FOSTER YARBOROUGH PLLC
917 Franklin St., Suite 220
Houston, Texas 77002
Tel: (713) 331-5254
Fax: (713) 513-5202
patrick@fosteryarborough.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

                                                             */s/ Colin Phillips*
                                                             Colin Phillips

23

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's First Amended Motion to Dismiss*