IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **PHILIP FLOYD** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 4:24-cv-00681** |
| | § | |
| **ANDREA K. BOURESSA, In her** | § | |
| **official capacity as a State of Texas** | § | |
| **District Court Judge for Collin** | § | |
| **County, Texas;** *et al.,* | § | |
| *Defendants.* | § | |

_____

**JUDGE BOURESSA'S MOTION TO STRIKE PLAINTIFF'S AMENDED
COMPLAINT [DOC. 34]**

_____

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Defendant Judge Andrea Bouressa ("Judge Bouressa") and files this

Motion to Strike Plaintiff's Amended Complaint (Doc. 34):

**I.
INTRODUCTION**

On July 29, 2024, Plaintiff Philip Floyd ("Plaintiff") filed his Original Complaint naming

Judge Bouressa, the Presiding Judge of the 280th District Court of Harris County, Texas, as a

defendant, among others.   (Doc. 1, p. 1).

On August 8, 2024, Judge Bouressa filed her Motion to Dismiss.   (Doc. 13).   Plaintiff has

responded to the Motion on August 30, 2024 (Doc. 25) and a Reply Brief was filed on September

4, 2024.   (Doc. 32).

The Motion to Dismiss is ripe for a ruling.

On September 16, 2024, without seeking leave of Court, Plaintiff filed his First Amended

Complaint.   (Doc. 34).

Judge Bouressa moves to strike the First Amended Complaint because it is futile and because of the needless delay caused by this filing.

Because Plaintiff has not complied with the Rules and because the First Amended Complaint is futile, Judge Bouressa asks this Court to strike the First Amended Complaint and rule on the pending Motions to Dismiss.   (Doc. 13).

**II.**
**MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff has not complied with Rule 15(a) to amend his complaint, and even if he should try, such an amendment would be futile.   Responding to his futile amendment would prejudice Judge Bouressa by dragging out the dismissal of a lawsuit which is already conclusively barred by the immunities and defects which have been fully briefed and ripe for decision.   (Doc. 13).

**A.      Plaintiff did not Comply with Rule 15(a)**

Plaintiff was only allowed to amend once without seeking leave if the amendment was filed within 21 days of the filing of Judge Bouressa's motion to dismiss.   FED. R. CIV. P. 15(a)(1)(B). He did not do so.   Judge Bouressa's motion, brought under Rule 12, was filed on August 8, 2024, so any Amended Complaint without leave needed to be filed on or before August 29, 2024. FED. R. CIV. P. 15(a)(1)(B).

Rule 15 allows Plaintiff the ability to amend his complaint with leave of court if he demonstrates that "justice so requires" allowing the amendment.   FED. R. CIV. P. 15(a)(2). Plaintiff did not seek leave or show ANY good cause as to why justice requires that he be allowed to amend his complaint.   Indeed, there is no good cause.   Further, even if good cause were presented, the court should deny leave to amend because amendment would be futile.

## B.      Amendment Would Be Futile

Even if Plaintiff requested leave to amend, that does not mean the court should grant leave. "[A] motion to amend should be denied if amending a claim would be futile." *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 266 (N.D. Tex. 2014)*, citing Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 320–321 (5th Cir.1991). "The liberal amendment rules of F.R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (5th Cir.1968).   Amending would be futile "if the complaint as amended would be subject to dismissal." *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)*, quoting Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir.2009).

The First Amended Complaint does not cure the defects requiring dismissal and raised and fully briefed in the Motions to Dismiss.   (Doc. 13).   These reasons include judicial immunity, immunity under the Eleventh Amendment, the *Younger* abstention doctrine (or in the alternative, the *Rooker-Feldman* doctrine), Plaintiff's lack of standing and failure to state a claim upon which relief may be granted.   (Doc. 13).   In his First Amended Complaint (Doc. 34), Plaintiff has not overcome any of these fatal defects.

Indeed, the substantive changes he makes conclusively demonstrate that his claims against Judge Bouressa are jurisdictionally barred: "Plaintiff seeks equitable or declaratory relief from said Judgment from this Court" (Doc. 34, p. 5), relief that is barred under either the *Younger* or *Rooker-Feldman* doctrine no matter how he suggests otherwise.   Similarly, his collateral attack on the state court findings of fact and conclusions of law (Doc. 34, p. 5, ¶ e) are barred: "Under the *Rooker–Feldman* Doctrine, this court has no authority to review and undo the State Court's findings of fact and conclusions of law. The court, therefore, must accept as valid the Judgment." *In re Spirit of Prayer Ministries, Inc*., No. 07-43858-DML-11, 2009 WL 3049206, at *2 (Bankr.

N.D. Tex. Sept. 23, 2009).

Again, Judge Bouressa asks the Court to rule on the pending Motion to Dismiss (Doc. 13) with respect to Plaintiff's claims.

Amending the complaint at this stage would be futile and would prejudice Judge Bouressa.

## C.      Prejudice to Judge Bouressa

Judge Bouressa is prejudiced because Plaintiff's litigation is simply a harassment of her, and Plaintiff is attempting to drive up legal expenses and waste the time of Judge Bouressa in defending this frivolous lawsuit.   Plaintiff and his attorney are aware that his claims against Judge Bouressa are barred by multiple immunities, but he chooses to persist in filing meritless pleadings to avoid a determination of his claims.   Indeed, he has already repeatedly sought review of Judge Bouressa's decisions through the state court appellate system and has been unsuccessful at every turn.   *See Floyd v. MMWKM Advisors, LLC*, No. 05-22-01147-CV, 2023 WL 8595693 (Tex. App.- Dallas Dec. 12, 2023), *rev. denied* (July 12, 2024), *pet. for rehg. denied* (August 23, 2024); *Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 WL 549036, at *1 (Tex. App.- Dallas Feb. 12, 2024); *In re Floyd*, No. 05-24-00192-CV, 2024 WL 807171 (Tex. App.- Dallas, Feb. 27, 2024); *In re Floyd*, No. 05-23-01184-CV, 2023 WL 8230621 (Tex. App.- Dallas, Nov. 28, 2023).

Indeed, as Judge Bouressa has recused from the state court proceeding, she is not able to provide any equitable relief to redress alleged injuries.

The burden on Judge Bouressa by the prolonging of this lawsuit is considerable. *See* , e.g., *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (the burden on a government official of proceeding in a lawsuit is very high as a matter of law); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("If a Government official is to devote

time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed").

Judge Bouressa is prejudiced by Plaintiff's repeated attempts to avoid rulings on the motion to dismiss and the prolonging of this matter despite the immunities from suit proffered by her.   (Doc. 13).

Because of this, Judge Bouressa asks this Court to strike Plaintiff's First Amended Complaint and proceed to rule on the pending Motion to Dismiss (Doc.s 34 and 13, respectively).

## IV.
## CONCLUSION

This Court should strike Plaintiff's First Amended Complaint (Doc. 34) and dismiss Plaintiff's lawsuit for the reasons proffered in Judge Bouressa's Motion to Dismiss.   (Doc. 13).

WHEREFORE, Defendant Judge Dianne Bouressa prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA

Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
Southern ID No. 719112
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE DIANNE BOURESSA*

## CERTIFICATE OF CONFERENCE

I certify that on October 10, 2024, the undersigned counsel has conferred by telephone with Plaintiff's counsel, per Local Rule CV-7 (h).   The participants gave each other the opportunity to express his views concerning the disputes, compared views and had a discussion in an attempt to resolve their differing views before coming to court. The undersigned and Plaintiff's counsel each put forth a sincere effort in which the participants presented the merits of their respective positions and meaningfully assessed the relative strengths of each position.   Even after this conference, Counsel cannot agree about the disposition of the motion.

Separately, the undersigned conferred with Counsel for co-defendants, and they are unopposed to this motion.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Bouressa's Motion to Strike Plaintiff's Amended Complaint* was served on the **10th day of October, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General