IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP FLOYD<br>　　*Plaintiff*,<br><br>v.<br><br>ANDREA K. BOURESSA, In her official capacity as a State of Texas District Court Judge for Collin County, Texas; *et al.*,<br>　　*Defendants*. | §<br>§<br>§<br>§  Case No. 4:24-cv-00681<br>§<br>§<br>§<br>§<br>§<br>§ |

___

**JUDGE BOURESSA'S MOTION TO STRIKE
PLAINTIFF'S SUR-REPLY [DOC. 36]**
___

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Defendant Judge Andrea Bouressa ("Judge Bouressa") and files this Motion to Strike Plaintiff's Sur-Reply (Doc. 36):

**I.
INTRODUCTION**

On July 29, 2024, Plaintiff Philip Floyd ("Plaintiff") filed his Original Complaint naming Judge Bouressa, the Presiding Judge of the 280th District Court of Harris County, Texas, as a defendant, among others.   (Doc. 1, p. 1).

On August 8, 2024, Judge Bouressa filed her Motion to Dismiss.   (Doc. 13).   Plaintiff has responded to the Motion on August 30, 2024 (Doc. 25) and a Reply Brief was filed on September 4, 2024.   (Doc. 32).

On September 20, 2024, without seeking leave of Court, Plaintiff filed his Sur-Reply to Judge Bouressa's Motion to Dismiss.   (Doc. 36).

## II.
## MOTION TO STRIKE PLAINTIFF'S SUR-REPLY

Judge Bouressa moves to strike the Sur-Reply because it is untimely and futile and because of the needless delay caused by this filing.

**A.  Sur-Reply is Untimely**

Under the Local Rules, if Plaintiff files a sur-reply, that pleading "may be served and filed within seven days from the date the reply is served."  LOCAL RULE CV-7(f).

As the Reply Brief was filed on September 4, 2024 (Doc. 32), the deadline for a sur-reply was September 11, 2024.   No Sur-Reply was filed by that date.

Plaintiff did not seek leave or show ANY good cause as to why he should be allowed to file a Sur-Reply out of time.   Indeed, there is no good cause.   Further, even if good cause were presented, the court should strike the Sur-Reply because it's arguments are futile.

**B.  Sur-Reply Arguments Are Futile**

Plaintiff's Sur-Reply does not address the undisputed reasons for dismissal of the claims against Judge Bouressa, which include:

1. Plaintiff lacks standing to bring claims based on the Texas Penal Code against Judge Bouressa because there is no private right of action under these statutes.

2. To the extent that Plaintiff intended to assert state tort claims of fraud (or any other state tort claim), those claims are barred by sovereign immunity.

3. Plaintiff's claims for monetary relief against Judge Bouressa (if any are sought) are barred by judicial immunity.

4. Plaintiff lacks standing to bring equitable claims against Judge Bouressa because of a lack of redressability.

These issues are unopposed, as was briefed in the Reply Brief (Doc. 32, pp. 2-3) and Plaintiff does not address them in his Sur-Reply. (Doc. 36).

Moreover, the arguments Plaintiff presents are clearly legally incorrect. Plaintiff argues that the *Rooker-Feldman* doctrine[1] should not apply because Judge Bouressa's entry of findings of fact and conclusions of law are "an independent source of the injury to Plaintiff." (Doc. 36, p. 2). This reflects a fundamental misunderstanding of what findings of fact and conclusions of law are, and what purpose they serve. Findings of fact and conclusions of law are not "evidence" as Plaintiff claims (Doc. 36, p. 2), they are rulings of the state court. The findings of fact and conclusions of law explain the basis for the state court's decisions, in this case, the judgments.

Plaintiff's Sur-Reply admits his knowledge of this: "Findings of fact assist the losing party by ascertaining the true basis for the trial court's decision." (Doc. 36, p. 3, citing *Nicholas v. Env't Sys. (Internat'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.— Houston [14th Dist.] 2016, pet. denied).

As a matter of law, his collateral attack on the state court findings of fact and conclusions of law (Doc. 36, p. 2) are STILL barred by the *Rooker-Feldman* doctrine: "Under the *Rooker–Feldman* Doctrine, this court has no authority to review and undo the State Court's findings of fact and conclusions of law. The court, therefore, must accept as valid the Judgment." *In re Spirit of Prayer Ministries, Inc.*, No. 07-43858-DML-11, 2009 WL 3049206, at *2 (Bankr. N.D. Tex. Sept. 23, 2009).

---

1 Again, the *Rooker-Feldman* doctrine, which requires a state court judgment to be final, only applies if the appeal of the state court matter has concluded. If it has not done so, the *Younger* doctrine applies, as was previously briefed. (Doc. 13, pp. 6-7). At a minimum, the state court appeal was ongoing at the time Plaintiff filed this suit.

Nevertheless, Plaintiff's Sur-Reply is a continual attack (Doc. 36, pp. 4-9) on the state court's findings of fact and conclusions of law, which (if the state court judgment is final) is impermissible under the *Rooker-Feldman* doctrine. *Id.*

C. **Prejudice to Judge Bouressa**

Judge Bouressa is prejudiced because Plaintiff's litigation is simply a harassment of her, and Plaintiff is attempting to drive up legal expenses and waste the time of Judge Bouressa in defending this frivolous lawsuit. The burden on Judge Bouressa by the prolonging of this lawsuit is considerable. *See* , e.g., *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (the burden on a government official of proceeding in a lawsuit is very high as a matter of law); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed").

Judge Bouressa is prejudiced by Plaintiff's repeated attempts to avoid rulings on the motion to dismiss and the prolonging of this matter despite the immunities from suit proffered by her. (Doc. 13).

Plaintiff is aware that Judge Bouressa has recused from the state court proceeding, and she is not able to provide any equitable relief to redress alleged injuries. This suit was brought only after Plaintiff already unsuccessfully appealed both the judgment and a subsequent Amended Order Appointing Receiver, although some final dregs of the appellate process remained at the time of filing. *See Floyd v. MMWKM Advisors, LLC*, No. 05-22-01147-CV, 2023 WL 8595693 (Tex. App.- Dallas Dec. 12, 2023), *rev. denied* (July 12, 2024) (pet. for rehg. filed July 17, 2024); *Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 WL

549036, at *1 (Tex. App.- Dallas Feb. 12, 2024).  Plaintiff has additionally unsuccessfully attempted to mandamus Judge Bouressa twice.  *In re Floyd*, No. 05-24-00192-CV, 2024 WL 807171 (Tex. App.- Dallas, Feb. 27, 2024); *In re Floyd*, No. 05-23-01184-CV, 2023 WL 8230621 (Tex. App.- Dallas, Nov. 28, 2023).  Further, Plaintiff has unsuccessfully tried to mandamus Justice Bonnie Goldstein of the Fifth Court of Appeals related to the opinion she issued[2].

Because of this, Judge Bouressa asks this Court to strike Plaintiff's Sure-Reply (Doc. 36) and proceed to rule on the pending Motion to Dismiss. (Doc.13).

## IV.
## CONCLUSION

This Court should strike Plaintiff's Sure-Reply (Doc. 36) and dismiss Plaintiff's lawsuit for the reasons proffered in Judge Bouressa's Motion to Dismiss.   (Doc. 13).

WHEREFORE, Defendant Judge Dianne Bouressa prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

---

[2] Although the denial of mandamus against Justice Goldstein is not available on Westlaw at this time, the docket on the Supreme Court's website reflects the denials of a petition for writ of mandamus and a rehearing of the denial.  Judge Bouressa asks this Court to take judicial notice of this fact, and the docket is publicly available at https://search.txcourts.gov/Case.aspx?cn=24-0337&coa=cossup, last checked on August 2, 2024.

                    JAMES LLOYD
                    Deputy Attorney General for Civil Litigation

                    KIMBERLY GDULA
                    Chief, General Litigation Division

                    */s/ Scot M. Graydon*
                    SCOT M. GRAYDON
                    Assistant Attorney General
                    Texas Bar No. 24002175
                    Southern ID No. 719112
                    OFFICE OF THE ATTORNEY GENERAL
                    P.O. Box 12548, Capitol Station
                    Austin, Texas 78711-2548
                    (512) 463-2120 / Fax (512) 320-0667
                    Scot.Graydon@oag.texas.gov

                    *ATTORNEYS FOR DEFENDANT JUDGE DIANNE BOURESSA*

## CERTIFICATE OF CONFERENCE

      I certify that on October 10, 2024, the undersigned counsel has conferred by telephone with Plaintiff's counsel, per Local Rule CV-7 (h). The participants gave each other the opportunity to express his views concerning the disputes, compared views and had a discussion in an attempt to resolve their differing views before coming to court. The undersigned and Plaintiff's counsel each put forth a sincere effort in which the participants presented the merits of their respective positions and meaningfully assessed the relative strengths of each position. Even after this conference, Counsel cannot agree about the disposition of the motion.

      Separately, the undersigned conferred with Counsel for co-defendants, and they are unopposed to this motion.

                                    /s/ Scot M. Graydon
                                    **SCOT M. GRAYDON**
                                    Assistant Attorney General

## CERTIFICATE OF SERVICE

      I certify that a copy of the above *Judge Bouressa's Motion to Strike Plaintiff's Sur-Reply* was served on the **10th day of October, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

      /s/ Scot M. Graydon
      **SCOT M. GRAYDON**
      Assistant Attorney General