IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **PHILLIP FLOYD** | § |
| | § |
| v. | §   Case No. 4:24-CV-00681 |
| | § |
| **ANDREA BOURESSA, , et. al.** | § |

**DEFENDANT SHERIFF JIM SKINNER'S REPLY
TO PLAINTIFF'S RESPONSE TO HIS MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SHERIFF JIM SKINNER**, and files his REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION TO DISMISS as follows:

**I.
PLAINTIFF'S RESPONSE FAILS TO NEGATE DISMISSAL**

Plaintiff's RESPONSE TO SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 50] does nothing to defeat dismissal of Sheriff Skinner, particularly since Plaintiff's claims are brought against Sheriff Skinner in his "official capacity."[1] Plaintiff's RESPONSE is a disjointed narrative with attachments that are never mentioned nor appear in his live [albeit improper][2] pleading, his FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [Dkt. 34]. Recall that Plaintiff incorrectly avers that Sheriff Skinner, in his official capacity, is somehow liable as a co-conspirator for purported civil rights violations related to the civil lawsuit in Judge Bouressa's court, yet the only allegation against Sheriff Skinner is that a Public Information Act request was submitted to the Sheriff's Office.[3]

---

[1] See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], Caption, p. 1; paragraph A(b)(vii) pg. 2; paragraph G(y), p. 13

[2] See, JUDGE BOURESSA'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [Dkt. 34]

[3] See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(y) pg. 13

Plaintiff's RESPONSE regurgitates a purported series of communications between Plaintiff's counsel, Investigators at the Sheriff's Office, and an Assistant District Attorney,[4] allegations which appear nowhere in Plaintiff's pleadings. But even if Plaintiff had made such allegations, there would still be no plausible claim(s) against Sheriff Skinner - in any capacity. Plaintiff's suing Sheriff Skinner is frivolous and dismissal should follow.

## II.
## PLAINTIFFS' RESPONSE FAILS TO ADDRESS GROUNDS FOR RELIEF

Sheriff Skinner sought dismissal for three distinct reasons:

1. Whether Plaintiff has plead any plausible Section 1983 or *Monell* claims against Collin County because any "official capacity" claim against Sheriff Skinner is actually a claim against Collin County;

2. Whether Plaintiff has plead any plausible claims against Sheriff Skinner where there are no allegations of any direct or personal involvement by him; and

3. Whether the Plaintiff has plead any plausible claims for "conspiracy" against Sheriff Skinner in his official capacity since Plaintiff's allegations are not factually specific nor do they even establish a viable conspiracy.

Plaintiff's RESPONSE does not address grounds 1 or 2 at all and his arguments about ground 3 ["conspiracy"] is nothing more than self-serving beliefs about the adequacy of his allegations.

## III.
## PLAINTIFF'S COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIMS AGAINST SHERIFF SKINNER IN HIS OFFICIAL CAPACITY

Sheriff Skinner's MOTION TO DISMISS listed a series of rulings by Courts in the Eastern District which have consistently concluded that claims against Sheriff Skinner in his official capacity are claims against Collin County.[5] Plaintiff's RESPONSE completely ignores this argument and these

---

[4] See, i.e., PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 50], p. 2-3, and Exhibits No. 1-23

[5] See, DEFENDANT SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 44], p. 9-10.

numerous prior rulings. But ignoring the facts and the law does not mean they do not exist. Rather, as the Eastern District Local Rules provide, "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion." See, E.D. LOCAL RULE CV-7(d). Plaintiff does not, because he cannot, articulate how any Official Capacity claim against Sheriff Skinner can withstand dismissal. Plaintiff's FIRST AMENDED COMPLAINT is wholly devoid of even the most basic allegations concerning a *Monell* claim, let alone any allegations of a constitutional violation for which Collin County could be liable. Put simply, Plaintiff has not properly plead nor could he establish any Section 1983 and/or *Monell* liability against Collin County. The absence of any discussion at all in Plaintiff's RESPONSE of Section 1983 or *Monell* speaks volumes about the legal and factual implausibility of Plaintiff's claims against Sheriff Skinner.

## IV.
## PLAINTIFF'S RESPONSE FAILS TO POINT TO ANY PERSONAL INVOLVEMENT OF SHERIFF SKINNER

Plaintiff's RESPONSE, like his lawsuit, does nothing more then make conclusory contentions about a purported "conspiracy" without identifying any facts at all regarding Sheriff's Skinner's alleged involvement. Plaintiff chides "If Sheriff Skinner is saying he was not personally involved in the decisions shown above, he know [sic] who was and should name them."[6] This is nonsensical and underscores that the Plaintiff's counsel does not grasp federal pleadings and/or procedure. Plaintiff's RESPONSE continues to conflate the Sheriff's Office, its various Investigators, and Sheriff Skinner himself. Like the rulings from this Court and its Magistrate Judges regarding Official Capacity claims noted above, likewise this Court and its Magistrate Judges have consistently found

---

[6] See, i.e., PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 50], p. 5

that a §1983 claim requires allegations of personal involvement - by each identified Defendant(s) - in acts causing the alleged deprivation of a Plaintiff's constitutional rights, dismissing cases when such allegations are absent.[7] Plaintiff's solitary allegation against Sheriff Skinner, as a matter of law, is insufficient to aver any plausible claims against Sheriff Skinner.

## V.
## PLAINTIFF'S RESPONSE FAILS TO POINT TO ANY PLAUSIBLE "CONSPIRACY"

Plaintiff's RESPONSE regarding "conspiracy" is founded on mere beliefs, not facts nor law. Plaintiff writes:

> "Plaintiff believes that contained in Count 2 of the Amended Complaint is sufficient information to apprise Defendant Skinner of the cause of action. Additionally, the Exhibits attached hereto show a clear pattern of a cover up by the Sheriff's Office in this case."[8]

Even a cursory review of Count 2 and its allegations readily rebukes this misguided "belief". In such Count 2, which is the only mention of Sheriff Skinner at all, Plaintiff avers:

> "On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa. Said actions by Defendant Skinner are a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)."[9]

Again, Plaintiff bemoans that the Sheriff's Office requested guidance from the Texas Attorney General's Office about a Public Information Act requested submitted by Plaintiff's counsel. This does not support even an inference of a legitimate federal claim against Sheriff Skinner.

---

[7] See, DEFENDANT SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 44], p. 12-13

[8] See, i.e., PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION TO DISMISS [Dkt. 50], p. 4

[9] See, Plaintiff's FIRST AMENDED COMPLAINT [Dkt. 34], paragraph G(y) pg. 13

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas,** prays that the Court grant his Motion to Dismiss; that it dismiss Plaintiff's claims and pleas for damages, and that he have such other relief, at law or in equity, to which he is entitled.

Respectfully submitted,

By:   /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas**,

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Douglas Floyd, Seth Kretzer, Colin Phillips, and Scot Graydon,

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**