UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD, | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:24-CV-00681 |
| ANDREA K. BOURESSA, *In her official* | § | |
| *capacity as a State of Texas District Court* | § | |
| *Judge for Collin County, Texas*, Et al | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]

TO THE HONORABLE AILEEN GOLDMAN DURRETT:

COMES NOW, Philip Floyd and files this response to Judge Bouressa's Motion to Strike Plaintiff's Amended Complaint [Doc. 34] and shows this Court as follows:

## PLAINTIFF'S FAILURE TO COMPLY WITH RULE 15(a)

Judge Bouressa complains that Plaintiff's First Amended Complaint should be stricken because Plaintiff did not comply with Rule 15(a) because Plaintiff file his amended complaint more than 21 days after Judge Bouressa filed her Motion to Dismiss. Plaintiff asserts that 15(a) is not clear and should be liberally construed to do justice. Rule 15(a) would clearly apply if there was one plaintiff and one defendant. In this case there are seven defendants. Four of the defendants evaded service, requiring Plaintiff to seek substituted service on them at great time and expense to Plaintiff. Now that all the defendants have filed their various motions to dismiss, the motion to strike seems like a moot point as to a failure to comply with the overly restrictive reading of Rule 15(a). This court has the authority to grant an amended motion at it's discretion.

## AMENDED COMPLAINT WOULD BE FUTILE

**PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE**
**PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]**
**PAGE 1**

Judge Bouressa's claim that any amendment to Plaintiff's complaint would be futile. Plaintiff does not believe that application of the Rooker-Felman doctrine is applicable in this case under the unusual circumstances concerning Judge Bouressa's violation of Plaintiff's constitutionally protected equal protection rights and rights of procedural due process under the 14th Amendment to the U.S. Constitution.

## <u>REGARDING COUNT 1:</u>

As to Count 1 the motion to dismiss should be denied because Defendant Bouressa's defense relies solely on the Rooker-Felman Doctrine.  In the Supreme Court case, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U. S. 280, 293 (2005), Justice Ginsburg aptly opined, if a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party…, then there is jurisdiction and state law determines whether the defendant prevails under principles of **preclusion**." In *McCormick v Braverman*, Judge Clay, writing for a panel of the sixth circuit, emphasized that "the Rooker-Feldman doctrine is not a panacea to be applied whenever state [and federal] court decisions…potentially or actually overlap." *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006).

Essentially, the court must look to the source of injury to determine if a claimant can challenge a state court judgment.  The sixth circuit has set forth a **"source of injury"** test to differentiate claims attacking state court judgments and independent claims over which a federal court may assert jurisdiction. If the source of injury is the state court decision, then the Rooker-Feldman doctrine precludes federal jurisdiction.  However, if there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

**PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE**
**PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]**
**PAGE 2**

The seminal question to be answered is, was there an independent source of the injury to Plaintiff caused by Defendant Bouressa?  The answer is clearly, yes.  The independent source of the injury to Plaintiff is fabrication of evidence on December 9, 2022 when Defendant Bouressa filed fabricated FOFCOL in the proceedings for the purpose of misleading the court of appeals. The Memorandum of Opinion issued by the Fifth Court of Appeals in Dallas clearly shows that the FOFCOL was considered by the court of appeals and the fabricated statements in the FOFCOL did mislead the court of appeals concerning the procedural due process claim and was Plaintiff of his civil rights by fabrication of evidence in a case not tried on the merits.  See Memorandum Opinion Doc. 33-1, page 5 - 6 where the court of appeals referred to the 13 statements from the FOFCOL.  The fact that the court of appeals court chose not to remedy the injury does not transform the subsequent federal suit on a closely related matter into an appeal, forbidden by *Rooker-Feldman,* of the state-court judgment.

It is well established that the fabrication of evidence is a 42 U.S.C. § 1983 violation.  See *Napue v. Illinois*, 360 U.S. 264 (1959).  Also, *Barnes v. City of New York*, 68 F. 4th 123 (2d Cir. 2023) makes it perfectly clear that 42 U.S.C. § 1983 covers fabricated evidence claims.  See *United States v. Cabrera*, 22 Cr. 10 (NRB) (S.D.N.Y. Mar. 5, 2024); To the extent movants also cite these 42 U.S.C. § 1983 cases to show that the use of fabricated evidence violates a defendant's due process rights, the Court does not dispute that a prosecution based on fabricated evidence can violate due process. See *Barnes v. City of New York*, 68 F.4th 123, 129 (2d Cir. 2023) (citing *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021)).

Texas Rules of Civil Procedure RULE 299. OMITTED FINDINGS, states:

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. **The judgment may not**

**be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact**; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

Texas law is clear that all judgments must be supported by evidence.  Defendants Bouressa, Hackney and Yarborough knew there was no evidence in the record to support the judgment so they concocted a scheme to deliberately obscure, disguise, distort or reverse the meaning of words in a FOFCOL.  The significance of the fabricated evidence in the FOFCOL is addressed as to the thirteen fabricated statements made by Defendant Bouressa in the FOFCOL.

First, findings of fact and conclusions of law narrow the issues for appeal and provide a basis for attacking the judgment. *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 252, 255 (Tex. App.—Houston [14th Dist.], pet. denied). Findings of fact assist the losing party by ascertaining the true basis for the trial court's decision. *Nicholas v. Env't Sys. (Internat'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.— Houston [14th Dist.] 2016, pet. denied).

The applicable standard of review confirms that findings of fact are the more important of the two. Findings of fact are reviewed for sufficiency of the evidence; conclusions of law are reviewed *de novo. Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). The court of appeals treats findings of fact as it would jury findings but does not give any weight to the trial court's legal conclusions. When reviewing conclusions of law, courts of appeals will make their own legal determination. *First Trust Corp. TTEE FBO v. Edwards*, 172 S.W.3d 230, 233 (Tex. App.—Dallas 2005, pet. denied).

An erroneous conclusion of law is not binding on an appellate court. *Bexar Cnty. Crim. Dist. Atty's Ofc. v. Mayo*, 773 S.W.2d 642, 643 (Tex. App.—San Antonio 1989, no writ).

Further, if there is a conflict between a finding of fact and a conclusion of law, the fact finding prevails. *Buzbee v. Buzbee*, 870 S.W.2d 335, 340 (Tex. App.—Waco 1994, no writ).

That Defendants were able to pass off on the court of appeals the fabricated FOFCOL (see Dk 25, p 55-57) is an independent claim of a 42 U.S.C. § 1983 violation.  Plaintiff's First Amended Complaint, Dk. 34, sets forth an independent claim.

The seminal questions presented to this court is, is there any evidence in the Reporter's Record to support the August 1, 2022 Judgment and did the FOFCOL contain fabricated evidence?  Although the twelfth  "finding for fact" is the decisive and most important of the fabricated finding of fact, Plaintiff believes he must address all thirteen statements to make it clear the judgment is unsupported by any evidence. The twelve statements made by Defendant Bouressa in the FOFCOL in Dk 25, p 55-57 are:

**STATEMENT 1.** The underlying dispute between the parties was the subject of a binding and enforceable agreement to arbitrate.

**RESPONSE:**  Statement 1. is unsupported by any evidence submitted on August 1, 2022 and is therefore a fabricated statement of evidence by Defendant Bouressa that  "...a binding and enforceable agreement to arbitrate...." was presented at the hearing and therefore was intended to mislead the court of appeals by including it in the FOFCOL.  It is a presumption unsupported by any evidence in the record.

**STATEMENT 2.** Pursuant to this court's order, the dispute was submitted to arbitration in AAA Case No. 01-21-0002-6330, and a Final Award was issued by arbitrator Anne Ashby on May 16, 2022.

**RESPONSE:**  Statement 2. is unsupported by any evidence submitted on August 1, 2022 and is therefore a fabricated statement of evidence by Defendant Bouressa that "... a Final Award was issued by arbitrator Anne Ashby on May 16, 2022." was unsupported by any evidence submitted

on August 1, 2022 and is therefore a fabricated statement of evidence by Defendant Bouressa,

intended to mislead the court of appeals by including it in the FOFCOL.  It is a presumption

unsupported by any evidence in the record.

**STATEMENT 3.** The Final Award was in favor of Defendants, and awarded damages of
$939,370.20; pre-hearing interest of $24,808.04; and attorney's fees and costs of $436,161.84.

**RESPONSE:**  Statement 3. is unsupported by any evidence submitted on August 1, 2022 and is

therefore a fabricated statement of evidence by Defendant Bouressa that "The Final Award was

in favor of Defendants, and awarded damages of $939,370.20; pre-hearing interest of

$24,808.04; and attorney's fees and costs of $436,161.84." was unsupported by any evidence

submitted on August 1, 2022 and therefore a fabricated statement of evidence by Defendant

Bouressa intended to mislead the court of appeals by including it in the FOFCOL.    It is a

presumption unsupported by any evidence in the record.  See Plaintiff's response to Statement 12

below.

**STATEMENT 4.** Defendants moved to confirm the award in the above-captioned cause on May
17, 2022. Plaintiff filed an objection to the confirmation of the award on May 18, 2022, and
thereafter filed numerous pleadings objecting to the confirmation of the award, seeking a
continuance of the confirmation hearing, and requesting time to conduct discovery.

**RESPONSE:**  Statement 4. is unsupported by any evidence submitted on August 1, 2022 and is

therefore a fabricated statement of evidence by Defendant Bouressa of what is stated.  Defendant

Bouressa intended to mislead the court of appeals by including statement 4 it in the FOFCOL.

**STATEMENT 5.**  Plaintiff's ground for objecting to the Final Award was that the arbitrator's
decisions against Plaintiff and in favor of Defendants must have been motivated by improper bias
or money, i.e., partiality and/or corruption.

**RESPONSE:**  Statement 5. is a completely false statement of evidence not in the Reporter's

Record and unsupported by any evidence submitted on August 1, 2022 and is therefore a

fabricated statement of evidence by Defendant Bouressa intended to mislead the court of appeals by including it in the FOFCOL.

**STATEMENT 6.** Plaintiff offered no evidence to support the theory that the arbitrator's decisions were the result of partiality or corruption.

**RESPONSE:**   Statement 6. is a true statement intended by Defendant Bouressa to obscure the fact that Plaintiff did attempt to offer testimony evidence on August 21, 2022, but she refused to allow him to do so.  The Reporter's Record clearly shows that Defendant Bouressa refused to allow Plaintiff to offer any evidence and is therefore a fabricated statement of evidence by Defendant Bouressa intended to mislead the court of appeals by including it in the FOFCOL.

**STATEMENT 7.** Plaintiff acknowledged that his argument was predicated solely on speculation, due to Plaintiff's disagreement with the arbitrator's decisions.

**RESPONSE:**   Statement 7. is a totally false statement of evidence not in the Reporter's Record and unsupported by any evidence submitted on August 1, 2022 and is therefore a fabricated statement of evidence by Defendant Bouressa intended to mislead the court of appeals  by including it in the FOFCOL, and did in fact mislead the court of appeals because the word "speculation" was used with emphasis by the court of appeals in its Memorandum of Opinion. See Reporter's Record, Dk 25, p 11-57.

**STATEMENT 8.** Plaintiff did not provide any basis for believing that Defendants were in possession of facts, documents, or other information that, through discovery, would bear out proof of partiality or corruption by the arbitrator.

**RESPONSE:**   Statement 8. This statement is not evidence and is not in the Reporter's Record and is unsupported by any evidence submitted on August 1, 2022.   The record clearly shows that Defendant Bouressa did not allow anyone to offer any evidence in the August 1, 2022 hearing. This is a fabricated statement by Defendant Bouressa intended to mislead the court of appeals

into believing it is evidence by including it in the FOFCOL.

**STATEMENT 9.** Further, Texas law does not provide for a dissatisfied party to invade an arbitrator's decision-making process via discovery based on mere surmise or suspicion of improper motive. Disagreement with the arbitrator's decisions, the only alleged proof offered by Plaintiff, does not constitute evidence that the arbitrator was partial or corrupt.

**RESPONSE:**  Statement 9. This statement is not evidence and is not in the Reporter's Record

and is unsupported by any evidence submitted on August 1, 2022. This is a fabricated statement

by Defendant Bouressa intended to mislead the court of appeals into believing it is evidence.

The phrase, "...the only alleged proof offered by Plaintiff,...." clearly shows that Defendant

Bouressa was fabricating statements to mislead the court of appeals by including it in the

FOFCOL.

**STATEMENT 10.** Permitting a fishing expedition by Plaintiff in this instance would have deprived Defendants of the benefits of arbitration.

**RESPONSE:**  Statement 10. This statement is not evidence and is not in the Reporter's Record

and is  unsupported by any evidence submitted on August 1, 2022. This is a fabricated statement

by Defendant Bouressa intended to mislead the court of appeals into believing it is evidence by

including it in the FOFCOL.

**STATEMENT 11.** Because Plaintiff offered no evidence of bias or corruption on the part of the arbitrator and offered no basis for the court to conclude that discovery from another party or non-party would reveal such information, the court's denial of time for Plaintiff to conduct discovery and denial of any further continuance of the hearing on Defendants' motion to confirm the award were proper and posed no prejudice to Plaintiff.

**RESPONSE:**  Statement 11. This statement is not evidence and is not in the Reporter's Record

and is  unsupported by any evidence submitted on August 1, 2022. This is a fabricated statement

by Defendant Bouressa intended to mislead the court of appeals into believing it is evidence by

including it in the FOFCOL.

**STATEMENT 12.** Moreover, the absence of such evidence leaves no genuine fact issue for any trier of fact to consider with respect to Plaintiff's allegations. The only evidence in the record was evidence of an enforceable agreement to arbitrate and an enforceable arbitration award.

**RESPONSE:**   Statement 12. This statement in the FOFCOL is the crux of the independent claim. This a totally fabricated statement by Defendant Bouressa intended to mislead the court of appeals into believing she heard evidence on August 1, 2022 by including it in the FOFCOL. The statement is not evidence and is not in the Reporter's Record because no evidence was offered or admitted on August 1, 2022. What is also significant is the statement by Defendant Bouressa; "The **only evidence** in the record was evidence of an enforceable agreement to arbitrate and an enforceable arbitration award." (Emphasis added) There is no evidence in the Reporter's Record to support the August 1, 2022 Judgment because no one appeared to testify as to the arbitration award and no arbitration award was offered and admitted into the record. Without a predicate being laid by a  witness testimony of an arbitration award and an actual award being offered and admitted, there is no evidence in the record of an award.

Therefore, when there is no evidence, a court reviews an order based on *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005).  "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: **(a) a complete absence of evidence of a vital fact;** (emphasis added) (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; ( c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.15 *City of Keller* at 811.

Because the Reporter's Record shows there was a complete and total absence of evidence of a vital fact the "no evidence" argument must be sustained and this court must reverse the order

entered on August 1, 2022.  Defendant Bouressa will no doubt argue that she reviewed an arbitration award or some other argument that the arguments of counsel is somehow evidence of an arbitration award.   Although, *City of Keller* is the appropriate standard of review, *Robertson v. Plumbing*, No. 11-07-00161-CV (Tex. App. 9/25/2008), No. 11-07-00161-CV. (Tex. App. Sep 25, 2008) is interesting because in *Robertson* a witness actually testified about matters that were not introduced into the record.  The Appellee in his testimony actually referred to some invoices, and the trial court asked to see the invoices; however, he did not introduce those into evidence or otherwise indicate who was invoiced.

The court of appeals correctly stated , "When the evidence is reviewed in the light most favorable to Kinard's, it indicates that Kinard's had an agreement with someone and that it has unpaid invoices totaling $4,550.79 for this work. Kinard's did not, however, introduce legally sufficient evidence to establish that it had an agreement with either Ricky Robertson or Robertson Heating and Air Conditioning.

**STATEMENT 13.** For these reasons, the court's order confirming the Final Award was proper.

**RESPONSE:**  Statement 13. is a statement of opinion (a presumption) unsupported by any evidence submitted on August 1, 2022 and is therefore a fabricated statement of evidence by Defendant Bouressa to mislead the court of appeals intended to mislead the court of appeals by including it in the FOFCOL.

The filing of fabricated evidence in the record by the FOFCOL violated  Plaintiff's constitutionally protected procedural due process and has damaged him prospectively.  His only remedy at law is in this court.

**REGARDING COUNT 2**

**PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]**
**PAGE 10**

As to count 2, the Motion to Dismiss should be denied because Plaintiff has shown that there is an independent claim in Count 1 that gives this court jurisdiction of the August 1, 2022 Judgment and therefore Count 2 which is also an independent claim. Plaintiff has met the requirements of both  Fed. R. P. 12(b)(1) and (6).  Plaintiff does not seek damages against any Defendant shown to have immunity for damages.  This Court has subject matter jurisdiction (F.R.C.P Rule 12 (b)(1)) of a case alleging 14th Amendment to the U.S. Constitution violation of Plaintiff's right to procedural due process and under 42 U.S.C.§ 1982  including but not limited to; fabrication of evidence, civil conspiracy under Texas Law to falsify evidence and violations of 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence.  That the "evidence" in the FOFCOL submitted by Defendant Bouressa is fabricated is born out the above analysis of the FOFCOL.  There was no evidence presented on August 1, 2022 to support the judgment.

The independent claim in Count 2 sets forth a rather detailed plan by Defendant Bouressa and Defendants Hackney and Yarborough to file falsified s of fact and conclusions of law in the Appellate proceeding.  That the filing of falsified documents in a proceeding is also a crime under Texas Criminal law and under 18 U.S.C. §§ 241 and 242  is a motivating factor for the conspiracy to coverup the fabricated evidence.  Defendant Bouressa's allegation that Plaintiff is asserting a private cause of action for a criminal violation is also misplaced.  Plaintiff is alleging that the motivating factor for the conspiracy was to coverup the crime of fabrication of evidence.

Civil  conspiracy depends entirely on the injury caused by an underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself.  *Agar Corporation, Inc. v. Electro Circuits International*, LLC, 580 S.W.3d 136, 141-142 (Tex. 2019).

**PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]**
**PAGE 11**

Once Defendant Bouressa files an answer in the case, she has every right to assert her claim of immunity for damages.  As stated above, the State of Texas has waived immunity from suits in equity. Defendant Bouressa is not named in the suit for any damages, but she should remain a defendant in the conspiracy case because she is the kingpin of the conspiracy.  If required, Plaintiff will amend the complaint to make it clear that Defendant Bouressa is only being sued as a nominal defendant and co-conspirator and not for damages.

Plaintiff's Count 2 also contains a violation of 42 U.S.C. 1985 (3), conspiracy to interfere with civil rights by depriving persons of rights or privileges which is a private cause of action for the conduct of the of some or all of the conspirators, including Defendant Bouressa.  42 U.S.C. 1985 (3), conspiracy to interfere with civil rights is a Federal cause of action not restricted by any State activity.  If the court permits, Plaintiff will amend the complaint to specifically include the defendants violations of 42 U.S.C. 1985 (3), conspiracy to interfere with civil rights.

Although Defendant Bourassa has immunity against damages, Plaintiff asserts she is still a co-conspirator and she should remain a co-defendant in the conspiracy cause of action because a conspiracy can exist even if a member of the conspiracy has immunity.

## PREJUDICE TO JUDGE BOURESSA

Plaintiff fails to understand what prejudice Judge Bouressa has suffered?  It is the absolute failure of Judge Bouressa to follow the law as set forth in the 14th Amendment to the U.S. Constitution and the Texas Constitution and Texas case law that has caused this suit to be filed.  Judge Bouressa recused herself from the post judgment receiver proceedings because she continued to violate Plaintiff's constitutionally protected rights of procedural due process under the 14th Amendment to the U.S. Constitution until February 21, 2024 and recusal is mandatory

under Texas Rules of Civil Procedure, Rule 18(b), which states in part;

> A judge must recuse in any proceeding in which:
>
> (1) the judge's impartiality might reasonably be questioned;
>
> (2) the judge has a personal bias or prejudice concerning the subject matter or a party;

The statements of Judge Bouressa in the Reporter's Record for August 1, 2022, (Doc. 25, pages ll-54) show clear evidence of her lack of "impartiality" by issuing a fiat order.  Her statements also show that she has a personal bias or prejudice concerning post-arbitration litigation.  So much so that she refused to allow any evidence in the hearing on August 1, 2022.

## SUMMARY

The plain meaning of the 14th Amendment and the enabling statutes such as 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2) is to give means for individuals to seek justice from wrongful state action that deprives the individual of his civil rights.  Statutes are to be liberally interpreted to achieve the intent of the statute.  As stated in <u>McCormick v. Braverman</u>, 451 F.3d 382, 396 (6th Cir. 2006)

> We stress that the *Rooker-Feldman* doctrine is not a panacea to be applied whenever state court decisions and federal court decisions potentially or actually overlap. The Supreme Court made clear in *Exxon Mobil* that the doctrine is confined to those cases exemplified by *Rooker* and *Feldman* themselves.
>
> This case is distinguishable from both the Rooker and Feldman cases.  In both cases,

Rooker and Feldman had  judicial hearings that apparently complied with the three prong requirements of the 14th Amendment.  The parties put on evidence.  In this case, Judge Bouressa denied the third prong by not receiving any evidence from the movants or permitting any evidence to be offered by Plaintiff.   The missing third prong of evidence removes that judgment

from a lawful judicial proceeding and therefore from the restrictions in the Rooker-Felman doctrine,  Plaintiff's independent claims gives this federal court jurisdiction over all Plaintiff's claims as set forth in Plaintiff's First Amended Complaint.

There are two questions that Judge Bouressa refuses to address because it will show her involvement in the cover up and conspiracy;

1. What evidence is there in the Reporter's Record for the August 1, 2022 hearing that supports the Judgment; and

2.  Where in the Reporter's Record for the August 1, 2022 hearing are the "findings of fact" contained in Defendant Bouressa's Findings of Fact and Conclusions of Law filed in the State case on December 9, 2022?

## PRAYER

Plaintiff prays that the Motion to Strike filed by Defendant Bouressa be denied and she be required to file an answer in this cause as to both counts.

Respectfully submitted,

**/s/ *Douglas T. Floyd***
DOUGLAS T. FLOYD
Attorney for Plaintiff
6521 Preston Rd., Suite 100
Plano, Texas 75024
214-704-7081
877-846-3149 Fax
SBN: 07181700
Lawyerfloyd@aol.com

## CERTIFICATE OF SERVICE

I certify that a copy of the above Plaintiff's Response to Judge Bouressa's was served on October 15,  2024, upon all parties who have entered an appearance, using the CM/ECF system.

**PLAINTIFF'S RESPONSE TO JUDGE BOURESSA'S MOTION TO STRIKE**
**PLAINTIFF'S AMENDED COMPLAINT [DOC. 34]**
**PAGE 14**

/s/ *Douglas T. Floyd*
DOUGLAS T. FLOYD