UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP FLOYD<br>    *Plaintiff,*<br><br>v.<br><br>ANDREA K. BOURESSA, *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON, MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER, *In his official capacity as Sheriff of Collin County, Texas*,<br>    *Defendants.* | Civil Action No. 4:24-CV-00681 |

**DEFENDANTS RYAN HACKNEY'S, PATRICK YARBOROUGH'S, ELIAS DRAGON'S, AND MMWKM ADVISORS, LLC'S REPLY IN SUPPORT OF THEIR FIRST AMENDED MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

Defendants Ryan Hackney and Patrick Yarborough ("the Attorney Defendants") and Defendants Eli Dragon or MMWKM Advisors, LLC ("the Private Party Defendants") (together with the Attorney Defendants, "the MMKWM Defendants") file this Reply in support of their First Amended Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)[1] (the "Motion").

## INTRODUCTION

As the MMWKM Defendants pointed out in their Motion to Dismiss, Floyd's Complaint[2] is a bad faith abuse of the federal justice system, repackaging Floyd's evidentiary complaints about two state court rulings by Judge Andrea Bouressa – which have been affirmed on appeal as correct – as a purported violation of his civil rights. Rather than the rebut the arguments in the Motion,

---

[1] Doc. 46.
[2] Doc. 34, "Plaintiff's First Amended Complaint for Violation of Civil Rights."

Floyd's Response[3] in fact clarifies that all he is really bringing is a sufficiency-of-the-evidence complaint about state court rulings – which this Court is not even authorized to review. To emphasize this point, nearly half of Floyd's Response is made up of a line-by-line listing of evidentiary gripes over Judge Bouressa's Findings of Fact and Conclusions of Law from the Underlying Lawsuit.[4]

Floyd's Response fails to respond to the majority of arguments raised in the Motion—and where he does respond, his arguments are entirely flawed. The MMWKM Defendants' Motion raises four distinct grounds for dismissal:

(1) The Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, because the claims are a collateral attack on a state court judgment.

(2) Floyd has not stated a viable Section 1983 claim because the MMWKM Defendants are not state actors.

(3) Floyd has failed to state a plausible claim that he has been deprived of a constitutional right, because: (a) the rulings he complains of have already been affirmed by the Texas Courts of Appeals; (b) he has not stated a cognizable claim for harm; and (c) he has failed to specify, then or now, what evidence Judge Bouressa prevented him from presenting that could have possibly resulted in the vacating of the arbitration award.

(4) Floyd's claims against Defendants Hackney and Yarborough are barred by Attorney Immunity.

Floyd fails to address the first three arguments with any argument or authority beyond conclusory denials. Because these arguments are essentially unrebutted, all of Floyd's claims must be dismissed.

To the extent the Response makes any comprehensible argument, it primarily focuses on the Attorney Immunity grounds for dismissal, based on a convoluted argument that boils down to this: no witness was presented at the August 1, 2022 hearing to testify as to the arbitration award

---

[3] Doc. 56.
[4] Collin County District Court Cause No. 471-02423-2021 ("the Underlying Lawsuit").

2
*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Reply in Support of their First Amended Motion to Dismiss*

against Floyd, so the Findings of Fact and Conclusions of Law ("FOFCOL") filed by Judge Bouressa must have somehow been false, and therefore the actions of the Attorney Defendants in filing a different set of proposed FOFCOL that mentioned the arbitration award against Floyd could not have been in the course of acting as attorneys for their clients, even though Judge Bouressa did not adopt the FOFCOL proposed by the Attorney Defendants. Putting aside the problem that this argument makes no sense, it is also based on a fundamentally false premise – that the Defendants were required to present a witness on the arbitration award at the August 1, 2022 hearing. Public documents show that the arbitration award had been filed with the Court in a verified pleading on May 17, 2022, so there was zero reason to present testimony about it at the hearing on August 1, 2022. The fact that Floyd focuses so heavily on such a transparently false premise illustrates the substantive void at the heart of Floyd's Complaint.

### A. **FLOYD'S RESPONSE FAILS TO ADDRESS THREE GROUNDS FOR DISMISSAL**

Ignoring the facts and the law does not mean they do not exist. Rather, as the Local Rules provide, if Plaintiff opposes dismissal of his claims, he must file a response including "a citation of authorities upon which the party relies." *See* LOCAL RULE CV-7(d). "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion."

In his Response, Floyd does not address or present any countervailing legal authority to most of the legal positions of the MMWKM Defendants. Specifically, he presents no argument or legal basis (or citation to authorities) for disputing the following bases for dismissal presented in the Motion—and under the Local Rules, this indicates Floyd has no opposition to dismissal:

3

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Reply in Support of their First Amended Motion to Dismiss*

### *(1) Floyd does not address the MMWKM Defendants' jurisdictional basis for dismissal under the Rooker-Feldman doctrine.*

In the Motion, the MMWKM Defendants show that Floyd's claims fail against all Defendants because this Court lacks subject matter jurisdiction. "Under the Rooker-Feldman doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks' on state-court judgments." *Batista v. Carter*, 796 Fed. Appx. 209, (Mem)–210 (5th Cir. 2020). Because all of Floyd's claims are inextricably intertwined with his claim that Judge Bouressa's rulings are based on insufficient evidence under Texas law, and because this Court lacks jurisdiction to review the rulings in that state court proceeding, all of Floyd's claims must be dismissed.

Floyd's Response does not address jurisdiction—aside from an unexplained and conclusory statement that "Defendant is simply mistaken," that "Count 2 is based on a clear violation of both 42 U.S.C. § 1982 [sic] and 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence" and "The complaint states a cause of action for a conspiracy under Texas law as well as 42 U.S.C. § 1985(2)." Floyd does not provide any argument or opposition to the application of the Rooker-Feldman doctrine, and this lack of a response creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion. *See* LOCAL RULE CV-7(d).

### *(2) Floyd does not address his failure to state a viable Section 1983 claim because the MMWKM Defendants are not state actors.*

In the Motion, the MMWKM Defendants point out that "In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right **while acting under color of law**." *Toliver v. Braddy*, No.

420CV00132ALMCAN, 2021 WL 1086176, at *3 (E.D. Tex. Feb. 11, 2021), report and recommendation adopted, No. 4:20-CV-132, 2021 WL 1061386 (E.D. Tex. Mar. 19, 2021) (emphasis added).

Floyd does not even attempt to argue that the MMWKM Defendants were acting under color of law. Nor do his case citations provide any support for such an argument—the cases he does cite (for his argument that the MMWKM Defendants "fabricated evident" and therefore are subject to Section 1983) all involve state actors: *Napue v. **Illinois***, 360 U.S. 264 (1959) (the Assistant State's Attorney was accused of being complicit in the provision of false testimony);[5] ***United States** v. Cabrera*, 22 Cr. 10 (NRB) (S.D.N.Y. Mar. 5, 2024) (alleging that **NYPD Detective** Ierna fabricated evidence); *Barnes v. **City of New York***, 68 F.4th 123 (2d Cir. 2023) (police officers were accused of providing false testimony and fabricated evidence). In short, Floyd provides no argument that Section 1983 could apply to the MMWKM Defendants, and this lack of a response creates a presumption that he does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion. *See* LOCAL RULE CV-7(d).

### (3) *Floyd does not address the nature of the constitutional right he alleges he was deprived of as part of his Section 1983 claim.*

In their Motion, the MMWKM Defendants provide three bases why Floyd has failed to state a plausible claim that he has been deprived of a constitutional right, as is required by Section 1983. *See* Motion at 18–20 (citing *Toliver*, 2021 WL 1086176, at *3). The three bases were: that

---

[5] Also, Floyd misrepresents the *Napue* decision—though he cites it for the proposition that "It is well established that fabrication of evidence is a 42 U.S.C. § 1983 violation,"[5] *Napue* does not mention Section 1983 (or its predecessors) a single time—and in fact, the *Napue* decision predates the statute entirely. *See generally Napue v. Illinois*, 360 U.S. 264 (1959); *see also* 42 U.S.C. § 1983 (listing the history of the Statute as "R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.").

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Reply in Support of their First Amended Motion to Dismiss*

Floyd's allegations are based on an incorrect presumption that Judge Bouressa's rulings were incorrect under Texas law (but J. Bouressa has been repeatedly affirmed); that he has not stated a cognizable claim for harm; and that he has failed to state with specificity what evidence he was purportedly prevented from presenting by Judge Bouressa's ruling. *See* Motion at 18–20.

Floyd fails to address any of these three grounds. His Response, like his Complaint, states only that his "due process" rights were violated without responding to any of the Motion's three bases. Floyd's failure to even state which evidence he was prevented from presenting stands out in particular, because (as discussed above), he spends six pages of his Response rehashing evidentiary disputes from the state court litigation – but in all of his attempts he has never identified the purported evidence that would have resulted in the vacating of the arbitration award. *See* Response at 9–14. Floyd's lack of a response creates a presumption that he does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion. *See* LOCAL RULE CV-7(d).

### B. **FLOYD'S ATTORNEY IMMUNITY RESPONSE IS BASED ON A FALSE PREMISE**

The Attorney Defendants are immune from Floyd's claims because his claims all concern actions they took as attorneys in the course of representing their clients, Eli Dragon and MMWKM Advisors, LLC. Floyd's Response attempts to argue that the Attorney Defendants could not have been acting as attorneys while representing their clients in this matter, because, Floyd argues, the Attorney Defendants encouraged Judge Bouressa to "fabricate evidence" by entering a FOFCOL stating that there was an enforceable arbitration award although no witness had been called at the

August 1, 2022 hearing in Judge Bouressa's Court to testify that the arbitration award exists.[6]

Floyd makes clear in his conclusion that this argument is his central premise:

> "To summarize Plaintiff's argument, on August 1, 2022, to comply with the requirements of constitutionally mandated due process rights under the 5th and 14th Amendments to the United States Constitution, the movants in the underlying case, herein Defendants Elias Dragon and MMWKM Advisors LLC, were required to put on a by witness testimony evidence of an arbitration award. Neither Elias Dragon or a representative of MMWKM Advisors LLC, appeared in any capacity and as a result no arbitration award was entered into the Report's Record. That is what Plaintiff means when he says there is no evidence in the record."

Floyd's Response at 14-15.

It is helpful of Floyd to summarize his argument in this way, because it illustrates how utterly groundless his claims are in this case. For starters, it makes clear that his arguments are simply based on a complaint about the sufficiency of the evidence in the court's order confirming the arbitration award – a state law matter that this Court lacks subject matter jurisdiction to review, and which does not state a cognizable harm giving rise to a Section 1983 Claim. But even more simply, his argument is demonstrably wrong. Judge Bouressa's order does not state that evidence of the arbitration award was presented at the hearing on August 1, 2022 because ***the award had been in evidence for months at that point***. The MMWKM Defendants had filed the arbitration award in a Verified Application to Confirm Arbitration Award on May 17, 2022, as parties routinely do when moving to confirm an arbitration award. The Court may take judicial notice of this fact because it was filed as a matter of public record. *See Morris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (noting that a court may take judicial notice of matters of public

---

[6] Floyd acknowledges that his assertion in his First Amended Complaint that Judge Bouressa adopted the FOFCOL proposed by the MMWKM Defendants was false, but he pivots to a nonsensical claim that the fact that Judge Bouressa independently drafted FOFCOL is somehow itself evidence of a conspiracy. Response at 5.

7
*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Reply in Support of their First Amended Motion to Dismiss*

record).  The Verified Application is attached as Exhibit 1; it is not submitted as evidence, but so that the Court may take judicial notice of a public record demonstrating that Floyd has misrepresented yet another material fact before the Court.

Floyd never contested the existence of the arbitration award in the underlying proceeding; his argument in Judge Bouressa's Court was that the arbitrator who issued the award, Judge Anne Ashby, was corrupt, although he has never identified, then or since, any "corrupt acts" by Judge Ashby other than legal rulings she issued against him. There was no dispute in the underlying proceeding that the arbitration award was before the court, and therefore no reason that anyone would provide testimony about it at the hearing on August 1, 2022. Floyd's assertion that the MMWKM Defendants were required to present testimony about the arbitration award at that hearing – which he has summarized in his Response as the central basis for his claims – has simply no basis in fact or law.

Because Floyd's Response to the attorney immunity argument is based on a blatant misrepresentation of the public record, and because all of his claims against the Attorney Defendants clearly concern the performance of legal work for clients, the claims against the Attorney Defendants should all be dismissed.

## CONCLUSION

For the reasons discussed above and in the underlying Motion, Defendants request that the Court grant their Motion and dismiss Floyd's claims against Defendants Ryan Hackney, Patrick Yarborough, Eli Dragon, and MMWKM Advisors, LLC pursuant to Rules 12(b)(1) and 12(b)(6).

Dated:  October 24, 2024 

Respectfully submitted,

**AHMAD, ZAVITSANOS & MENSING PLLC**

*/s/ Colin B. Phillips*
Colin B. Phillips
Texas Bar No. 24105937
1221 McKinney St., Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
cphillips@azalaw.com

*Attorney-in-Charge for Defendant*

OF COUNSEL:

Ryan Hackney
Texas Bar No. 24069850
**AHMAD, ZAVITSANOS & MENSING, P.L.L.C.**
1221 McKinney St., Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
rhackney@azalaw.com

Patrick Yarborough
Texas Bar No. 24084129
**FOSTER YARBOROUGH PLLC**
917 Franklin St., Suite 220
Houston, Texas 77002
Tel: (713) 331-5254
Fax: (713) 513-5202
patrick@fosteryarborough.com

## CERTIFICATE OF SERVICE

     I hereby certify that on October 24, 2024, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

     */s/ Colin Phillips*
     Colin Phillips

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Reply in Support of their First Amended Motion to Dismiss*