UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD, | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | |
| ANDREA K. BOURESSA, *In her official* | § | |
| *capacity as a State of Texas District Court* | § | CIVIL ACTION NO. 4:24-CV-00681 |
| *Judge for Collin County, Texas*, RYAN HACKNEY, | § | |
| PATRICK YARBOROUGH, ELIAS DRAGON | § | |
| MMWKM ADVISORS, LLC, SETH | § | |
| KRETZER AND JIM SKINNER, *In his official* | § | |
| *capacity as Sheriff of Collin County, Texas*, | § | |
| Defendants. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

ANDREA K. BOURESSA, *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON,  MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER, *In his official capacity as Sheriff of Collin County, Texas*, Defendants, and for cause of action would respectfully show the Court as follows:

A      **PARTIES**

a.      **PLAINTIFF**:  Philip Floyd, an individual and citizen of the State of Texas.

b.      **DEFENDANTS**:

i.      Andrea K. Bouressa, an individual and citizen of the State of Texas, as well as in her official capacity as a State of Texas District Court Judge for Collin County, Texas.  Defendant has been served with process of service in this case.

ii.      Ryan Hackney, an individual and citizen of the State of Texas.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**                    PAGE 1

        Defendant has been served with process of service in this case.

    iii.    Patrick Yarborough, an individual and citizen of the State of Texas. Defendant has been served with process of service in this case.

    iv.    Elias Dragon, an individual and citizen of the State of Texas.    Defendant has been served with process of service in this case.

    v.    MMWKM ADVISORS, LLC, is a corporation that is incorporated under the laws of the State of Texas.    Defendant has been served with process of service in this case.

    vi.    Seth Kretzer, an individual and citizen of the State of Texas.    Defendant has been served with process of service in this case.

    vii.    Jim Skinner, an individual and citizen of the State of Texas, as well as in his official capacity as the Sheriff of Collin County, Texas.    Defendant has been served with process of service in this case.

B    **<u>JURISDICTION</u>**

    a.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986.

C    **<u>VENUE</u>**

    a.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because all defendants are residents of the State of Texas and because a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

D    **<u>CONDITIONS PRECEDENT</u>** All conditions precedent have been performed or have

occurred.

E    **COUNT 1**– Violation of 42 U.S. § 1983: At all times relevant, Defendant Bouressa (1)

acted under color of state law as a State of Texas District Court judge in Collin County,

Texas; and (2) the acts of Defendant Bouressa deprived the Plaintiff of particular rights

under the United States Constitution as explained later; and (3) Defendant Bouressa's

conduct was the actual cause of Plaintiff's claimed injury. The specific acts of Defendant

Bouressa denied Plaintiff his constitutionally protected due process rights under the 5th

and 14th Amendments to the United States Constitution to a fair trial as follows:

a.    On August 1, 2022, Defendant Bouressa, sitting as a State of Texas District Court

judge in the 471st Judicial District Court in Collin County, Texas in Cause No.

471-02423-2021, entered a Judgment against Plaintiff for damages of

$1,400,340.08, that violated Plaintiff's constitutionally protected due process

rights under the 5th and 14th Amendments to the United States Constitution.  The

judgment was entered without any evidence being offered by the moving party

and Defendant Bouressa denied Plaintiff the opportunity to offer evidence in his

defense. The official reporter's record of the August 1, 2022, proceeding will

show that the entire proceeding was rule by judicial fiat and based solely on

intuition by Defendant Bouressa without any evidence being offered at the hearing

by the moving party.  Defendant Bouressa specifically stated on the record that the

August 1, 2022 hearing was not an evidentiary hearing and as a result there was

no trial on the merits.  The acts of Defendant Bouressa on August 1, 2022, were

arbitrary and capricious.

b.    The moving party and Defendants in Count 2, MMWKM Advisors, LLC, SERIES

ERD I, and Elias Dragon, had obtained an arbitration award and applied to have the award adjudicated in Cause No. 471-02423-2021; styled Philip Floyd, *Plaintiff – Arbitration Respondent,* v. MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon, *Defendants – Arbitration Claimants*.  At the August 1, 2022, hearing, MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon did not appear and failed and refused to offer any evidence of an award.  The failure to offer evidence is fundamental error which MMWKM Advisors, LLC, SERIES ERD I, and Elias Dragon failed and refused to cure.  Therefore, the judgment entered by Defendant Bouressa is unsupported by any evidence and is a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.

c.      Additionally, on August 1, 2022, Plaintiff was called as a witness to testify and Defendant Bouressa failed and refused to permit Plaintiff to testify and offer evidence against the entry of a judgment against Plaintiff.  The refusal by Defendant Bouressa to allow Plaintiff to offer any evidence in the hearing was a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.

d.      Plaintiff was damaged as a direct result of the actions of Defendant Bouressa in that a judgment in the amount of $1,400,340.08 was accessed against him without a trial on the merits to support the judgment or any evidence being offered by the moving party.

e.      Plaintiff seeks a judgment of this Court that the August 1, 2022 Judgment violated Plaintiff's constitutionally protected due process rights and is unenforceable

because there was not a trial on the merits.

F     **COUNT 2**– Violation of 42 U.S.C. § 1983, including but not limited to; fabrication of evidence, civil conspiracy under Texas Law to falsify evidence and violations of 42 U.S.C. § 1985(2) & (3), Conspiracy to interfere with civil rights by fabrication of evidence and 42 U.S. Code § 1986 - Action for neglect to prevent.  At all times relevant Defendant Bouressa was acting "under color of state law" as a State of Texas District court judge in Collin County, Texas when she conspired with Defendant Hackney and Defendant Yarborough to deny Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution, the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005). Defendants engaged in a conspiracy to cover up Defendant Bouressa's violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution by tampering with or fabricating physical evidence in violation of the Texas Penal Code Sec. 37.09. Tampering with or Fabricating Physical Evidence.  As a result of the conspiracy, Defendants secured the August 1, 2022 judgment against Plaintiff in the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, by (1) corruption, fraud or undue means; (2) where there was evident partiality or corruption by Defendant Bouressa; or (3) where Defendant Bouressa was guilty of judicial malfeasance on December 9, 2022 in filing fabricated evidence in her Findings of Fact and Conclusions of Law (FOFCOL), or of any other misbehavior by which the rights of Plaintiff have been prejudiced.  In addition, at all times relevant Defendants had knowledge that any of the wrongs conspired to be done, and mentioned in

section 1985 of this Complaint, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.

a.    Defendant Bouressa, actions in the conspiracy was with intent to harm Plaintiff by covering up the fact that the August 1, 2022, Judgment against Plaintiff in the amount of $1,400,340.08 was obtained without any evidence being offered in violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution .

b.    On August 2, 2022, Plaintiff requested that Defendant Bouressa file Findings of Fact and Conclusions of Law regarding what evidence was presented on August 1, 2022, in support of the Judgment.

c.    On August 29, 2022, Plaintiff filed a Notice of Late Filing of Findings of Fact and Conclusions of Law to remind Defendant Bouressa that she needed to file FOFCOL.

d.    On November 16, 2022, when Defendant Bouressa had failed to file the requested FOFCOL as required by Texas statute, Plaintiff filed  Appellant's Motion to Abate and Remand for Entry of Findings of Fact and Conclusions of Law, that is required when a judge continues to refuse to file FOFCOL in an appeal Mandate with the 5th Court of Appeals in Dallas in Cause No. 05-22-01147-CV, requesting the Court order Defendant Bouressa to file FOFCOL in Cause No. 05-22-01147-CV.  The 5th Court of Appeals in Dallas subsequently Ordered Defendant Bouressa to file FOFCOL.

e.    On or about December 8, 2022, Defendant Hackney and Defendant Yarborough conspired to provide Defendant Bouressa with falsified and/or fabricated

FOFCOL in response to the order from the Court of Appeals.  By providing Defendant Bouressa with the falsified and/or fabricated proposed FOFCOL, Defendant Hackney and Defendant Yarborough made a false representation of a material fact that was made knowingly or recklessly, with the intent that others rely on it and did subsequently cause harm or loss to Plaintiff.  By providing Defendant Bouressa with the falsified and/or fabricated proposed FOFCOL, Defendant Hackney and Defendant Yarborough committed a wrongful act the purpose of which was to mislead the justices on the court of appeals.

f.   On December 9, 2022, in furtherance of the conspiracy, Defendant Bouressa conspired with Defendant Hackney and Defendant Yarborough to file the falsified and/or fabricated FOFCOL in the official proceeding with the Texas Fifth Court of Appeals in Dallas, Texas, Appellate Cause No. 05-22-01147-CV.

g.   On December 9, 2022, Defendant Bouressa did in fact file a document entitled Findings of Facts and Conclusions of Law with knowledge of its falsity and with intent to affect the course or outcome of the case in the court of appeals and to cover up her violations of Plaintiff's constitutional rights as well as her conspiracy with Defendants Hackney and Yarborough.

h.   Said falsified and/pr fabricated finds of fact in the FOFCOL did in fact affect the outcome of the case in the court of appeals because the court of appeals relied totally on the FOFCOL filed by Defendant Bouressa.

i.   The act of filing a document with knowledge of the falsity of matters contained in the document is a felony under the Texas Penal Code Sec. 37.09. The covering up of the violation of Texas Penal Code Sec. 37.09, is an act of conspiracy by

Defendants under Texas Penal Code §15.02. Criminal Conspiracy.  The wrongful acts by Defendant Bouressa, Defendant Hackney and Defendant Yarborough are a torts for which all members of the conspiracy are equally liable.  The defined the elements of civil conspiracy as: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."

j.      The conduct stated in the above paragraphs were a conspiracy under 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence.  A conspiracy under  42 U.S.C. § 1985(2) exists when two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

k.      On March 6, 2023, in furtherance of the conspiracy Defendant Hackney and Defendant Yarborough filed Appellees Brief in Appellate Cause No. 05-22-01147-CV, which restated the false elements of the falsified and/or fabricated FOFCOL previously filed by Defendant Bouressa that all Defendants knew to be false at the time.

l.      At all times relevant, Defendant Hackney and Defendant Yarborough were attorneys representing Defendant MMWKM ADVISORS, LLC and Defendant Dragon.  Defendant MMWKM ADVISORS, LLC and Defendant Dragon had intentionally and knowingly granted Defendant Hackney and Defendant

Yarborough the authority to act on behalf of Defendant MMWKM ADVISORS, LLC and Defendant Dragon in all interactions with Defendant Bouressa and against Plaintiff including the filing of proposed falsified FOFCOL for Defendant Bouressa to sign.

m.    At all times relevant to the submission of the falsified FOFCOL, Defendant Hackney and Defendant Yarborough were acting within the scope and the authority granted by Defendant MMWKM ADVISORS, LLC and Defendant Dragon to cover up the fact that the FOFCOL filed by Defendant Bouressa on December 9, 2022 were fabricated and false.

n.    On or about February 21, 2023, the conspiracy was joined by Defendant Kretzer when he sought to be appointed Receiver at a hearing scheduled by Defendants Yarborough and Hackney.  Defendant Kretzer attended the February 21, 2023 hearing.  Said hearing took place over one hundred and eight days before Defendant Kretzer can claim any derived immunity from his alleged appointment as a receiver in the case.

o.    Between February 21, 2024 and June 9, 2023, Defendants Hackney, Yarborough and Kretzer conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the underlying proceeding in Texas, with intent to deny Plaintiff of the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, his right to the equal protection of the laws.  Said conspiracy was a violation of 42 U.S.C. § 1985(2).

p.    On or about June 9, 2023 in violation of Plaintiff's constitutionally protected

procedural due process rights and Texas law, Defendant Kretzer was appointed receiver by an document entitled Order Appointing Receiver Nunc Pro Tunc.  The June 9, 2023 hearing was scheduled by Defendants Yarborough and Hackney. Said Order Appointing Receiver Nunc Pro Tunc dated June 9, 2023, does not bear the signature of any recognized district court judge in Collin County, Texas and none that heard any evidence in the case and is therefore challenged by Plaintiff as an invalid or void order and part of the conduct of the conspirators.  At all times relevant Defendant Kertzer knew there had been no evidence to support the appointment of a receiver.  Nevertheless he undertook to use his position to further the conspiracy to maliciously damage Plaintiff in subsequent proceedings.

q.     On August 7, 2023, Defendant Kretzer conspired with Defendant Hackney and Defendant Yarborough to entice Defendant Bouressa to sign an Amended Order Appointing Receiver without offering any evidence regarding the proposed Amended Order Appointing Receiver in violation of Plaintiff's constitutionally protected due process rights.  As a result of the August 7, 2023, hearing, on August 12, 2023, Defendant Bouressa signed an Amended Order Appointing Receiver that purported to deprive Plaintiff of his property rights.

r.     On October 23, 2023, in a hearing scheduled by Defendant Kretzer, Defendant Kretzer and Defendant Yarborough made false statements to Defendant Bouressa regarding Plaintiff's violation of the August 12, 2023, Amended Order Appointing Receiver.  Said false statements made by Defendant Kretzer included but are not limited to statements that Plaintiff had withheld discovery data from Defendant Kretzer.  As a result of the false statements, Defendant Bouressa

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**                                    PAGE 10

threatened to hold Plaintiff in contempt and confine him in jail.  The making of false statements is not an attorney function or the function of a Receiver.  Plaintiff asserts that doctrine of derived immunity by a receiver applies only to "the kind of conduct in which a receiver engages when discharging his duties as a receiver, and not to conduct which is entirely foreign to the duties of a receiver.  Under no circumstances would the doctrine of derived immunity apply to any conduct before appointment and would never apply if the appointment was obtained by fraud or misrepresentation.

s.      On or about November 2, 2023, in furtherance of the conspiracy Defendant Kretzer filed a motion for Plaintiff to show cause why he should not be held in contempt for failing to turnover to Defendant Kretzer property of Plaintiff.  Said motion was in furtherance of the 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by making false statements concerning Plaintiff to entice Defendant Bouressa to hold Plaintiff in contempt and jailed until Plaintiff turned over to Defendant Kretzer Plaintiff's paycheck in violation of Texas law.

t.      On or about November 17, 2023, Defendant Bouressa scheduled a show cause hearing for December 6, 2023, as to why Plaintiff should not be held in contempt and placed in the county jail.  This act was in furtherance of the 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights of Plaintiff.

u.      On December 6, 2023, a show cause hearing was held.  Although, Defendant Bouressa did not conduct the hearing, a visiting judge, Ray Wheless, conducted the hearing.  Defendants Kretzer and Yarborough in furtherance of the 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights and the Texas civil conspiracy

to damage Plaintiff, vigorously argued that Plaintiff should be held in contempt and jailed; Judge Wheless did not find Plaintiff in contempt.

v.    On February 21, 2024, Defendant Bouressa, Defendant Hackney, Defendant Yarborough, Defendant MMWKM Advisors, Defendant Dragon, and Defendant Kretzer in furtherance of the 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights and the Texas civil conspiracy to damage Plaintiff, wrongfully seized $35,000 from Plaintiff.  The seizing of $35,000 from Plaintiff violated Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution.  The seizing of $35,000 was ordered by Defendant Bouressa without any evidence being offered or entered into the official reporter's records for the court as a direct result of the actions of Defendant Bouressa.  The entry of a judgment taking Plaintiff's property without any evidence is a violation of the 14th Amendment to the U.S. Constitution, the Texas Constitution, Sec. 13, and long standing precedence established by the Texas Supreme Court in *City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup. Ct. J. 848 (Tex. 2005).

w.    At all times relevant, Defendant Hackney, Defendant Yarborough and Defendant Kretzer were attorneys at law licensed in the State of Texas and as such owed a duty of candor to Defendant Bouressa as a judge.  Defendants Hackney, Yarborough and Kretzer intentionally and knowingly violated their duty of candor to Defendant Bouressa by pointing out at the appropriate times that what they were requesting her to do violated Plaintiff's constitutionally protected due process rights by not presenting evidence to support the August 1, 2022 Judgment, the June 9, 2023 Order Appointing Receiver, the August 12, 2023 Amended

Order Appointing Receiver and the February 21, 2024 Order Seizing $35,000 Check.  The actions of Defendants Hackney, Yarborough and Kretzer were violations of Texas Rules of Professional Responsibility, Rule 804(a)(3)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

x.      At all times relevant, Defendants Hackney, Yarborough and Kretzer were acting ultra vires regarding their respective duties to MMWKM Advisors, LLC and Elias Dragon and any claims of immunity for their ultra vires acts are lacking.

y.      On or about May 29, 2024, in furtherance of the conspiracy, Defendant Skinner, acting under color of State law, in his official capacity as the Sheriff of Collin County, Texas undertook to cover up the violation of Texas Penal Code Sec. 37 by Defendant Bouressa, by asking the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa.  Said actions by Defendant Skinner are a violation of  42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).

z.      The fraud, corruption and/or undue means used by all Defendants in their conspiracy as shown above were calculated and deliberate and each fully participated in the conspiracy by overt acts to damage Plaintiff and did damage Plaintiff.

aa.     Plaintiff seeks monetary damages from any and all Defendants as permitted by law because in part at all times relevant they knew there had not been a trial on the merits on August 1, 2022 to support the judgment and their conspiracy was to cover up this fact.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**                                                 PAGE 13

**DAMAGES**

    bb.    Plaintiff has been damaged as follows:

        i.    $1,400,340.08 wrongful judgment against him.

        ii.    $35,000 seized on February 21, 2024.

        iii.    Attorneys fees and cost of $250,000.

    cc.    Plaintiff seeks punitive or exemplary damages of $10,000,000.

**G**    **DEMAND FOR JURY TRIAL**

    a.    Plaintiff hereby requests a jury trial on all issues raised in this complaint.

**H**    **ATTORNEYS FEES AND COSTS**

    a.    Plaintiff is entitled to an award of attorneys fees and costs.

**I**    **PRAYER**

    a.    As to Count 1, Plaintiff asks this Court to declare the August 1, 2022, Judgment in the 471st Judicial District Court in Collin County, Texas in Cause No. 471-02423-2021, entered a Judgment against Plaintiff damages of $1,400,340.08, be vacated and declared void as a violation of Plaintiff's constitutionally protected due process rights under the 5th and 14th Amendments to the United States Constitution because there was no trial on the merits.

    b.    As to Count 2, for the reasons stated above, Plaintiff asks for judgment against Defendants for the following:

        i.    Actual Damages incurred by Plaintiff;

        ii.    Prejudgment and Postjudgment interest;

        iii.    $250,000 for reasonable attorneys fees;

        iv.    Punitive or exemplary damages of $10,000,000;

      v.      Cost of suit; and

      vi.     All other relief the Court deems appropriate.

J     **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,  and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

**/s/ *Douglas T. Floyd***
DOUGLAS T. FLOYD
Attorney for Plaintiff
6521 Preston Rd., Suite 100
Plano, Texas 75024
214-704-7081
877-846-3149 Fax
SBN: 07181700
Lawyerfloyd@aol.com