IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. 4:24-cv-00681 | |
| § | | |
| ANDREA K. BOURESSA, In her § | | |
| official capacity as a State of Texas § | | |
| District Court Judge for Collin § | | |
| County, Texas; *et al.*, § | | |
| *Defendants.* § | | |

___

**JUDGE BOURESSA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT [DOC. 60]**
___

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Defendant Judge Andrea Bouressa ("Judge Bouressa") and files this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 60):

I.
**INTRODUCTION**

On July 29, 2024, Plaintiff Philip Floyd ("Plaintiff") filed his Original Complaint naming Judge Bouressa, the Presiding Judge of the 471st District Court of Collin County, Texas, as a defendant, among others. (Doc. 1, p. 1).

On August 8, 2024, Judge Bouressa filed her Motion to Dismiss. (Doc. 13). Plaintiff has responded to the Motion on August 30, 2024 (Doc. 25) and a Reply Brief was filed on September 4, 2024. (Doc. 32).

The Motion to Dismiss is ripe for a ruling.

Without complying with per Local Rule CV-7 (h), Plaintiff filed a motion seeking leave to file a Second Amended Complaint. (Doc. 57). On December 31, 2024, Plaintiff filed a superseding motion seeking the same relief, but with a proposed Second Amended Complaint. (Doc. 60).

Leave should be denied.

## II.
## RESPONSE IN OPPOSITION

Plaintiff has not demonstrated that any amended complaint would not be futile. Responding to a futile amendment would prejudice Judge Bouressa by dragging out the dismissal of a lawsuit which is already conclusively barred by the immunities and defects which have been fully briefed and ripe for decision. (Doc. 13).

### A.   No Good Case Shown

Rule 15 allows Plaintiff the ability to amend his complaint with leave of court if he demonstrates that "justice so requires" allowing the amendment. FED. R. CIV. P. 15(a)(2). Plaintiff did not show good cause as to why justice requires that he be allowed to amend his complaint. Indeed, there is no good cause. Further, even if good cause were presented, the court should deny leave to amend because amendment would be futile.

### B.   Amendment Would Be Futile

Even though Plaintiff requested leave to amend, the court should not grant leave. "[A] motion to amend should be denied if amending a claim would be futile." *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 266 (N.D. Tex. 2014), *citing Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320–321 (5th Cir.1991). "The liberal amendment rules of F.R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley,* 405

F.2d 496, 496–97 (5th Cir.1968). Amending would be futile "if the complaint as amended would be subject to dismissal." *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)*, quoting Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir.2009).

Previously, "Plaintiff does not seek damages from Defendant Bouressa." (Doc. 47, p. 4). In the proposed Second Amended Complaint, there is no such distinction. (Doc. 60, pp. 3-17).

No equitable relief is available from Judge Bouressa, because, as Plaintiff previously admitted, "There is no pending State action in the 471st Judicial District Court of Collin County, Texas and Defendant Bouressa has recused herself from the post judgment collection matter." (Doc. 25, p. 5). As Judge Mazzant recognized in 2013, "[a] claim for equitable relief such as a declaratory judgment or an injunction must be brought against a state official having present ability to implement any such relief ordered by the Court so that future official conduct comports with federal law." *Paselk v. State*, No. 4:12-CV-754, 2013 WL 4791417, at *7 (E.D. Tex. Sept. 5, 2013) (Clark, J. *adopting rep. and rec*. of Magistrate Judge Mazzant), citing *Okpalobi*, 244 F.3d at 421, 423.

Even if Judge Bouressa had not recused, equitable relief against her for performance of judicial duties is unavailable, as a matter of law. *See* 42 U.S.C. § 1983 (emphasis added); *see also LaBranche v. Becnel*, 559 Fed. Appx. 290, 291 (5th Cir. 2014).

Further, Plaintiff's collateral attacks on the state court judgment are barred by either the Rooker-Feldman doctrine or the Younger abstention doctrine, depending on the finality of the state court judgment that Plaintiff has asked this Court to vacate. Plaintiff cannot claim that this case is not "inextricably intertwined" with a state court judgment and also judicially admit that "Plaintiff seeks a judgment of this Court **that the August 1, 2022 Judgment violated Plaintiff's constitutionally protected due process rights**." (Doc. 60, p. 6, ¶ e) (emphasis added).

Explicitly, Plaintiff is admitting the state court judgment is the source of the alleged injury.  (Doc. 60, p. 6, ¶ e)

Any claims presented against Judge Bouressa in the proposed Second Amended Complaint are futile and would prejudice Judge Bouressa.

C.     **Prejudice to Judge Bouressa**

Judge Bouressa is prejudiced because Plaintiff's litigation is simply a harassment of her, and Plaintiff is attempting to drive up legal expenses and waste the time of Judge Bouressa in defending this frivolous lawsuit.  Plaintiff and his attorney are aware that his claims against Judge Bouressa are barred by multiple immunities, but he chooses to persist in filing meritless pleadings to avoid a determination of his claims.  Indeed, he has already repeatedly sought review of Judge Bouressa's decisions through the state court appellate system and has been unsuccessful at every turn.  See *Floyd v. MMWKM Advisors, LLC*, No. 05-22-01147-CV, 2023 WL 8595693 (Tex. App.- Dallas Dec. 12, 2023), *rev. denied* (July 12, 2024), *pet. for rehg. denied* (August 23, 2024); *Floyd v. MMWKM Advisors, LLC*, No. 05-23-00638-CV, 2024 WL 549036, at *1 (Tex. App.- Dallas Feb. 12, 2024); *In re Floyd*, No. 05-24-00192-CV, 2024 WL 807171 (Tex. App.- Dallas, Feb. 27, 2024); *In re Floyd*, No. 05-23-01184-CV, 2023 WL 8230621 (Tex. App.- Dallas, Nov. 28, 2023).

Indeed, as Plaintiff has previously admitted (Doc. 25, p. 5), Judge Bouressa has recused from the state court proceeding, she is not able to provide any equitable relief to redress alleged injuries.

The burden on Judge Bouressa by the prolonging of this lawsuit is considerable. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511 (1985) (the burden on a government official of proceeding in a lawsuit is very high as a matter of law); see also *Ashcroft v. Iqbal*, 556 U.S. 662,

685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed").

Judge Bouressa is prejudiced by Plaintiff's repeated attempts to avoid rulings on the motion to dismiss and the prolonging of this matter despite the immunities from suit proffered by her. (Doc. 13).

Because of this, Judge Bouressa asks this Court to deny Plaintiff's Motion to Amend and proceed to rule on the pending Motion to Dismiss (Doc.s 60 and 13, respectively).

## IV.
## CONCLUSION

This Court should deny Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 60) and dismiss Plaintiff's lawsuit for the reasons proffered in Judge Bouressa's Motion to Dismiss. (Doc. 13).

WHEREFORE, Defendant Judge Andrea Bouressa prays that Plaintiff take nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

ATTORNEYS FOR DEFENDANT JUDGE ANDREA BOURESSA

CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Bouressa's Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint* was served on the **31st day of October, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General