UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **PHILIP FLOYD**<br>　　*Plaintiff,*<br><br>v.<br><br>**ANDREA K. BOURESSA,** *In her official capacity as a State of Texas District Court Judge for Collin County, Texas*, **RYAN HACKNEY, PATRICK YARBOROUGH, ELIAS DRAGON, MMWKM ADVISORS, LLC, SETH KRETZER AND JIM SKINNER,** *In his official capacity as Sheriff of Collin County, Texas*,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§   Civil Action No. 4:24-CV-00681<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS RYAN HACKNEY'S, PATRICK YARBOROUGH'S, ELIAS DRAGON'S, AND MMWKM ADVISORS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT [DOC. 60]**

Defendants Ryan Hackney and Patrick Yarborough ("the Attorney Defendants") and Defendants Eli Dragon or MMWKM Advisors, LLC ("the Private Party Defendants") (together with the Attorney Defendants, "the MMKWM Defendants") file this Response in Opposition to Plaintiff's "Request for Leave to File a Second Amended Complaint for Violation of Civil Rights" (Doc. 60) (the "Motion").

## **INTRODUCTION**

Plaintiff Philip Floyd ("Floyd") is now attempting to file his Second Amended Complaint. To summarize the timeline leading up to this:

- Floyd filed his Original Complaint on July 29, 2024. Doc 1.

- The MMWKM Defendants moved to dismiss the Original Complaint on September 6, 2024. Doc. 33; *see also* Doc. 13 (filed by defendant Judge Bouressa), Doc. 22 (filed by Defendant Kretzer).

- Floyd filed his First Amended Complaint on September 16, 2023. Doc. 34.

- The MMWKM Defendants moved to dismiss the First Amended Complaint on October 4, 2024. Doc. 46; *see also* Doc. 43 (filed by defendant Judge Bouressa), 44 (filed by defendant Sherrif Skinner),

- Floyd filed a "Request for Leave of Court to File a Second Amended Complaint" on October 18, 2024. Doc. 57.

- Floyd again filed a "Request for Leave of Court to File a Second Amended Complaint," but this time with a proposed Second Amended Complaint attached, on October 31, 2024. Doc. 60.

- Without leave, Floyd filed his "Second Amended Complaint" on October 31, 2024. Doc. 61.

**(1) The MMWKM Defendants did not consent to Floyd's request to amend the complaint a second time.**

As Floyd notes in his "Certificate of Conference," the Defendants (including the MMWKM Defendants) did not consent to Floyd's request to amend his Complaint a second time.

**(2) Floyd does not explain his rationale for amending the complaint a second time—he does not (and cannot) show good cause, and amendment would be futile due to fundamental flaws in his complaint.**

Rule 15 allows Floyd the ability to amend his complaint with leave of court if he demonstrates that "justice so requires" allowing the amendment. FED. R. CIV. P. 15(a)(2). Floyd did not show good cause as to why justice requires that he be allowed to amend his complaint.

2
*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Response in Opposition to Floyd's Motion for Leave to File a Second Amended Complaint*

Floyd's entire motion is three sentences, with only the following rationale: "The various motions have alerted Plaintiff of possible deficiencies in his complaint." Doc. 60 at 1. While the MMWKM Defendants do not contest that Floyd's complaint has deficiencies, it has been deficient since the Original, and he has been aware of these deficiencies since well before he filed his First Amended Complaint. *See* Doc. 33 (The MMWKM's Motion to Dismiss the Original Complaint); *see also* Doc. 13 (Motion to Dismiss filed by defendant Judge Bouressa), Doc. 22 (Motion to Dismiss filed by Defendant Kretzer).

Further, amendment would be futile. "[A] motion to amend should be denied if amending a claim would be futile." *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 266 (N.D. Tex. 2014), citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320–321 (5th Cir.1991). "The liberal amendment rules of F.R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir.1968). Amending would be futile "if the complaint as amended would be subject to dismissal." *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014), quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). As the MMWKM Defendants have explained twice now, Floyd's lawsuit is inherently flawed for at least four reasons:

- The Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine, because the claims are a collateral attack on a state court judgment;
- Floyd has not stated a viable Section 1983 claim because Defendants Hackney, Yarborough, Dragon, and MMWKM are not state actors;
- Floyd has failed to state a plausible claim that he has been deprived of a constitutional right; and

3

*Defendants Ryan Hackney's, Patrick Yarborough's, Elias Dragon's, and MMWKM Advisors, LLC's Response in Opposition to Floyd's Motion for Leave to File a Second Amended Complaint*

- Floyd's claims against Defendants Hackney and Yarborough are barred by Attorney Immunity.

*See* Doc. 46 (MMWKM Defendants' Motion to Dismiss the First Amended Complaint). Floyd's proposed Second Amended Complaint addresses none of these issues, nor does it address the issues raised in the other Motions to Dismiss.

### (3) Allowing Floyd to delay dismissal by repeatedly amending his Complaint would prejudice the MMWKM Defendants.

Floyd's Proposed Second Amended Complaint, like his First Amended Complaint and Original Complaint, is a bad faith abuse of the federal judicial system and is only the latest in a trail of frivolous actions taken to delay justice, drive up legal expenses, and waste the time of the MMWKM Defendants. *See* Doc. 46 at 5–8 (detailing the underlying arbitration, state district court litigation, refusal to pay the confirmed arbitration award, receivership, and eight appellate proceedings).

### CONCLUSION

The deficiencies in Floyd's First Amended Complaint are not due to a lack of opportunity; they are due to a lack of underlying merit.

The Court should deny the Motion.


Dated: November 1, 2024                                        Respectfully submitted,

                                                              **AHMAD, ZAVITSANOS & MENSING PLLC**

                                                              */s/ Colin B. Phillips*
                                                              Colin B. Phillips
                                                              Texas Bar No. 24105937
                                                              1221 McKinney St., Suite 2500
                                                              Houston, Texas 77010

Tel: (713) 655-1101<br>
Fax: (713) 655-0062<br>
cphillips@azalaw.com

*Attorney-in-Charge for Defendant*

OF COUNSEL:

Ryan Hackney
Texas Bar No. 24069850
**AHMAD, ZAVITSANOS & MENSING, P.L.L.C.**
1221 McKinney St., Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
rhackney@azalaw.com

Patrick Yarborough
Texas Bar No. 24084129
**FOSTER YARBOROUGH PLLC**
917 Franklin St., Suite 220
Houston, Texas 77002
Tel: (713) 331-5254
Fax: (713) 513-5202
patrick@fosteryarborough.com

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on November 1, 2024, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

 */s/ Colin Phillips*<br>
Colin Phillips