IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIP FLOYD | § | |
| | § | |
| v. | § | Case No. 4:24-CV-00681 |
| | § | |
| ANDREA BOURESSA, , et. al. | § | |

### SHERIFF SKINNER'S MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas**, one of the Defendants, pursuant to FED. R. CIV. P. 11, 28 U.S.C. §1927, 28 U.S.C. §165(a), and this Court's inherent power to govern the conduct of litigants appearing before it, as well as all other applicable rules and statutes, and files his MOTION FOR SANCTIONS, and would show as follows:

### I.
### INTRODUCTION AND FACTS NECESSITATING SANCTIONS

Plaintiff, represented by his father/counsel Douglas Floyd - has sued Collin County Sheriff Jim Skinner in his official capacity, along with a State District court Judge [Andrea Bouressa], two counsel in the underlying State court litigation [Ryan Hackney and Patrick Yarbrough], two parties in the underlying State Court litigation [Elias Dragon MMWKM Advisors, LLC], and the court-appointed Receiver in the State Court litigation [Seth Kretzer]. Plaintiff's putative "facts" are nothing more than a litany of woes Plaintiff and his father/counsel sweepingly attribute to the involved parties, attorneys, the presiding State Court Judge, and the court-appointed Receiver. Sheriff Skinner has unfortunately become ensnared in this Lawsuit because Plaintiff's father/counsel Douglas Floyd submitted a Public Information Act request to the Collin County Sheriff's Office about the spurious criminal complaint that he [Attorney Floyd] had made against Judge Bouressa.

The absence of facts underlying Plaintiff's unsupportable allegations have been detailed by Sheriff Skinner in his MOTION TO DISMISS [Dkt. 44] so they will not be repeated here.

In order to comply with Rule 11 and also give Plaintiff as well as his father/counsel Douglas Floyd the opportunity to simply "walk away", before the filing of this Motion, Plaintiff's father/counsel was expressly warned in writing about his sanctionable conduct and forewarned of this very MOTION. Plaintiff and his father/counsel intentionally ignored such warning and proceeded at their peril, underscoring their bad faith motive and improper purpose in filing this lawsuit.

Plaintiff, through this father/counsel Douglas Floyd, will no doubt continue to harass Sheriff Skinner, Collin County [and many others] until this Court orders him otherwise. Filing a groundless lawsuit for the purpose of revenge and harassment is the essence of sanctionable conduct and precisely the type behavior proscribed by FED. R. CIV. P. 11, 28 U.S.C. §1927, and 28 U.S.C. §165(a) necessitating that sanctions be imposed to control this frivolous litigant [and more precisely his misguided father/attorney] and prevent future abuse, as will be detailed more fully below.

## II.
## WRITTEN NOTICE PURSUANT TO FED. R. CIV. P. 11

On October 15, 2024, the undersigned emailed Plaintiff's Counsel a letter.[1] enclosing the draft MOTION FOR SANCTIONS, pursuant to FED. R. CIV. P. 11(c)(2). Such letter clearly requested he dismiss his claims against Sheriff Skinner in the time frame provided by Rule 11. The draft MOTION FOR SANCTIONS clearly advised Plaintiff's counsel of the basis for seeking sanctions. Plaintiff and his father/counsel ignored this warning. Instead of voluntary dismissal, Plaintiff, or more precisely, his father/counsel has not responded at all - and certainly has not dismissed Sheriff Skinner as expressly requested. More than ample time has passed to do so.

---

[1] A copy of such letter is attached as Exhibit No. 1 and a copy of the email is attached as Exhibit 2.

# III.
# LAW APPLICABLE TO SANCTIONS

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston,* 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants," which means pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### (A)  Sanctions under Fed. R. Civ. P. 11

Under FED.R.CIV.P. 11, every document filed with the Court must be signed by either the party or the party's attorney if the party is represented by counsel. FED.R.CIV.P.11(a). The signature on the document is considered a certification that the claims asserted are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; that the legal contentions are warranted by existing law or by a non-frivolous argument for extension, modification or reversal of existing law, or the establishment of new law; and that the factual contentions have evidentiary support or are likely to have support after further investigation or discovery. FED.R.CIV.P.11(b)(1)(3).

When a pleading violates Rule 11, the court may impose sanctions on the signing party. FED.R.CIV.P. 11(c)(1)-(4).  Rule 11 requires a reasonable inquiry before a party or attorney signs a filing. FED.R.CIV.P. 11(b) *FDIC v. Calhoun,* 34 F.3d 1291, 1299 (5th Cir.1994). The determination of whether a filing was made for an improper purpose is based on an objective standard. *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 118 (7th Cir.1994).

**(B)      Sanctions under 28 U.S.C. §1927**

28 U.S.C. Section 1927 provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Fifth Circuit has interpreted the provision as requiring evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court. *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *Ingram v. Glast, Phillips & Murray*, 196 Fed. Appx. 232 (5th Cir. 2006); *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010)(requiring "clear and convincing evidence, that every facet of the litigation was patently meritless" and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.")

While the standard under §1927 is vexatious multiplication of litigation, a district court may invoke this provision to award attorney's fees and costs for an entire course of proceedings if the case should never have been brought in the first place. *Lewis v. Brown & Root, Inc.* 711 F.2d 1287, 1292 (5th Cir. 1983), *clarified on reconsideration*, 722 F.2d 209 (5th Cir. 1984), *cert. denied*, 464 U.S. 1069 (1984). Judge McBryde, in *Western Fidelity, et. al. v. Bishop*, 2001 WL 34664165 (N.D. Tex. 2001) described on page 22 that:

Under 28 U.S.C. § 1927, the phrase 'unreasonably and vexatious" describes conduct that, when viewed under an objective standard, is harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense, or position that is or should be known by a lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation. [citing cases].

Bad faith can also be found where "claims advanced are meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Smith v. Fed'n of Teachers Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987). Tellingly,

the Court in *Strain* held that an award of attorney's fees to the Kaufman County District Attorney's Office and individual prosecutors was authorized under §1927.  See, *Strain, id* at 702-703.

### (C)   Sanctions under Court's inherent power

The Supreme Court has recognized that courts have an inherent power to impose attorney's fees as a sanction for bad faith conduct where the conduct at issue is not covered by a sanctioning provision. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 47 (1991). This Court's inherent power to govern the conduct of litigants appearing before and protecting its core functions authorizes sanctions.

### IV.
### FRIVOLOUS CLAIMS AND VEXATIOUS INCREASE IN CASE ACTIVITY

Plaintiff's groundless allegations against Sheriff Skinner, in combination with his scourge of litigation against Co-Defendants,[2] underscores that Plaintiff's goal was not the assertion of legitimate claims, but rather, a calculated and improper effort to extract retribution from the Judge who presided over Plaintiff's civil action in her court as well as Counsel, parties, and court-appointed Receiver.  Sheriff Skinner was obviously not involved in the State Court litigation, but has been harassed simply because his Office, through the Undersigned, submitted a request for an Attorney General determination concerning Plaintiff's father/counsel's Public Information Act request.

While Plaintiff and his father/counsel may claim that they did not have any improper motive in filing this litigation, such self-serving statements are readily rebuked by a simple review of Plaintiff's groundless pleadings, particularly when viewed through the lens of the other filings. When provided with the authority compelling dismissal, Plaintiff's ploy has been to force Sheriff

---

[2]See, i.e., DEFENDANTS RYAN HACKNEY'S, PATRICK YARBOROUGH'S, ELIAS DRAGON'S, AND MMWKM ADVISORS, LLC'S FIRST AMENDED MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6) [Dkt. 46], p. 7 (chart listing various other litigations)

SHERIFF SKINNER'S MOTION FOR SANCTIONS                                                                                           Page 5
T:\233\1\1600\74067 Floyd PIA\Federal Lawsuit\Sheriff\Motion For Sanctions.wpd

Skinner, and in effect Collin County, to continue to fight their way out of this case and in the process, incur substantial attorney's fees and costs which, unfortunately, are ultimately borne by the taxpayers unless this Court rules otherwise.

Ignoring clearly established law protecting governmental employees, particularly the absolute judicial immunity afforded Judge Bouressa, is the type conduct which merits sanctions and the award of attorney's fees. Judge Bilby, in the *Strain* case, emphasized the frivolity of ignoring the doctrines of prosecutorial immunity and qualified immunity. See, *Strain, id* at 701-702. When discussing the various factors for an award of attorney's fees [under §1988], Judge Bilby wrote:

> Additionally, in dismissing the Kaufman County District Attorney's Office and prosecutors, Lisa Gent and Louis Conradt, the U.S. District Judge Jorge Solis found Plaintiffs ignored well-settled U.S. Supreme Court and Fifth Circuit precedent concerning prosecutorial immunity. The Court finds that there was no good faith basis in pursuing litigation against the County Attorney's Office or its officers. Plaintiff's claims were frivolous, unreasonable and groundless and Defendants as the prevailing party are entitled to their fees and costs."

*Strain, id* at 701-702.

The Plaintiff has no good faith argument for the extension, modification or reversal of existing law or the establishment of new law, which would justify Plaintiff's complete and intentional disregard of the facts and the clear entitlement of Sheriff Skinner to dismissal, especially when such claims are brought against him under such flimsy pretenses and in an "official capacity." Plaintiff's continued litigation against Sheriff Skinner was calculated to, and did indeed, harass Sheriff Skinner and needlessly result in Collin County incurring attorney's fees and costs in fighting to obtain dismissal. Much like the Plaintiff's counsel in the *Strain* case and the pro litigant in the *Pompura* case cited below, the instant case was "filed for the sole purpose of harassing the Defendants for oppressive reasons" *Strain, id* at 703. And precisely like in *Strain*, "there was no legal basis for suing these Defendants other than for harassment." *Strain, id.*

Magistrate Judge Priest-Johnson was clear about the sanctionable conduct of suing an elected official, the Collin County District Attorney, without any factual or legal grounds, writing in her ORDER granting sanctions as follows:

> Plaintiff has failed to offer a good faith argument to justify her disregard of facts and the clear lack of any legal claim against Defendant [District Attorney Willis]. The Court finds Plaintiff harassed Defendant needlessly, resulting in the incurrence of attorney's fees and costs in presenting a legal defense.

See, *Pompura v. Willis*, Cause No. 4:16-CV-766 (ORDER granting sanctions, Doc. 44, p. 5).

Plaintiff and his father/counsel have unnecessarily and vexatiously increased the activity in this case by requiring ongoing presentment of Motions to Dismiss, not only by Sheriff Skinner but by all the Defendants. The Plaintiff has also unnecessarily foisted a substantial burden on various courts by the sheer number of groundless suits against these same parties. Plaintiff's vexatious conduct is precisely the type behavior no doubt envisioned by the Legislature and Courts when enacting statutes and rules of procedure prohibiting the filing of frivolous lawsuits. There is, quite simply, no legal or factual basis for suing Sheriff Skinner and this lawsuit was filed for the sole purpose of harassment. Plaintiff's father/counsel deliberately chose to ignore written warnings about sanctions and now they must pay for such bad faith conduct.

## VI.
## REQUEST FOR AWARD OF ATTORNEY'S FEES AND PRE-FILING INJUNCTION

In order to defend against Plaintiff's frivolous and harassive lawsuit, Collin County has retained the undersigned counsel to represent Sheriff Skinner, incurring reasonable attorney's fees and costs associated with the Sheriff's defense. The award of sanctions - including attorney's fees - against Plaintiff and his father/counsel is particularly equitable since the taxpayers of Collin County should not ultimately be forced to incur the costs in this case resulting solely from the frivolous lawsuit filed by the Plaintiff guided by his father/counsel. If this Motion is granted and attorney's

fees are determined to be awarded against Plaintiff and his father/counsel, Counsel for Sheriff Skinner will submit an affidavit establishing the amount of reasonable and necessary attorney's fees and costs.

Regarding the request for a pre-filing injunction, the District Court for the Eastern District of Texas has the power to issue a pre-filing injunction against the Plaintiff. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) ("A district court may bar a vexatious litigant from filing future . . . complaints unless she seeks the prior approval of a district or magistrate judge.") (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994)); See also, *Pompura v. Willis*, Cause No. 4:16-CV-766 (ORDER granting sanctions, Doc. 44, p. 6).

## VII.
## REQUESTED RELIEF

Sheriff Skinner requests that Plaintiff and his father/counsel Douglas Floyd, jointly and severally, be sanctioned and found to be a vexatious litigant because this lawsuit was clearly filed for the purpose of harassment and to seek revenge, and Defendant Skinner specifically requests the following relief from this Court to halt Plaintiff's abusive tactics, assertion of frivolous claims, and to deter such future conduct by him in the future:

(1) An Order awarding Collin County, on behalf of Sheriff Skinner, its attorney's fees and costs, both in the past and conditionally in the future, in the amounts established by Affidavit;

(2) An Order imposing additional monetary sanctions against Plaintiff and his father/Counsel Douglas Floyd for his conduct described above, to be tendered to the Court to prevent such conduct in the future;

(3) An Order prohibiting Plaintiff, or anyone acting on his behalf [specifically including Douglas Floyd], from filing in, or removing to, any civil action of any kind or nature concerning the claims which have been made in the instant case against: (1) Collin County Sheriff Jim Skinner, (2) Collin County, Texas, (3) any elected officials, officers, agents, servants or employees of Collin County, and (4) the undersigned Counsel Robert Davis and his Firm MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS &

BEANLAND, and any officers, agents, servants or employees of said Firm without leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas; and

(4) Any other sanctions which the Court determines to be appropriate to effectively deter the repetition of improper conduct by Plaintiff, or anyone acting in concert with him.

**WHEREFORE, PREMISES CONSIDERED**, **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas** respectfully requests that Plaintiff and his father/counsel Douglas Floyd be sanctioned, award Collin County its reasonable attorneys fees and costs incurred on behalf of Sheriff Skinner; and for such other and further relief, general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**SHERIFF JIM SKINNER, in his official**
**capacity as Sheriff of Collin County, Texas**,

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2024, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Douglas Floyd, Seth Kretzer, Colin Phillips, and Scot Graydon,

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**