UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP FLOYD,<br>　　Plaintiff<br>vs.<br><br>ANDREA K. BOURESSA, et. al.<br>　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:24-CV-00681<br>§<br>§ |

**PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S
MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Philip Floyd and files this response to Sheriff Jim Skinner's Motion for Sanctions (Doc. 64) and shows this Court as follows:

In Defendant Skinner's motion is more of a confirmation of Plaintiff's conspiracy claim involving persons with the Collin County Sheriff's Department (CCSD) than evidence of any vexation litigation by Plaintiff. Defendant Skinner keeps asserting that Plaintiff's Count One claim against Judge Bouressa for violation of his constitutionally protected due process rights under the 14th Amendment of the United States Constitution is a frivolous claim. The essence of Plaintiff's claims is that Judge Bouressa violated Plaintiff's due process rights by refusing to conduct a trial on the merits of the application to confirm an arbitration award. Judge Bouressa not only did not conduct a trial on the merits of the application, when asked to provide findings of the evidence offered to support the judgment she signed on August 1, 2022, she begrudgingly filed falsified statements claiming that she heard evidence that is clearly not contained in the official Reporter's Record for the hearing (Doc. 25, pages 11-54). Sheriff Skinner received copies of the Reporter's Record for the August 1, 2022 hearing in March of 2024, long before Plaintiff filed his underlying lawsuit.

**PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION FOR SANCTIONS
PAGE 1**

For Sheriff Skinner to make the statement that a constitutional violation is not a legitimate claim if further evidence of his involvement in the attempt to coverup the reporting of a crime under both Federal Laws (42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence.) and Texas Criminal Law ( Texas Penal Code Sec. 37. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE) by Judge Bouressa. Plaintiff's response (Doc. 50) to the Motion to Dismiss (Doc. 44) filed by Sheriff Skinner shows a clear discrepancy between the matters reported by the CCSD and the office of the Criminal District Attorney of Collin County.

When Plaintiff requested under the Public Information Act (PIA) something the show why there was a discrepancy, Sheriff Skinner immediately hired counsel to stop the PIA request by involving the Attorney General of Texas in the matter, see Doc. 44-1.  What is Sheriff Skinner trying to hide?

The record does reflect that on June 6, 2024, Judge Bouressa became aware of the criminal complaint (Doc. 22 page 4) and she became irate and threatened to file a complaint with the State Bar of Texas against Plaintiff's counsel.  While as of this date, Plaintiff's counsel has not received any complaint from the State Bar of Texas, it is clear that Judge Bouressa made such a threat as evidence by the statement of the Receiver, Seth Kretzer in his motion to dismiss Plaintiff's complaint against him. (Doc. 22, page 4)

If Plaintiff's pleadings are groundless as claimed my Sheriff Skinner, why has not one of the Defendants ever filed a denial of Plaintiff's underlying claim by unequivocally stating that the August 1, 2022, Judgment was the result of a trial on the merits of the application to confirm an arbitration award?  The signing of a judgment in clear violation of Plaintiff's constitutionally protected due process rights is an ultra vires act and therefor, Plaintiff's claims are not frivolous

**PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION FOR SANCTIONS
PAGE 2**

or vexatious.

Sheriff Skinner makes the statement that Plaintiff's complaint consists of, "... self-serving statements are readily rebuked by a simple review of Plaintiff's groundless pleading, particularly when viewed through the lens of other filings" As stated above, not one Defendant has ever refuted or denied Plaintiff's constitution claim. Probably because the Reporter's Record clearly shows that Judge Bouressa refused to conduct a trial on the merits on August 1, 2022.

The cause of action against Sheriff Skinner is for violations of 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by fabrication of evidence as stated in Plaintiff's response to Sheriff Skinner's motion to dismiss. Why won't Sheriff Skinner make a statement that in his opinion Judge Bouressa did not violate Texas Penal Code Sec. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE, when she filed falsified and fabricated Findings of Fact and Conclusions of Law in a proceeding with the intent to affect the course or outcome of the official court proceeding?

Sheriff Skinner needs to answer, "How does falsifying evidence in a FOFCOL meant for a higher court proceeding not rise to the level of a criminal offense? And why did he not refer the complaint to the Criminal District Attorney for Collin County?"

## PRAYER

Plaintiff prays that the Motion for Sanction filed by Sheriff Skinner

Respectfully submitted,

/s/ **Douglas T. Floyd**
DOUGLAS T. FLOYD
Attorney for Plaintiff
6521 Preston Rd., Suite 100
Plano, Texas 75024
214-704-7081
877-846-3149 Fax

**PLAINTIFF'S RESPONSE TO SHERIFF JIM SKINNER'S MOTION FOR SANCTIONS**
**PAGE 3**

SBN: 07181700
Lawyerfloyd@aol.com

## CERTIFICATE OF SERVICE

      I certify that a copy of the above Plaintiff's Response to Judge Bouressa's Motion to Dismiss was served on December 24, 2024, upon all parties who have entered an appearance, using the CM/ECF system.


/s/ *Douglas T. Floyd*
DOUGLAS T. FLOYD