IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIP FLOYD | § | |
| | § | |
| v. | § | Case No. 4:24-CV-00681 |
| | § | |
| ANDREA BOURESSA, , et. al. | § | |

### SHERIFF SKINNER'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas**, and files his REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR SANCTIONS, and would show as follows:

### I.
### Plaintiff's RESPONSE does not address Plaintiff's Counsel's sanctionable conduct

The only [and legally implausible] connection between Sheriff Skinner and this lawsuit is that Plaintiff's father/counsel Douglas Floyd submitted a Public Information Act request to the Collin County Sheriff's Office about the spurious criminal complaint that he [Attorney Floyd] had made against Judge Bouressa. Sheriff Skinner has already filed his MOTION TO DISMISS [Dkt. 44] detailing the frivolous nature of Plaintiff's claim(s) and such MOTION is ripe for determination.

Plaintiff's RESPONSE TO SHERIFF'S SKINNER'S MOTION FOR SANCTIONS (hereinafter "Plaintiff's RESPONSE")[Dkt. 65] fails to address Plaintiff's Counsel's sanctionable conduct, and instead, spews nonsensical "conspiracy" theories which underscore why sanctions are necessary. Plaintiff's RESPONSE, while drafted by attorney, seems more akin to a Sovereign Citizen type filing. Riddled with rhetorical questions, the RESPONSE does not make any cogent argument that he has any colorable claim against Sheriff Skinner or that Plaintiff's counsel's conduct is not sanctionable.

SHERIFF SKINNER'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR SANCTIONS
T:\233\1\1600\74067 Floyd PIA\Federal Lawsuit\Sheriff\Motion For Sanctions REPLY.wpd

Page 1

Plaintiff's RESPONSE confirms that Plaintiff has no good faith argument for the extension, modification or reversal of existing law or the establishment of new law, which would justify Plaintiff's complete and intentional disregard of the facts and the clear entitlement of Sheriff Skinner to dismissal, especially when Plaintiff's claims are brought against the Sheriff under such flimsy pretenses and in an "official capacity." Plaintiff's ploy remains the same - to force Sheriff Skinner, and in effect Collin County, to continue to fight their way out of this case and in the process, incur substantial attorney's fees and costs which, unfortunately, are ultimately borne by the taxpayers unless this Court rules otherwise. Plaintiff's continued litigation against Sheriff Skinner was calculated to, and did indeed, harass Sheriff Skinner and needlessly result in Collin County incurring attorney's fees and costs in fighting to obtain dismissal. Sanctions are warranted herein.

## II.
## REQUESTED RELIEF

Sheriff Skinner requests that Plaintiff and his father/counsel Douglas Floyd, jointly and severally, be sanctioned and found to be a vexatious litigant because this lawsuit was clearly filed for the purpose of harassment and to seek revenge, and Defendant Skinner specifically requests the following relief from this Court to halt Plaintiff's abusive tactics, assertion of frivolous claims, and to deter such future conduct by him in the future:

(1) An Order awarding Collin County, on behalf of Sheriff Skinner, its attorney's fees and costs, both in the past and conditionally in the future, in the amounts established by Affidavit;

(2) An Order imposing additional monetary sanctions against Plaintiff and his father/Counsel Douglas Floyd for his conduct described above, to be tendered to the Court to prevent such conduct in the future;

(3) An Order prohibiting Plaintiff, or anyone acting on his behalf [specifically including Douglas Floyd], from filing in, or removing to, any civil action of any kind or nature concerning the claims which have been made in the instant case against: (1) Collin County Sheriff Jim Skinner, (2) Collin County, Texas, (3) any elected officials,

officers, agents, servants or employees of Collin County, and (4) the undersigned Counsel Robert Davis and his Firm MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAND, and any officers, agents, servants or employees of said Firm without leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas; and

(4) Any other sanctions which the Court determines to be appropriate to effectively deter the repetition of improper conduct by Plaintiff, or anyone acting in concert with him.

**WHEREFORE, PREMISES CONSIDERED**, **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas** respectfully requests that Plaintiff and his father/counsel Douglas Floyd be sanctioned, award Collin County its reasonable attorneys fees and costs incurred on behalf of Sheriff Skinner; and for such other and further relief, general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
 **SHERIFF JIM SKINNER, in his official capacity as Sheriff of Collin County, Texas**,

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2024, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Douglas Floyd, Seth Kretzer, Colin Phillips, and Scot Graydon,

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**