IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP FLOYD, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:24-CV-00681- |
| v. | § | ALM-AGD |
| | § | |
| ANDREA K. BOURESSA, ET AL., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the court are Defendant Judge Andrea K. Bouressa's Motion to Strike Plaintiff's Amended Complaint [Doc. 34] (Dkt. #48), Motion to Strike Plaintiff's Sur-Reply [Doc. 36] (Dkt. #49), and Plaintiff Philip Floyd's Request for Leave of Court to File a Second Amended Complaint for Violation of Civil Rights (Dkt. #60). Having reviewed the Motions, the responses thereto, and all other relevant filings, the court finds that the Motions (Dkt. #48; Dkt. #49; Dkt. #60) should be denied.

## BACKGROUND

*Factual History*

Plaintiff's claims arise out of the judicial enforcement of an arbitration award. Plaintiff alleges that Defendants MMWKM Advisors, LLC and Elias Dragon obtained an arbitration award against him (Dkt. 1 at p. 4). Plaintiff alleges that Bouressa enforced the award against Plaintiff without any evidence because MMWKM and Dragon did not appear at the hearing (Dkt. #1 at p. 4). Plaintiff further alleges that Bouressa conspired with Defendants Ryan Hackney and Patrick Yarbrough, counsel for MMWKM and Dragon, to violate criminal laws, including tampering with or fabricating physical evidence (Dkt. #1 at pp. 5; 7). Plaintiff also alleges that Defendant Seth Kretzer participated in the conspiracy after he was appointed as a receiver (Dkt. #1 at p. 8). Plaintiff

further alleges that Defendants Bouressa, Hackney, Yarborough, MMWKM, Dragon, and Kretzer wrongfully seized $35,000 from Plaintiff in connection with recovery of the arbitration award (Dkt. #1 at p. 9). Finally, Plaintiff alleges that Defendant Jim Skinner, the Collin County Sheriff, committed perjury in furtherance of the conspiracy, specifically by asking "the Attorney General of Texas to issue an opinion to withhold information regarding the criminal investigation of Defendant Bouressa." (Dkt. #1 at p. 10).

***Procedural History***

On July 29, 2024, Plaintiff filed a Complaint in the Eastern District of Texas, alleging that Defendants engaged in an unlawful conspiracy to deprive Plaintiff of his civil rights (Dkt. #1). On August 8, 2024, Bouressa filed a Motion to Dismiss for lack of subject-matter jurisdiction (Dkt. #13). On August 18, 2024, Kretzer filed a Motion to Dismiss for lack of subject-matter jurisdiction and standing (Dkt. #22). On September 4, 2024, Bouressa filed an Unopposed Motion to Stay Discovery, (Dkt. #30), which the court granted on September 23, 2024 (Dkt. #39). On September 6, 2024, Hackney and Yarborough filed a Motion to Dismiss for lack of subject-matter jurisdiction (Dkt #33). On September 8, 2024, Plaintiff filed a First Amended Complaint (Dkt. #34). Accordingly, Bouressa, Hackney, and Yarborough[1] filed Amended Motions to Dismiss (Dkt. #43; Dkt. #46). On October 1, 2024, Skinner also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #44). On October 10, 2024, Bouressa filed a Motion to Strike Plaintiff's Amended Complaint (Dkt. #48) and Motion to Strike Plaintiff's Sur-Reply (Dkt. #49), which are presently before the court. On October 15, 2024, Plaintiff filed Responses to the Motions (Dkt. #52; Dkt. #53). On October 18, 2024, Plaintiff filed a Request for Leave of Court to file a Second Amended Complaint (Dkt. #60), which is also before the court. On October 31, 2024,

---

[1] Hackney and Yarborough also bring their Amended Motion to Dismiss on behalf of MMWKM and Dragon (Dkt. #46).

Bouressa filed a Response (Dkt. #62). On November 1, 2024, Hackney, Yarborough, MMWKM, and Dragon also filed a Response (Dkt. #63).

## ANALYSIS

The court finds that Bouressa's Motion to Strike Plaintiff's Amended Complaint (Dkt. #48) should be denied. In light of the Amended Complaint, Bouressa, Hackney, Yarborough, and Kretzer's Motions to Dismiss should be denied as moot. And because the Sur-Reply Bouressa seeks to strike addressed Bouressa's first Motion to Dismiss, (Dkt. #13), Bouressa's Motion to Strike Plaintiff's Sur-Reply (Dkt. #49) should also be denied as moot. Finally, Plaintiff's Request for Leave of Court to File a Second Amended Complaint (Dkt. #60) should be denied.

***Bouressa's Motion to Strike Plaintiff's Amended Complaint should be denied.***

Generally, a party may amend its pleading once as a matter of course no later than 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* When a plaintiff amends its complaint without consent or leave of court, either the entire complaint or that part of the complaint that is added without leave may be stricken. *Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-L, 2019 WL 5865709, at *6 (N.D. Tex. Nov. 7, 2019) (citations omitted).

Here, Plaintiff filed his First Amended Complaint on September 16, 2024 (Dkt. #34). Bouressa argues that Plaintiff failed to comply with Federal Rule of Civil Procedure 15(a) because Bouressa filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 on August 8, 2024, "so any Amended Complaint without leave needed to be filed on or before August 29, 2024."

(Dkt. #48 at p. 2). Bouressa further argues that Plaintiff failed to show good cause, Bouressa would be prejudiced by the amendment, and that any amendment would be futile (Dkt. #28 at pp. 2–3). In response, Plaintiff argues that "Rule15(a) is not clear and should be liberally construed to do justice." (Dkt. #52 at p. 1). Thus, Plaintiff argues, "Rule 15(a) would clearly apply if there was one plaintiff and one defendant," but here, "there are seven defendants." (Dkt. #52 at p. 1).

The court disagrees that Plaintiff's decision to sue multiple defendants relieves him of the obligation to comply with Federal Rule of Civil Procedure 15(a). This court has recently explained how Rule 15(a) applies in cases with multiple defendants:

> Courts differ on when the clock starts for amending as a matter of right in cases where there are multiple defendants who have filed responsive pleadings or Rule 12(b), (e), or (f) motions. The advisory committee's note to the 2009 amendment to Rule 15(a) recites that the 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period. Some courts in consideration of such note, have held that an amended complaint filed as a matter of right is effective only as to those defendants who have not filed a responsive pleading or defensive motion more than 21 days prior to the day the plaintiff filed the amended complaint, which in this instance would reach or encompass only Dahlheimer, Sr. Other courts have held that an amended complaint filed as a matter of right is ineffective as to all defendants if it is filed more than 21 days after the first responsive pleading or defensive motion is filed.
>
> Here, given the unqualified language of the advisory committee notes to the latest version of the Rule, the Court agrees with the latter rationale that the ability to amend as a matter of right concludes 21 days after the first defendant files a responsive pleading or a motion under Rule 12(b), (e), or (f). Accordingly, Plaintiff could not file her Amended Complaint without first seeking leave of Court.

*Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 5880590, at *2 (E.D. Tex. Aug. 7, 2019) (cleaned up). Here, Plaintiff could amend his Complaint as a matter of course before August 29, 2024. Plaintiff filed his First Amended Complaint on September 16, 2024 (Dkt. #34) and thus did not comply with Rule 15(a).

4

Nonetheless, even when the option to amend as a matter of course is no longer available, the spirit of rule 15(a) weighs in favor of allowing amendment. *See* FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). Here, while Plaintiff did not amend his Complaint within the deadlines imposed by Rule15(a), this matter is not governed by a scheduling order. Moreover, on September 23, 2024, the court stayed the discovery requirements (Dkt. #39). Additionally, Plaintiff has not previously amended his Complaint. While Bouressa argues that she would be prejudiced by the amendment because there are fully briefed motions to dismiss pending, the court notes that there are also fully briefed motions to dismiss in response to Plaintiff's Amended Complaint. Accordingly, the court finds that Bouressa's Motion to Strike Plaintiff's Amended Complaint (Dkt. #48) should be denied.

***Plaintiff's Request for Leave to File his Second Amended Complaint should be denied.***

On October 31, 2024, three weeks after Bouressa filed her Motion to Strike Plaintiff's Amended Complaint, (Dkt. #48), Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Dkt. #60). Bouressa, Hackney, Yarborough, Dragon, and MMWKM filed Responses, arguing that allowing leave to amend would be futile and prejudice Defendants (Dkt. #62; Dkt. #63).

"A district court has the discretion to consider numerous factors in evaluating whether to allow amendment, including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021) (citation omitted). After reviewing these factors, the court finds that Plaintiff's Motion for Leave File a Second Amended Complaint (Dkt. #60) should be denied.[2]

---

[2] It appears that Plaintiff first filed his Motion for Leave to Amend on October 18, 2024 (Dkt. #57). On October 31, 2024, Plaintiff refiled the Motion, but included the proposed Second Amended Complaint. As such, that Motion (Dkt. #57) should be denied as moot.

5

At the outset, the court notes that Plaintiff's Motion does not contain any analysis of the relevant factors. Instead, Plaintiff's argument is comprised of three sentences: "All named defendants have been served and have filed motions to dismiss for various reasons. The various motions have alerted Plaintiff of possible deficiencies in his complaint. Accordingly, Plaintiff request[s] leave to amend the complaint to address the various objections by the various defendants." (Dkt. #60 at p. 1). In the Fifth Circuit, a failure to specify how amendment would cure deficiencies in a complaint supports denying leave to amend, usually under the futility factor. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) ("[The] failure to specify how amendment would cure the fundamental deficiencies in their pleading, especially when the core of Plaintiffs' claims is so clearly foreclosed by settled law, supports the district court's determination that amendment would be futile."); *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 303 (5th Cir. 2022) ("Based on Gordon Plaza's repeated failure to cure its pleadings and lack of diligence to present any indication of the factual allegations with which it seeks to amend its complaint, we hold that the district court did not abuse its discretion in denying leave to amend."); *Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020) ("Heinze already had one opportunity to amend his complaint. He makes 'only a general request for leave to amend' and has not identified how amendment would cure the defects identified above. We therefore hold that amendment would be futile[.]"); *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) ("Edionwe's motion to amend merely stated that '[i]f the Court is inclined to dismiss any portion of Plaintiff's complaint for failure to state a claim, Plaintiff requests leave of court to amend his complaint to cure the alleged pleading deficiencies identified by Defendants....' As we have done in similar circumstances in the past, we have 'little difficulty affirming [the] district court's denial of leave to amend.'"); *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)

("[P]leadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right. One opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleadings, was sufficient under the circumstances."); and *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 611 (S.D. Tex. 2023) ("A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects."). Thus, Plaintiff's lack of explanation as to why a second amended complaint was necessary weighs in favor of denying leave to amend.[3]

The court further finds that allowing a second amendment would cause undue delay and prejudice Defendants. As established above, Plaintiff previously amended his Complaint following Defendants' Motions to Dismiss. Accordingly, in the event that the court granted Plaintiff's Motion for Leave, Defendants would be obligated to file a third round of motions to dismiss and responsive briefing. This would both prejudice Defendants and cause undue delay. *See Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 293, n.2 (5th Cir. 2024); (finding that an amendment would prejudice the defendant because "'[f]orcing [RH] to again address these claims, for a third time, given [Shaw's] many deletions, would force [RH] to prove facts that were previously alleged and undisputed.'"); *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 373 (5th Cir. 2021) (affirming the district court's determination "that any request for leave would be tardy, given that the Douglases already had three prior opportunities to amend."); and *Ho-Huynh v. Bank of Am., N.A.*, No. CV G-14-69, 2014 WL 12599510, at *5 (S.D. Tex. Nov. 14, 2014) ("[A]llowing leave to

---

[3] The court also notes that, tellingly, Plaintiff did not file a Reply to Defendants' Responses to his Motion for Leave.

amend would prejudice BANA in requiring an additional motion to dismiss, causing undue delay."). Thus, the undue delay and prejudice factors weigh in favor of denying leave to amend.[4]

The court therefore finds that Plaintiff's Motion for Leave File a Second Amended Complaint (Dkt. #60) should be denied. Plaintiff's First Amended Complaint (Dkt. #34) is thus the live pleading.

## CONCLUSION

It is therefore **ORDERED** that Bouressa's Motion to Strike Plaintiff's Amended Complaint (Dkt. #48) is **DENIED**. It is further **ORDERED** that Plaintiff's Request for Leave of Court to File a Second Amended Complaint for Violation of Civil Rights (Dkt. #57; Dkt. #60) is **DENIED**. Thus, Plaintiff's First Amended Complaint (Dkt. #34) is the live pleading. As such, it is further **ORDERED** that Bouressa, Kretzer, Hackney, and Yarborough's Motions to Dismiss (Dkt. #13; Dkt. #22; Dkt. #33) and Bouressa's Motion to Strike Plaintiff's Sur-Reply (Dkt. #49) are **DENIED as moot**. It is finally **ORDERED** that this case is **STAYED** pending the court's review of the fully briefed Motions to Dismiss (Dkt. #43; Dkt. #44; Dkt. #46) except that Kretzer may file an Amended Motion to Dismiss within 30 days of this Order and Plaintiff may file a Response to the same in the timeframe permitted by the Local Rules of this court.

**IT IS SO ORDERED.**

**SIGNED this 11th day of March, 2025.**

_AILEEN GOLDMAN DURRETT_
UNITED STATES MAGISTRATE JUDGE

---

[4] With respect to a party's repeated failure to cure deficiencies by previous amendments and bad faith, because Plaintiff does not include any analysis, the court is unable to ascertain whether Plaintiff was able to cure any purported deficiencies or whether he is attempting to amend in bad faith. Defendants also do not meaningfully address these factors. Thus, they weigh neutrally on the court's decision.